**UNITED STATES BANKRTUPCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 26-10678** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **Chapter 11** |
| | § | **COMPLEX CASE** |
| | § | **JOINTLY ADMINISTERED** |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |
| | § | |

**EXPEDITED MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, 1107(a), AND 1108 AUTHORIZING DEBTORS TO MAINTAIN <u>EXISTING INSURANCE POLICIES AND PAY ALL POLICY PREMIUMS</u>**

> **EXPEDITED RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 7, 2026 AT 9:30 A.M AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B-709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL- IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST FILE A WRITTEN RESPONSE AT OR BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Crosby Marine Transportation, LLC ("*CMT*"), Crosby Tugs, L.L.C. ("*Crosby Tugs*"), Crosby Dredging, LLC ("*Crosby Dredging*") and Bertucci Contracting Company, L.L.C.

---

1 An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26- 10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

-1-

("**Bertucci**") as debtors and debtors-in-possession, (collectively, "**Debtors**") file this *Expedited Motion for Order Under Bankruptcy Code Sections 105, 361, 362, 363, 1107(a), and 1108 Authorizing Debtors to Maintain Existing Insurance Policies and Pay All Policy Premiums* (the "**Motion**") seeking the entry of an order substantially in the form attached hereto as **Exhibit A** granting the authority to continue certain payments to Insurance Providers (as defined herein). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105, 361, 362, 363, 1107(a), and 1108 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

## PROCEDURAL BACKGROUND

1.     On March 23, 2026, (the "**Petition Date**"), Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Cases**"). *See* 11 U.S.C. § 301.

2.     The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107 and 1108 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

3.     On March 24, 2026, the Court entered an order [ECF Doc. 9] that Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under, *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

4.     On March 24, 2026, the Court entered an order [ECF Doc. 6] that the Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District

of Louisiana (the "***Complex Case Procedures***") established by General Order 2019-4, amended as of January 10, 2025, shall apply to this case. The Complex Case Procedures are posted on the Court's website, https://www.laeb.uscourts.gov/.

5.      Additional information regarding the circumstances leading to the commencement of the Bankruptcy Cases and information regarding the Debtors' business and capital structure is set forth in the *Declaration of Lawrence Perkins in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "***First Day Declaration***"), which has been filed contemporaneously herewith.

## **RELIEF REQUESTED**

2.      By this Motion, the Debtors seek entry of an order under Bankruptcy Code sections 105, 361, 362, 363, 1107(a), and 1108 authorizing, the Debtors to maintain, and to pay all premiums and any related charges arising under or in connection arising under, or in connection with, the Debtors' various insurance providers that are engaged by the Debtors as set forth on **Exhibit B** hereto, including any insurance coverage providers that may have been unintendedly overlooked in compiling the exhibit (collectively, the "***Insurance Providers***"). With any payments due to the Insurance Providers to be paid in the ordinary course of business and subject to the terms of the *Interim Order (A) Authorizing Debtors to (I) Obtain Postpetition Financing and (II) Use Cash Collateral, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection, (D) Modifying Automatic Stay, (E) Scheduling Final Hearing, and (F) Granting Related Relief* and any subsequent orders (the "*DIP Financing Documents*") [ECF Doc. 65]. ]. With regards to maintaining the agreement with the Insurance Providers, the Debtors state that they will continue to comply with any reporting requirements under the agreements as required by the Insurance Providers.

**BASIS FOR RELIEF**

3.      The Debtors have various types of policies necessary for its marine operations, including, but not limited to, liability policies, general liability, vehicles, and assets including with policies issued by the Insurance Providers. The Debtors state that any payments approved by this Motion will be made subject to the terms of the DIP Financing Documents.

4.      Maintenance of insurance coverage is essential to the continued operation of the Debtors' business and is required under the Chapter 11 Operating Guidelines and Reporting Requirements of the United States Trustee Judicial Districts of Louisiana & Mississippi Region 5 (the "***Operating Guidelines***"), and the laws of the various states in which the Debtors operates. Thus, the Debtors submit that they should be authorized to continue to pay insurance premiums as such premiums come due in the ordinary course of the Debtors' business, subject to the DIP Financing Documents.

**APPLICABLE AUTHORITY**

5.      The Debtors believe that the ordinary course maintenance of their insurance financing programs and the renewal of or entry into new financing arrangements as may be required as the annual terms of existing arrangements expire, without further order of the Court, will be necessary and essential to the Debtors' operation of their businesses during their reorganization.

6.      The Debtors, operating its business as debtors in possession under Bankruptcy Code sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estates and operating the business for the benefit of their creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 Debtors in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id*.

7.     Courts have noted that there are instances in which a debtor in possession can fulfill their fiduciary duty "only...by the preplan satisfaction of a prepetition claim." *Id*. The *CoSery* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a Debtors' fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," and also when the payment was to "sole suppliers of a given product." *Id*. at 498. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estates or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id*. at 498.

8.     Payment of the insurance premiums and maintenance of the Debtors' continued business with its Insurance Providers meet each element of the *CoSery* court's standard.

9.     As fiduciaries for the bankruptcy estates, the Debtors would violate their duties if they permitted any of the Insurance Providers to cancel any policies. Accordingly, the Debtors seek the authority to pay all premiums that may become due with respect to the Insurance Providers if such payment is necessary in the Debtors' judgment in order to avoid cancellation or interruption of insurance coverage. All such payments shall be subject to the terms of the DIP Financing Documents.

10.    Bankruptcy Code section 363 provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under Bankruptcy Code section 363(b), courts require only that the debtor "show that a sound business purpose justifies such actions." *Dai-Ichi Kangyo Bank,*

*Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)* 242 B.R. 147, 153 (D. Del. 1999) (citations omitted); *see also In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987). "Where a debtors articulates a reasonable basis for their business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citations omitted); *see also Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.")

11.     The Debtors have satisfied the business judgment standard. First, the coverage provided under the Insurance Providers is essential for preserving the value of the Debtors' assets and, in many instances, such coverage is required by various regulations, laws, and contracts that govern the Debtors' business operations. Indeed, Bankruptcy Code section 11 12(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estates or to the public," is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 11 12(b)(2)(C). Moreover, as noted above, maintenance of insurance coverage is required by the Operating Guidelines. *See* 3 United States Trustee Manual, § 3-3.2.3 (Oct. 1998) ("A debtor must obtain appropriate insurance coverage, and documentation regarding the existence of the coverage must be provided to the Office of the United States Trustee as early in the case as possible."). Failure to maintain insurance will cause serious harm to the Debtors' business.

12.     The Debtors' proposed payment of prepetition fees and obligations should also be authorized under Bankruptcy Code section 105 and under the "doctrine of necessity." The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment

of such claims is necessary to the reorganization. See *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment);[2] *see also In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

13.     The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. *See Just For Feet*, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's businesses by refusing to deliver new inventory on eve of Debtors' key sales season); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *In re Payless Cashways, Inc.*, 268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) (authorizing payment of critical prepetition suppliers' claims when such suppliers agree to provide postpetition trade credit); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994).

14.     As set forth above, the Debtors believe that payment of policy premiums is necessary to continue to operate their businesses and to maintain good relationships with the

---

[2] The Court's power to use the doctrine of necessity in chapter 11 cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The United States Supreme Court first articulated the doctrine of necessity over a century ago, in *Miltenberger v. Logansport, C. & S.W. R. Co.*, 106 U.S. 286 (1882), in affirming the authorization by the lower court of the use of receivership funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership. See id. at 309-14. The modern application of the doctrine of necessity is largely unchanged from the Court's reasoning in *Miltenberger*. *See In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 58182 (3d Cir. 1981) ("In order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the [ Debtors' ] continued operation ... in serious jeopardy.").

Insurance Providers, thereby ensuring the continued availability of insurance coverage and reasonable pricing of such coverage.

15. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. *See*, *e.g.*, *In re Wet Seal, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015); *In re Tweeter Home Entm't. Group, Inc.*, et al. , Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007).

16. If any Insurance Providers or related agreements are deemed executory contracts within the meaning of Bankruptcy Code section 365, the Debtors do not by this Motion seek authority to assume such contracts. Nothing contained in this Motion nor any actions or payments taken by the Debtors in furtherance of the relief requested herein shall be deemed an assumption of any executory contract arising out of an insurance program, agreement, or contract, or otherwise shall constitute a waiver of the Debtors' rights under Bankruptcy Code section 365 or an admission by the Debtors that any such insurance program, agreement, or contract constitutes an executory contract within the meaning of Bankruptcy Code section 365.

17. Similarly, Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm.

18. The exigent nature of the relief sought herein justifies immediate relief, the Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As

described above, the relief that the Debtors seek in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve value for their estate.

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 1, 2026

Respectfully submitted:

*/s/ Benjamin W. Kadden*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2755
New Orleans, LA 70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Proposed Counsel for Debtors and Debtors in Possession***

-1-

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRTUPCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| | § | **Case No. 26-10678** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **Chapter 11** |
| | § | **COMPLEX CASE** |
| | § | **JOINTLY ADMINISTERED** |
| Debtors.[2] | § | |
| | § | **SECTION: A** |
| | § | |

## ORDER

Before the Court is the *Expedited Motion for Order Under Bankruptcy Code Sections 105, 361, 362, 363, 1107(a), and 1108 Authorizing Debtors to Maintain Existing Insurance Policies and Pay All Policy Premiums* (the "***Motion***") Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC and Bertucci Contracting Company, L.L.C. (together, the "***Debtors***").

Considering the record and pleadings, the applicable law, and finding good cause,

**IT IS ORDER** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Debtors are authorized to pay the outstanding amounts owed to its pre-petition Insurance Providers as defined in the Motion, listed on Exhibit A, that remain due and owning as of the Petitions Date and any related charges arising under or in connection with such Insurance Providers, as such amounts become due and continue to comply with any reporting requirements under the agreements.

---

2   An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26- 10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

**IT IS FURTHER ORDERED** that the Debtors upon the renewal or replacement of any Insurance Providers, the Debtors shall be authorized to continue making premium payments thereon as they become payable in the ordinary course, all subject to the terms of the DIP Financing Documents.

**IT IS FURTHER ORDERED** that the provisions contained herein, nor any actions or payments made by the Debtors under this Order, shall be deemed an assumption of any executory contract arising out of an insurance program agreement, contract or otherwise or is deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

**IT IS FURTHER ORDERED** that the requirements of Bankruptcy Rules 6004(a) and 6004(h) are waived.

**IT IS FURTHER ORDERED** that counsel for the Debtors is instructed to serve this Order by first-class U.S. Mail within three (3) days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

## EXHIBIT B

## INSURANCE PROVIDERS

USI Insurance Services LLC
112 Olde Towne Blvd,
Suite 104,
Houma, LA 70360


USE Insurance Services LLC
CT Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816


AFS IBEX
1551 Sawgrass Corporate Parkway
Suite 130
Sunrise, FL 33323


Gray and Company, Inc.
C/O Kelly Hart Pitre
Rick M. Shelby
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Rick.shelby@kellyhart.com


Corie Donohue
Resolution Specialist
The Gray Insurance Company, A subsidiary of Gray & Company, Inc.
3601 North I-10 Service Road West
Metairie, LA 70001
cdonohue@grayinsco.com


Kim Cambre
Accounts Receivable/Billing Dept.
The Gray Insurance Company, A subsidiary of Gray & Company, Inc.
3601 North I-10 Service Road West
Metairie, LA 70001
kcambre@grayinsco.com

Ross Rodefeld, SVP
Special Situations Group
CAC, part of The Baldwin Group
CA License 6000028
8400 Belleview Drive, Suite 105, Plano, TX 75024
Ross.Rodefeld@cacgroup.com


The West of England Ship Owners Mutal Insurance Association
R.C.S. Luxembourg B8963
31 Grand Rue
L-1661 Luxembourg
G.D. Luxembourg
mail@westpandi.com


Riley B. Moseley
Assistant Account Manager
Global Marine Practice
Lockton Companies
3657 Briarpark Dr. Suite 700
Houston, TX 77042
riley.moseley@lockton.com


Jake Byrne, SVP
U.S. Marine Risks & Liabilities Practice Leader
Global Marine Practice
Lockton Companies / P.L. Ferrari & Co. Srl
100 N Tampa St
Suite 3700
Tampa, FL 33602
jbyrne@lockton.com


Carmen Pacheco
AVP, Sr. Account Manager
Global Marine Practice
Lockton Companies, LLC
DBA Lockton Insurance Brokers, LLC in CA
3657 Briarpark Dr.
Suite 700
Houston, TX 77042
cpacheco@lockton.com

Shanda Tingle-Bell
Sr. Account Manager | Global Marine
Practice Lockton Companies | P.L. Ferrari &
Co. Srl 3657 Briarpark Dr., Suite 700
Houston, Texas          77042
Lockton Companies, LLC
DBA Lockton Insurance Brokers, LLC in CA
**Shanda.Tingle-Bell@lockton.com**


Trident Marine Managers Inc
Subsidiary of Ryan Specialty, LLC
CT Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816


Trident Marine Managers Inc
Subsidiary of Ryan Specialty, LLC
155 N. Wacker Dr., Ste 4000
Chicago, IL 60606


Lloyds of London
Accredited Surety & Casualty Company Inc.
PO Box 140855
Orlando, FL 32814-0854
Grace.Meek@accreditedinsurance.com


Karen Baca
Claims Coordinator
USI Insurance Services
3850 N. Causeway Blvd., Ste. 1200
Metairie, LA 70002
karen.baca@usi.com


Katherine Tanner
Commercial Lines Associate Account Representative
USI Insurance Services, LLC
112 Olde Towne Blvd., Suite 103
P.O. 2868 (70361)
Houma, La. 70360
**katherine.tanner@usi.com**

Jena Myhand
Partner | Senior Account Executive and Team Leader
USI Insurance Services
P.O. Box 2868, Houma LA 70361
**jena.myhand@usi.com**


Bradley DeRoche
Partner | Property & Casualty Risk Consultant
USI Insurance Services
112 Olde Towne Blvd, Suite 104, Houma, LA 70360
**bradley.deroche@usi.com**