**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | COMPLEX CASE |
| **CROSBY MARINE TRANSPORTATION** | § | |
| LLC, ET AL | § | |
| Debtors[1]. | § | CASE NO. 26-10678 |
| | § | (Jointly Administered) |
| | § | |
| | § | |
| | § | SECTION A |

## BRIAN CLOYD, LEWIS ANDREWS, WALLACE MCCRAY, AND PATRICK BURNETT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Brian Cloyd, Lewis Andrews, Wallace McCray, and Patrick Burnett (collectively, the Claimants), file this *Motion for Relief from the Automatic Stay* pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 and respectfully state as follows:

### I. RELIEF REQUESTED

1. The Claimants are prepetition maritime tort lien claimants with claims against Debtor Crosby Tugs, L.L.C. arising from injuries sustained from the breakaway of the D/B THOR during Hurricane Zeta near Port Fourchon, Louisiana on October 28, 2020 (the Incident). At present, the Claimants are parties to an admiralty proceeding filed by Debtor styled *In re Matter of Modern American Railroad Services, LLC, et al.* (Admiralty Proceeding), which raises issues relating to limitation and/or exoneration arising from the Incident. Through this Motion, the Claimants seek relief from the

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

automatic stay sufficient to permit the parties to continue adjudicating the Admiralty Proceeding and any related litigation arising from the Incident to final judgment or settlement, including any related appeals, and to pursue recovery against applicable non-debtor defendants and third-party insurers and insurance policies providing coverage for such claims. Any collection against Debtor or property of the estate would remain subject to the claims-administration process in the Bankruptcy Case.

## II. JURISDICTION AND VENUE

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    FACTUAL BACKGROUND

3.      The Claimants are maritime tort lien claimants with claims arising from injuries sustained on or around October 28, 2020, in connection with the breakaway of a derrick barge, the D/B THOR, during Hurricane Zeta near Port Fourchon, Louisiana.  At the time of the Incident, Debtor Crosby Tugs, LLC, through its vessel, the M/V CROSBY ENDEAVOR, had towed the D/B THOR to a dock near Port Fourchon, remained alongside the D/B THOR during Hurricane Zeta but failed to prevent the breakaway.

4.      On or about November 16, 2020, Claimants Lewis Andrews and Patrick Burnett, crewmembers of the D/B THOR, filed suit against, inter alia, Shore Offshore Services, LLC. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:20-cv-04009.

5.      On or about November 17, 2020, Claimant Brian Cloyd, a crewmember of the D/B THOR, brought suit against, inter alia, Shore Offshore Services.  This suit was

originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:20-cv-04032.

6. On or about December 31, 2020, Wallace McCray, a mechanic aboard the D/B THOR and employed by Complete Logistical Services, LLC, brought suit against, inter alia, Shore Offshore Services. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:21-cv-00267.

7. On April 26, 2021, Crosby Tugs, LLC commenced the Admiralty Proceeding identifying the Claimants as potential claimants, styled *In re Crosby Tugs, LLC, as Owner and Operator of the M/V Crosby Endeavor, Petitioning for Exoneration From or Limitation of Liability*, Civil Action No. 2:21-cv-00822 (Crosby Admiralty Proceeding), pending in the United States District Court for the Eastern District of Louisiana (Admiralty Court). The Crosby Admiralty Proceeding was subsequently consolidated with related admiralty proceedings also pending before the Admiralty Court under lead Case No. 2:21-cv-00258-JCZ-KWR, styled *In re Matter of Modern American Railroad Services, LLC* (Admiralty Proceeding).

8. In the Admiralty Proceeding, the Claimants asserted claims against Crosby, opposed limitation and/or exoneration of liability, asserted maritime tort lien rights arising under federal maritime law, and expressly reserved their rights under the savings-to-suitors doctrine, including the right to pursue adjudication of their claims in state court or another non-bankruptcy forum to the extent permitted by the Admiralty Court. *See* **Exhibits A–D,** Claimants' Affirmative Defenses, Answer, and Claims.

9.      The Claimants have reason to believe that Debtor maintained insurance coverage potentially applicable to the claims asserted in the Admiralty Proceeding and any related litigation arising from the Incident.

10.      On March 23, 2026, Debtor and affiliated entities filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (Bankruptcy Code) in the United States Bankruptcy Court for the Eastern District of Louisiana (Court), which cases were jointly administered in the above-captioned case (Bankruptcy Case).

### IV.      ARGUMENT

11.      As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor.  *See* 11 U.S.C. § 362(a)(1) (automatically staying any "action or proceeding against the debtor that was or could have been commenced" before the filing of the petition).  However, the automatic stay can be modified, so long as an interested party can demonstrate "cause."  *See* 11 U.S.C. § 362(d)(1) (stating "the court shall grant relief from the stay . . . for cause").  The Bankruptcy Code does not define "cause" for lifting the stay, leaving courts to consider whether cause exists on a case-by-case basis. *See In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998).  "Cause" as used in this section "is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Tex. State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995).  The party moving for relief has the burden of proof on the issue of the debtor's equity in property and the party opposing relief from the automatic stay has the burden of proof on all other issues.  11 U.S.C. § 362(g).

12.      Although "cause" is not defined in the Bankruptcy Code, some bankruptcy courts have given meaning to the term based on a three-prong test for determining

whether a stay should be lifted: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit; (2) whether the hardship to the non-debtor party by the continuation of the automatic stay outweighs the hardship of the debtor; and (3) whether the creditor has a probability of success on the merits of its case. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000); *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566–67 (Bankr. N.D. Ohio 1984). Courts in this circuit have utilized these factors. *See In re Kao*, No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. December 21, 2015); *see also Mooney v. Gill*, 310 B.R. 543, 546–47 (N.D. Tex. 2002) (considering hardship to the parties); *In re Fowler*, 259 B.R. 856, 858–59 (Bankr. E.D. Tex. 2001) (considering prejudice to the estate and whether hardship to the movant outweighs hardship to the debtor). Here, each factor weighs in favor of modifying the automatic stay to allow the Admiralty Proceeding and any related litigation to proceed.

**A.      *No great prejudice will result to the bankruptcy estate or Debtor.***

13.      The Claimants assert unliquidated, maritime tort claims against Debtor arising from injuries sustained during the Incident. Moreover, the Claimants assert maritime tort lien claims against the M/V CROSBY ENDEAVOR, which arose by operation of law at the time of their injuries. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602–03 (5th Cir. 1986) (en banc); *In re Muma Servs., Inc.*, 322 B.R. 541, 546–47 (Bankr. D. Del. 2005). These claims require adjudication to liquidate them, and such adjudication is excluded from the bankruptcy proceeding. *See* 28 U.S.C. § 157(b)(2)(B); *see also In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377–78 & n.3–4 (Bankr. S.D. Tex. 1994) (analyzing the exclusion of personal injury claims and scope of bankruptcy court power). The Claimants expressly reserve their right to a jury trial in a non-bankruptcy

forum. *See* 28 U.S.C. § 1411; *see also In re Clay*, 35 F.3d 190, 196–198 (5th Cir. 1994) (finding Bankruptcy Code should not be interpreted to permit bankruptcy judges to conduct jury trials without consent of parties). The only issue before this Court is when their claims will proceed. *See In re Fuchs*, No. 05-3595-BJH, 2006 WL 6543977, at *2–3 (Bankr. N.D. Tex. Jan. 26, 2006) (unpublished) (finding adjudication of personal injury claims sufficient to establish cause for granting relief from the automatic stay).

14. While the automatic stay presently prevents continuation of the Admiralty Proceeding and any related state-court litigation, neither the Bankruptcy Code nor the automatic stay are intended to indefinitely enjoin the Claimants' maritime tort claims. *See In re Bock Laundry Machine Co.*, 37 B.R. at 567 ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages"). Instead, "[c]ourts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation." *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017).

15. Here, the Admiralty Proceeding has been pending for years, involves numerous parties and maritime issues, and is before the Admiralty Court overseeing the limitation action. Allowing the Admiralty Proceeding and related litigation to continue will not materially prejudice Debtor or the estate, particularly where the Claimants primarily seek liquidation of their claims and preservation of access to potentially applicable insurance coverage and other non-debtor recovery sources. *See In re Fowler*, 259 B.R. at 859. Any recovery against Debtor or property of the estate would remain subject to this Court's jurisdiction and any applicable claims-administration process in the Bankruptcy Case.

**B.** **The Claimants' hardship substantially outweighs any hardship to Debtor.**

16.     Continuation of the automatic stay substantially prejudices the Claimants by indefinitely delaying adjudication of their maritime tort claims, which have already been pending in the Admiralty Proceeding for several years. The Admiralty Proceeding involves numerous parties, extensive factual development, specialized maritime issues, limitation defenses, and overlapping factual determinations arising from Hurricane Zeta and the breakaway of the D/B THOR. The Claimants' claims are dependent on adjudication of the Admiralty Proceeding and any related litigation necessary to liquidate their claims against Debtor. *See* 28 U.S.C. § 157(b)(2)(B); 28 U.S.C. § 1411.

17.     The Claimants and the parties to the Admiralty Proceeding have already incurred substantial expense investigating, litigating, and developing the factual record in that forum. Continued delay risks faded witness recollection, evidentiary prejudice, and inefficiencies associated with interrupting long-pending consolidated maritime litigation. This hardship substantially outweighs any hardship of Debtor, particularly where any issues concerning enforcement against estate assets remain subject to this Court's jurisdiction.

**C.** **The Claimants have a probability of success on the merits.**

18.     Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay. *In re The SCO Group, Inc.*, 395 B.R. 852, 859 (Bankr. D. Del. 2007). The Claimants assert colorable maritime tort claims arising from the Incident, which are already the subject of pending litigation in the Admiralty Proceeding. The Claimants have actively litigated those claims, asserted defenses to limitation, and participated in the consolidated proceedings pending before the Admiralty Court. At

minimum, the Claimants have demonstrated sufficiently colorable claims to satisfy this factor.

### D.      *Alternative factors weigh in favor of modifying the automatic stay.*

19.      Bankruptcy courts have also considered other factors in determining whether to lift the automatic stay to allow litigation to proceed in another forum, including:

(a)      whether relief will result in a partial or complete resolution of the issues;

(b)      lack of any connection with or interference with the bankruptcy case;

(c)      whether the other proceeding involves the debtor as a fiduciary;

(d)      whether a specialized tribunal has been established to hear the particular cause of action;

(e)      whether the debtor's insurer has assumed full responsibility;

(f)      whether the action primarily involves third parties;

(g)      whether litigation in the other forum would prejudice the interests of the other creditors;

(h)      whether the judgment claim arising from the other action is subject to equitable subordination;

(i)      whether the movant's success would result in a judicial lien avoidable by the debtor;

(j)      interests of judicial economy and the expeditious and economical resolution of litigation;

(k)      whether the proceedings have progressed to the point that the parties are ready for trial; and

(l)      impact of the stay on the parties and the balance of harm.

*See In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984); *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994). These factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered. *In re U.S. Brass Corp.*, 176 B.R. at 13 (citing *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)). Courts have recognized that a decision to lift stay may be upheld on the ground of judicial economy alone. *See In re Xenon Anesthesia of Tex., PLLC*,

510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (citing *In re U.S. Brass Corp.*, 176 B.R. at 13 and *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985)).

20. With respect to the applicable factors, lifting the stay will permit the Admiralty Proceeding to continue to its conclusion as well as the litigation of the Claimants' claims against Debtor as permitted by the Admiralty Court outside the Bankruptcy Case. Proceeding with the Claimants' claims will not materially interfere with administration of the Bankruptcy Case, whereas denial will substantially prejudice the Claimants. The Admiralty Proceeding involves numerous non-debtor parties, specialized maritime-law issues, limitation defenses, overlapping liability determinations, and extensive prepetition litigation activity. Judicial economy strongly favors allowing the consolidated Admiralty Proceeding to continue before the Admiralty Court rather than fragmenting the litigation and requiring duplication of effort in multiple forums. Subject to the Admiralty Court's orders, adjudication of the Claimants' claims against Debtor will not prejudice other creditors as it allows the Claimants to liquidate claims that already exist against the bankruptcy estate. *See In re Fowler*, 259 B.R. at 861; *In re Bock Laundry Machine Co.*, 37 B.R. at 566–67. Further, the Claimants seek recovery outside of the Bankruptcy Case only against available non-debtor defendants and third-party insurers. Any collection against Debtor would be as a claim within the administration of the Bankruptcy Case. As such, cause exists to modify the automatic stay.

### V. PRAYER

WHEREFORE, the Claimants hereby respectfully requests that the Court enter an order granting relief from the automatic stay to allow the Claimants to pursue their claims in the Admiralty Proceeding and any related litigation arising from the Incident to final judgment or settlement, including any related appeals; limiting collection on the final

judgment to available third-party insurers and indemnifiers, while reserving any collection against Debtor to a claim within the administration of the Bankruptcy Case; allowing the relief from the automatic stay to take effect immediately under Bankruptcy Rule 4001(a)(4) upon entry of the order granting this Motion; and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of May 2026.

_____/s/ Ryan E. Chapple_____
Ryan E. Chapple
Texas State Bar No. 24036354
Email:rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

***ATTORNEY FOR BRIAN CLOYD, LEWIS ANDREWS, WALLACE MCCRAY, AND PATRICK BURNETT***

## CERTIFICATE OF CONFERENCE

I, Ryan E. Chapple hereby certify that on May 28, 2026, I conferred via e-mail with Debtors' counsel regarding the relief requested in Brian Cloyd, Lewis Andrews, Wallace McCray, and Patrick Burnett's Motion for Relief from the Automatic Stay. Debtors' counsel is opposed to the relief requested in the Motion.

_____/s/ Ryan E. Chapple_____
Ryan E. Chapple

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 28th day of May 2026.

**DEBTOR:**
Crosby Tugs, L.L.C.
c/o Kurt Crosby
P.O. Box 1226
Galliano, LA 70354

**DEBTOR'S ATTORNEY:**
Avery Autin
Greta M. Brouphy
Katherine Elizabeth Clark
Michael E. Landis
Samuel Riccardi
Benjamin Kadden
Coleman Torrans
**Lugenbuhl, Wheaton, Peck, Rankin**
601 Poydras St
Suite 2775
New Orleans, LA 70130

Michael D. Rubenstein
**Liskow & Lewis**
First City Tower
1001 Fannin St., Suite 1800
Houston, TX 77002

**U.S. TRUSTEE:**
Office of the U.S. Trustee
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

**COUNSEL FOR THE U.S. TRUSTEE:**
Amanda Burnette George
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

_____ */s/ Ryan E. Chapple* _____
Ryan E. Chapple