## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | COMPLEX CASE |
| **CROSBY MARINE TRANSPORTATION** | § | |
| LLC, ET AL | § | |
| Debtors[1]. | § | CASE NO. 26-10678 |
| | § | (Jointly Administered) |
| | § | |
| | § | |
| | § | SECTION A |

### JOSEPH GARZA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Joseph Garza (Garza), files this *Motion for Relief from the Automatic Stay* pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 and respectfully states as follows:

### I.  RELIEF REQUESTED

1.  Garza seeks relief from the automatic stay to adjudicate his pre-petition, maritime tort claims against Debtor Crosby Dredging, LLC to final judgment or settlement, including any related appeals, in the State Court Case (defined below) and to collect against applicable non-debtor defendants and third-party insurers and insurance policies providing coverage for such claims.  Any collection against Debtor would be reserved to a claim in the administration of the Bankruptcy Case.

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

## II. JURISDICTION AND VENUE

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    FACTUAL BACKGROUND

3.      Garza is a maritime tort lien claimant asserting claims arising from an alleged incident on or about November 10, 2023, while transferring from the vessel SUSAN CROSBY to another vessel moored alongside it.

4.      After his injury, Joseph Garza filed suit against Crosby Dredging, L.L.C. (Debtor) in *Joseph Garza v. Crosby Tugs, LLC, et al.*, Case No. C-741615, in the 19th Judicial District Court for Parish of East Baton Rouge, Louisiana (State Court Case).  The petition was subsequently amended on May 14, 2024.  *See* **Exhibit A, Amended Complaint**.  Garza's claims are unliquidated.

5.      Garza has reason to believe the Debtor maintained insurance policies applicable to the claims asserted in the State Court Case.

6.      On March 23, 2026, Debtor and affiliated entities filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the Bankruptcy Code) in the United States Bankruptcy Court for the Eastern District of Louisiana (Court), which cases were jointly administered in the above-captioned case (Bankruptcy Case).

## IV.    ARGUMENT

7.      As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor.  *See* 11 U.S.C. § 362(a)(1) (automatically staying any "action or proceeding against the debtor that was or could have been commenced" before the filing of the petition).  However, the automatic stay can be

modified, so long as an interested party can demonstrate "cause." *See* 11 U.S.C. § 362(d)(1) (stating "the court shall grant relief from the stay . . . for cause"). The Bankruptcy Code does not define "cause" for lifting the stay, leaving courts to consider whether cause exists on a case-by-case basis. *See In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998). "Cause" as used in this section "is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Tex. State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). The party moving for relief has the burden of proof on the issue of the debtor's equity in property and the party opposing relief from the automatic stay has the burden of proof on all other issues. 11 U.S.C. § 362(g).

8.      Although "cause" is not defined in the Bankruptcy Code, some bankruptcy courts have given meaning to the term based on a three-prong test for determining whether a stay should be lifted: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit; (2) whether the hardship to the non-debtor party by the continuation of the automatic stay outweighs the hardship of the debtor; and (3) whether the creditor has a probability of success on the merits of its case. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000); *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566–67 (Bankr. N.D. Ohio 1984). Courts in this circuit have utilized these factors. *See In re Kao*, No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. December 21, 2015); *see also Mooney v. Gill*, 310 B.R. 543, 546–47 (N.D. Tex. 2002) (considering hardship to the parties); *In re Fowler*, 259 B.R. 856, 858–59 (Bankr. E.D. Tex. 2001) (considering prejudice to the estate and whether hardship to the movant

outweighs hardship to the debtor). Here, each factor weighs in favor of modifying the automatic stay to allow the State Court Case to proceed.

### A. No great prejudice will result to the bankruptcy estate or Debtor.

9. Garza asserts unliquidated, maritime tort claims against Debtor arising from pre-petition injuries sustained during a slip and fall incident. *See* **Exhibit A**. Garza also asserts a maritime tort lien claim against the SUSAN CROSBY, which arose by operation of law at the time of his injuries. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602–03 (5th Cir. 1986) (en banc); *In re Muma Servs., Inc.*, 322 B.R. 541, 546–47 (Bankr. D. Del. 2005). These claims require adjudication to liquidate them. That adjudication is excluded from the bankruptcy proceeding. *See* 28 U.S.C. § 157(b)(2)(B); *see also In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377–78 & n.3–4 (Bankr. S.D. Tex. 1994) (analyzing the exclusion of personal injury claims and scope of bankruptcy court power). Garza expressly reserves his right to a jury trial in a non-bankruptcy forum. *See* 28 U.S.C. § 1411; *see also In re Clay*, 35 F.3d 190, 196–198 (5th Cir. 1994) (finding Bankruptcy Code should not be interpreted to permit bankruptcy judges to conduct jury trials without consent of parties). The only issue before this Court is when those claims will proceed. *See In re Fuchs*, No. 05-3595-BJH, 2006 WL 6543977, at *2–3 (Bankr. N.D. Tex. Jan. 26, 2006) (unpublished) (finding adjudication of personal injury claims sufficient to establish cause for granting relief from the automatic stay).

10. While the automatic stay currently prevents Garza from adjudicating his claims against Debtor, neither the Bankruptcy Code nor the automatic stay are intended to indefinitely enjoin such claims. *See In re Bock Laundry Machine Co.*, 37 B.R. at 567 ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages"). Instead, "[c]ourts often grant creditors relief from the

automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation." *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017).

11.     Garza's claims arise under the Jones Act and general maritime law and are already pending in the appropriate forum. Allowing the State Court Case to proceed will not prejudice the Debtor or the estate, particularly where Garza seeks to liquidate his claims and collection against applicable insurance proceeds. Any collection against Debtor would be addressed solely through any claims-administration process in the Bankruptcy Case.

## B.     *Joseph Garza's hardship substantially outweighs any hardship to Debtor.*

12.     Continuation of the automatic stay substantially prejudices Garza by indefinitely delaying adjudication of his personal-injury claims. Garza's State Court Case arises from a serious maritime incident and involves factual liability and damages issues requiring jury determination. *See* **Exhibit A.** Garza's claims are dependent on the adjudication of those claims for relief outside of the bankruptcy. *See* 28 U.S.C. § 157(b)(2)(B); 28 U.S.C. § 1411.

13.     Garza has already incurred expenses and effort investigating and prosecuting the State Court Case. Continued delay risks loss of evidence, faded witness recollection, and prolonged uncertainty as to liability and damages. Unlike the Debtor, Garza has no ability to mitigate this prejudice absent relief from the stay.

14.     Moreover, Bankruptcy does not relieve the Debtor of the burden of liquidating prepetition tort claims. Continued delay will not lessen that burden; it will

only increase it.  Garza's claims are entitled to adjudication and the proper forum for that adjudication is the State Court Case.  Granting relief from the automatic stay to permit liquidation of Garza's claims will not interfere with administration of the Bankruptcy Case because any issues relating to recovery from estate assets remain subject to this Court's jurisdiction and the claims-administration process

### C.    *Joseph Garza has a probability of success on the merits.*

15.    Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay.  *In re The SCO Group, Inc.*, 395 B.R. 852, 859 (Bankr. D. Del. 2007).  Joseph Garza's claims arise from a serious maritime incident on Susan Crosby which is owned and/or supplied by Debtor. Joseph Garza's First Amended Complaint pleads well-established claims supported by factual allegations.  *See* **Exhibit A**.  Garza is represented by experienced personal-injury counsel and has demonstrated a colorable likelihood of success sufficient to satisfy this factor.

### D.    *Alternative factors weigh in favor of modifying the automatic stay.*

16.    Bankruptcy courts have also considered other factors in determining whether to lift the automatic stay to allow litigation to proceed in another forum, including:

(a)    whether relief will result in a partial or complete resolution of the issues;

(b)    lack of any connection with or interference with the bankruptcy case;

(c)    whether the other proceeding involves the debtor as a fiduciary;

(d)    whether a specialized tribunal has been established to hear the particular cause of action;

(e)    whether the debtor's insurer has assumed full responsibility;

(f)    whether the action primarily involves third parties;

(g)    whether litigation in the other forum would prejudice the interests of the other creditors;

(h)    whether the judgment claim arising from the other action is subject to equitable subordination;

(i)    whether the movant's success would result in a judicial lien avoidable by the debtor;

(j)    interests of judicial economy and the expeditious and economical resolution of litigation;

(k)    whether the proceedings have progressed to the point that the parties are ready for trial; and

(l)    impact of the stay on the parties and the balance of harm.

*See In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984); *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994). These factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered. *In re U.S. Brass Corp.*, 176 B.R. at 13 (citing *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)). Courts have recognized that a decision to lift stay may be upheld on the ground of judicial economy alone. *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (citing *In re U.S. Brass Corp.*, 176 B.R. at 13 and *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985)).

17.    With regard to the above factors that are applicable here, lifting the stay will allow the State Court Case to continue. Proceeding with the State Court Case will not interfere with the Bankruptcy Case, whereas denial will result in substantial harm to Garza. Proceeding with the State Court Case will not prejudice other creditors as it allows Garza to liquidate claims that already exist against the bankruptcy estate. *See In re Bock Laundry Machine Co.*, 37 B.R. at 566–67. Further, the most efficient use of judicial resources calls for the continuation of the State Court Case in its original forum. As such, the Court should lift the automatic stay for cause to permit Garza to adjudicate his claims.

## V.  PRAYER

WHEREFORE, Joseph Garza (Garza) hereby respectfully requests that the Court enter an order granting relief from the automatic stay to allow Garza to pursue his claims in the State Court Case to final judgment or settlement, including any related appeal; permitting collection on the final judgment or settlement on available third-party insurers and indemnifiers, while reserving any collection against Debtor or estate property to the claims-administration process in these chapter 11 cases; allowing the relief from the automatic stay to take effect immediately under Bankruptcy Rule 4001(a)(4) upon entry of the order granting this Motion; and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of May 2026.

/s/ Ryan E. Chapple
Ryan E. Chapple
Texas State Bar No. 24036354
Email: rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

***ATTORNEY FOR JOSEPH GARZA***

### CERTIFICATE OF CONFERENCE

I, Ryan E. Chapple hereby certify that on May 28, 2026, I conferred via e-mail with Debtors' counsel regarding the relief requested in Joseph Garza's Motion for Relief from the Automatic Stay. Debtors' counsel is opposed to the relief requested in the Motion.

/s/ Ryan E. Chapple
Ryan E. Chapple

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 28th day of May 2026.

**DEBTOR:**
Crosby Dredging, LLC
c/o Kurt Crosby
P.O. Box 1226
Galliano, LA 70354

**DEBTOR'S ATTORNEY:**
Avery Autin
Greta M. Brouphy
Katherine Elizabeth Clark
Michael E. Landis
Samuel Riccardi
Benjamin Kadden
Coleman Torrans
**Lugenbuhl, Wheaton, Peck, Rankin**
601 Poydras St
Suite 2775
New Orleans, LA 70130

Michael D. Rubenstein
**Liskow & Lewis**
First City Tower
1001 Fannin St., Suite 1800
Houston, TX 77002

**U.S. TRUSTEE:**
Office of the U.S. Trustee
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

**COUNSEL FOR THE U.S. TRUSTEE:**
Amanda Burnette George
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

_____/s/ Ryan E. Chapple_____
Ryan E. Chapple