**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>CROSBY MARINE TRANSPORTATION, LLC, *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 26-10678<br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11<br>COMPLEX CASE<br><br>SECTION A |

**JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**WITH RESPECT TO THE BREAKAWAY LITIGATION**

**NOW INTO COURT,** through their respective undersigned counsel, come Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC, and Bertucci Contracting Company, L.L.C. (collectively, the "**Debtors**"), and Harvey Seas, LLC, Harvey Gulf International Marine, LLC, Certain Underwriters subscribing to Harvey Seas' Hull & Machinery Policy #GCP 19537, Modern American Railroad Services, L.L.C., Shore Offshore Services, LLC, Martin Operating Partnership, L.P., Martin Energy Services, L.L.C., Weeks Marine, LLC, Terrynn Lyons, Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, and Lessle Williams (together with the Debtors, the "**Movants**") and, pursuant to 11 U.S.C. § 362(d)(1), file this Joint Motion for Relief from the Automatic Stay with Respect to the Breakaway Litigation (the "**Joint Motion**") and respectfully request that this Honorable Court grant relief from the automatic stay with respect to the Breakaway Litigation (as defined herein) for the reasons set forth herein.

---

[1] The Debtors are, in addition to Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C. (Case No. 26-10679); Crosby Dredging, LLC (Case No. 26-10680); and Bertucci Contracting Company, L.L.C. (Case No. 26-10681).

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3.      This proceeding under 11 U.S.C. § 362 is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

**BACKGROUND**

4.      On March 23, 2026 ("**Petition Date**"), the Debtors each filed a voluntary petition for relief commencing these chapter 11 cases (the "**Bankruptcy Cases**") under title 11 of the United States Code ("**Bankruptcy Code**").

5.      On March 24, 2026, the Court entered an order [ECF Doc. 9] providing that the Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

6.      Prior to the Petition Date, when Hurricane Zeta made landfall in South Louisiana on October 28, 2020, the vessels D/B THOR and M/V CROSBY ENDEAVOR (the "**Breakaway Vessels**") were tied together and broke away from Martin Dock No. 16 located on Bayou Lafourche in Port Fourchon, Louisiana. Multiple allisions with moored and stationary vessels and other property followed. The breakaway and ensuing allisions are referred to as the "**Breakaway Incident**."

7.      A total of ten (10) federal court suits were filed in admiralty in the United States District Court for the Eastern District of Louisiana. Eight suits were filed by owners, operators, and insurers of vessels and other property damaged by the Breakaway Vessels during the Breakaway

Incident.[2] Additionally, exoneration/limitation of liability actions were filed by the owner and charterer/owner *pro hac vice* of the D/B THOR[3] and by Crosby Tugs, LLC ("**Crosby Tugs**"), the operator of the M/V CROSBY ENDEAVOR.[4] In support of the Crosby Tugs exoneration/limitation of liability action, Crosby Tugs' insurer, The West of England Ship Owners Mutual Insurance Association (Luxembourg) ("**West of England**"), provided a $3,750,000 letter of undertaking as security for the value of the M/V CROSBY ENDEAVOR (a copy is attached as **Exhibit A**).[5] Monition orders were entered and claims were filed by various personal injury and property damage claimants. All ten federal court actions arising from the Breakaway Incident were consolidated before Judge Jay C. Zainey under the lead case, *All Coast, LLC v. Shore Offshore Services, LLC,* et al., C.A. No. 21-258 on the docket of the United States District Court for the Eastern District of Louisiana (the "**Breakaway Litigation**").

8. After bifurcating the trial with the consent of all parties,[6] between January 20, 2026 and February 5, 2026, Judge Zainey conducted a ten-day bench trial on the issues of liability, allocation of fault, and limitation of liability. The parties that participated in trial were:

- Crosby Tugs, the operator of the M/V CROSBY ENDEAVOR;

- Modern American Railroad Services, L.L.C., the owner of the D/B THOR, and Shore Offshore Services, LLC, operator of the D/B THOR;

- Martin Operating Partnership, L.P., which leased the Martin Dock No. 16, and Martin Energy Services, L.L.C., which operated it;

---

[2] Those are Civil Action Nos. 21-258, 21-337, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075 and 21-2227.
[3] Civil Action No. 21-464.
[4] Civil Action No. 21-822.
[5] R. Doc. No. 9-3 in Civil Action No. 21-258.
[6] R. Doc. 891 in Civil Action No. 21-258.

- Harvey Seas, LLC, the owner of the M/V HARVEY SEAS which was damaged in the Breakaway Incident, and Harvey Gulf International Marine, LLC, which operated the M/V HARVEY SEAS;

- Certain Underwriters subscribing to Harvey Seas' Hull & Machinery Policy #GCP 19537, intervenor and subrogated hull insurers of the M/V HARVEY SEAS;

- Weeks Marine, LLC, the owner and operator of the E.W. ELLEFSEN and related support barges and equipment that were damaged in the Breakaway Incident; and

- Terrynn Lyons, Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, and Lessle Williams, each a personal injury claimant who was aboard the D/B THOR during the Breakaway Incident.[7]

9. At the conclusion of the trial, Judge Zainey ordered the parties to file proposed findings of fact and conclusions of law within fifteen (15) days after the complete trial transcript was filed into the record.[8] However, the Debtors, including Crosby Tugs, filed these Bankruptcy Cases on March 23, 2026, which resulted in an automatic stay of the Breakaway Litigation.

10. All parties in the Breakaway Litigation, including Crosby Tugs, desire that the automatic stay to be modified, lifted, and terminated so that: 1) the proposed findings of fact and conclusions of law can be submitted to Judge Zainey; 2) Judge Zainey can consider those proposed findings of fact and conclusions of law and the evidence and thereafter render a decision on the liability, limitation, and allocation of fault issues; 3) appeals can be taken if appropriate; 4) the parties then can proceed to liquidate and reduce their claims to judgments in a yet to be held trial(s) of the damages phase of the Breakaway Litigation, following which the parties will proceed to enforce and

---

[7] A number of other claimants elected not to participate in the trial but will be bound by the result and reserved their rights to participate in the damages phase of the Breakaway Litigation.
[8] R. Doc. No. 960, Trial Transcript Day 10, p. 14-17.

collect on final judgments.

11.     Crosby Tugs has confirmed that it is insured for all defense costs and claims arising from the Breakaway Incident, that all self-insured retentions/deductibles have been paid and exhausted, and that there is sufficient insurance in place so that there is no risk that the insurance proceeds will be exhausted in connection with the claims arising from the Breakaway Incident in the pending Breakaway Litigation. Further, all discovery has been completed, witness testimony was taken, and Crosby Tugs does not expect any further engagement in the Breakaway Litigation on the part of its employees or bankruptcy professionals.  Lifting the stay to permit Judge Zainey to consider proposed findings of fact and conclusions of law will not interrupt or retard the Debtors' efforts in the bankruptcy cases.

12.     Accordingly, Crosby Tugs has written Judge Zainey the letter attached as **Exhibit B**, wherein Crosby Tugs expressly waives the benefits of the automatic stay solely and exclusively with respect to the Breakaway Litigation, while expressly reserving the benefit of the automatic stay under section 362 of the Bankruptcy Code with respect to any other pre-petition litigation pending in the United States District Court for the Eastern District of Louisiana or any other court.[9]

13.     Out of an abundance of caution, Movants now file this Joint Motion seeking an order modifying and lifting the automatic stay solely with respect to the Breakaway Litigation to allow:

   a.  The Breakaway Litigation to proceed to judgment before Judge Zainey on the already tried liability, limitation, and allocation of fault issues;

   b.  Appeals to be taken if appropriate;

   c.  Damages claims to be determined, liquidated, and reduced to judgments in subsequent proceedings in the Breakaway Litigation;

---

[9] The letter is filed into the record of C.A. 21-258 as R. Doc. No. 963.

d. The amicable resolution or settlement of any of the claims associated with the Breakaway Incident with any of the insurers of Crosby Tugs;

e. The enforcement and collection of any final judgments rendered against the assets of any party other than Crosby Tugs; and

f. The enforcement and collection of any final judgments rendered against Crosby Tugs or its insurers against Crosby Tugs' insurers.

## REQUEST FOR RELIEF

14. 11 U.S.C. § 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause." "The term 'cause' as used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case-by-case basis." *In re LeBlanc*, 2020 WL 6588413, at *2 (Bankr. E.D. La. Nov. 10, 2020) (quoting *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)). The Bankruptcy Code gives courts broad discretion to provide appropriate relief from the automatic stay. *Id.* (citation omitted).

15. Courts have developed twelve (12) factors to examine when determining whether "cause" exists to modify the stay to allow litigation to proceed in another forum:

i. Whether the relief will result in a partial or complete resolution of the issues;

ii. The lack of any connection with or interference with the bankruptcy case;

iii. Whether the foreign proceeding involves the debtor as a fiduciary;

iv. Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

v. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

vi. Whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

vii. Whether litigation in another forum would prejudice the interests of other

creditors, the creditors' committee, and other interested parties;

viii.   Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

ix.   Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

x.   The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

xi.   Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

xii.   The impact of the stay on the parties and the balance of the hurt.

*In re The Consolidated FGH Liquidating Trust*, 419 B.R. 636, 647-48 (Bankr. S.D. Miss. 2009) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)). Not all of the factors will be relevant in every case. *Id*. at 648.

16.   Here, the relevant factors weigh in favor of granting stay relief. As discussed above, Crosby Tugs, the debtor-party to the Breakaway Litigation, has joined in this Motion, consents to the relief requested, and has stated that it has waived the benefit of the automatic stay solely and exclusively with respect to the Breakaway Litigation. *See* Ex. B.

17.   The requested relief will not interfere with the Bankruptcy Cases or prejudice creditors because Crosby Tugs is insured for all defense costs and claims arising from the Breakaway Incident, all self-insured retention/deductibles have been paid, and there is sufficient insurance in place so that there is no risk that the insurance coverage could be exhausted in connection with the claims arising from the Breakaway Incident. Nor will lifting the stay with respect to the Breakaway Litigation consume any of the Debtors' employees' time or resources that are otherwise devoted to the bankruptcy cases.

18.   Moreover, the requested relief will promote judicial economy and materially

advance resolution of the Breakaway Litigation as it has already been tried through the liability phase of the case and is ready for post-trial submissions and decision, followed by the damages phase of the case. Accordingly, cause exists to grant Movants the requested relief from the automatic stay.

WHEREFORE, Movants respectfully request entry of an order modifying and lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow: (i) the Breakaway Litigation to proceed to judgment before Judge Zainey on the already tried liability, limitation, and allocation of fault issues; (ii) appeals to be taken if appropriate; (iii) damages claims to be determined, liquidated, and reduced to judgments in subsequent proceedings in the Breakaway Litigation; (iv) the amicable resolution or settlement of any of the claims associated with the Breakaway Incident with any of the insurers of Crosby Tugs; (v) the enforcement and collection of any final judgments rendered against the assets of any party other than Crosby Tugs; and (vi) the enforcement and collection of any final judgments rendered against Crosby Tugs or its insurers against Crosby Tugs' insurers. Movants further request such other and further relief as is just and equitable.

Dated: June 4, 2026

*/s/ G. Robert Parrott II*
G. Robert Parrott II (La. Bar #37511)
Charles A. Cerise, Jr. (La. Bar #1755)
Edwin C. Laizer (La. Bar #17014)
Johnny L. Domiano (La. Bar #24383)
Edwin G. Laizer (La. Bar #40843)
**ADAMS & REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 585-0336
robert.parrott@arlaw.com
ceriseca@arlaw.com
edwin.laizer@arlaw.com
johnny.domiano@arlaw.com
grant.laizer@arlaw

*Counsel for Harvey Seas, LLC and*
*Harvey Gulf International Marine, LLC*

**AND**


/s/ Jason R. Kenney_____
Jason R. Kenney (#29933)
Michael W. Maldonado (#39266)
**STAINES, EPPLING & KENNEY, LLP**
3500 North Causeway Boulevard, Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
Email: corey@seklaw.com
jason@seklaw.com

*Counsel for Intervenor, Certain Underwriters
subscribing to Hull & Machinery Policy # GCP
19537*


**AND**

/s/ Jefferson R. Tillery_____
JEFFERSON R. TILLERY, T.A. (La. Bar No. 17831)
ALFRED J. RUFTY, III (La. Bar No. 19990)
SARA B. KUEBEL (La. Bar No. 38305)
**JONES WALKER, LLP**
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8616
Facsimile:      (504) 589-8616
E-Mail:  jtillery@joneswalker.com
arufty@joneswalker.com
skuebel@joneswalker.com

*Counsel for Crosby Tugs, LLC in the Breakaway
Litigation*

**AND**

*/s/ Gavin H. Guillot*
Gavin H. Guillot, T.A. (#31760)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com

*Counsel for Modern American Railroad Services,
L.L.C., and Shore Offshore Services, LLC*

**AND**

*/s/ Michael W. McMahon*
MICHAEL W. MCMAHON (#23987)
ETHAN M. GARNER (#40368)
**DAIGLE FISSE & KESSENICH, PLC**
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
Email: mmcmahon@daiglefisse.com
        egarner@daiglefisse.com

*Counsel for Martin Energy Services, L.L.C. and
Martin Operating Partnership, L.P.*

**AND**

*/s/ Laurent J. Demosthenidy*
Harold J. Flanagan (#24091)
Laurent J. Demosthenidy (#30473)
Anders F. Holmgren (#34597)
**FLANAGAN PARTNERS LLP**
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
hflanagan@flanaganpartners.com
ljd@flanaganpartners.com
aholmgren@flanaganpartners.com

*Counsel for Weeks Marine, Inc.*

**AND**

*/s/ Kala F. Sellers*
Kala F. Sellers (La. Bar. #36182)
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
ksellers@arnolditkin.com

*Counsel for Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray*

**AND**

*/s/ Brian King*
Brian King, (La. Bar No. 24817)
King ◆ Norris
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
E-mail: bking@kinginjuryfirm.com

*Counsel for Lessle Williams*

-11-

**AND**


*/s/ Michael C. Palmintier*

Michael C. Palmintier (#10288)

Joshua M. Palmintier (#28712)

**PALMINTIER LAW GROUP**

618 Main Street

Baton Rouge, Louisiana 70801-1910

Telephone: 225-344-3735

Facsimile: 225-344-0522

Email: Service@plgroupla.com


*Counsel for Terrynn Tyrell Lyon*


**JOINED BY:**

*/s/ Benjamin W. Kadden*

Benjamin W. Kadden, LA. Bar No. 29927

bkadden@lawla.com

Stewart F. Peck, La. Bar No. 10403

speck@lawla.com

Douglas S. Draper, LA. Bar No. 5073

ddraper@lawla.com

Greta M. Brouphy, La. Bar No. 26216

gbrouphy@lawla.com

Coleman L. Torrans, La. Bar No. 38917

ctorrans@lawla.com

**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**

601 Poydras Street, Suite 2755

New Orleans, LA 70130

Telephone: (504) 568-1990

Fax: (504) 310-9195


*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all parties receiving notice through the CM/ECF system on this 4th day of June, 2026.

- Richard A. Aguilar     richard.aguilar@arlaw.com, annie.parish@arlaw.com
- Heather LaSalle Alexis     halexis@hinshawlaw.com, lgraff@mcglinchey.com
- A. Brooke Watford Altazan     baltazan@stewartrobbins.com, baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- Edward H. Arnold     harnold@bakerdonelson.com, stannehill@bakerdonelson.com
- Avery Autin     aautin@lawla.com
- Bryce Autin     brycea@portfourchon.com
- Meredith Blanque     meredith.blanque@pjgglaw.com
- Phillip Jason Block     pblock@riemerlaw.com
- Alexandra D. Blye     ablye@carltonfields.com
- Florence Bonaccorso-Saenz     FBS-ECFNotices@la.gov
- Craig W. Brewer     cbrewer@mcdonoughmarine.com, aimee@staines-eppling.com;kleblanc@staines-eppling.com
- Joseph Patrick Briggett     jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com;kdixon@bakerdonelson.com
- Greta M. Brouphy     gbrouphy@lawla.com
- Joseph A. Caneco     jcaneco@fishmanhaygood.com, kfritscher@fishmanhaygood.com;rmichel@fishmanhaygood.com
- John A. Cangelosi     jcangelosi@kingjurgens.com
- Christopher T. Caplinger     chris.caplinger@keanmiller.com, mlopez@lawla.com
- Jason M. Cerise     jason.cerise@troutman.com
- Rudy J. Cerone     rcerone@couhigpartners.com, lgraff@couhigpartners.com
- Mark J. Chaney     mark.chaney@arlaw.com, annie.parish@arlaw.com
- Ryan E Chapple     rchapple@cstrial.com
- William G. Cherbonnier     wgc@billcherbonnier.com, caludagroupllc@jubileebk.net
- Katherine Elizabeth Clark     kclark@lawla.com
- Chazz Christian Coleman     ccoleman@hunton.com
- Leo D. Congeni     lcongeni@brooksgelpi.com, mmoffatt@brooksgelpi.com
- Yvette A D'Aunoy     ydaunoy@midrid.com
- Timothy A. Davidson     taddavidson@huntonak.com
- Albert J. Derbes     ajdiv@derbeslaw.com, derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com
- Eric J Derbes     ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com
- Scott G. Discon     tdiscon@disconlawfirm.com, smistric@disconlawfirm.com
- Thomas Discon     tdiscon@disconlawfirm.com, dlasalle@disconlawfirm.com;smistric@disconlawfirm.com;sdiscon@disconlawfirm.com;cmitchell@disconlawfirm.com
- Stanwood Robert Duval     stan@duvallawfirm.com
- Robert Gayda     gayda@sewkis.com
- Amanda Burnette George     Amanda.B.George@usdoj.gov

- George R. Gibson    ggibson@nathansommers.com
- Paul J. Goodwine    pgoodwine@loopergoodwine.com
- Aaron Benjamin Greenbaum    Aaron.Greenbaum@pjgglaw.com, cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com
- Katherine Wells Gressett    katherine@snw.law
- Hansel M. Harlan    hansel@harlanlegal.com
- James H. Hunter    jim.hunter@roystonlaw.com
- Lindsey M Johnson    ljohnson@loopergoodwine.com
- Terry Josh Judd    jjudd@andrewsmyers.com
- Benjamin Kadden    bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com
- Shanna M. Kaminski    skaminski@kaminskilawpllc.com
- William H.L. Kaufman    whkaufman@ohllc.com, clchiasson@ohllc.com
- Iain L. C. Kennedy    ikennedy@nathansommers.com
- Brian A. Kilmer    bkilmer@qmclaw.com, bkilmer@ecf.courtdrive.com
- Henry A. King    hking@kingjurgens.com
- Donald R Kirk    dkirk@carltonfields.com
- Omer F. Kuebel    rick.kuebel@troutman.com
- Michael E. Landis    mlandis@lawla.com, szito@lawla.com
- Robert J Landry    robert@landrymagee.com
- Fernand L. Laudumiey    laudumiey@chaffe.com, bankruptcy@chaffe.com;messina@chaffe.com
- Theresa Marie Leith    tleith@derbeslaw.com
- Jonathan P. Lemann    lemannjp@couhigpartners.com, mtarifa@couhigpartners.com
- Joshua A. Lesser    jlesser@bradley.com
- Simon Levitsky    simon.levitsky@wbd-us.com
- Francis V Liantonio    frank.liantonio@arlaw.com, kim.gex@arlaw.com
- Tabitha Mangano    tmangano@hinshawlaw.com, NOLDocket@hinshawlaw.com
- Tristan E. Manthey    tmanthey@fishmanhaygood.com, kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com
- David McCrory    dkmccrory@ohllc.com, kbpilgreen@ohllc.com
- Elizabeth Belle McIntosh    ebmcintosh@liskow.com
- Richard McNelley    richard@gp-law.com
- Carey L. Menasco    clmenasco@liskow.com
- Andrew D. Mendez    amendez@stonepigman.com
- David J. Messina    messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com
- Mark Mintz    mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com
- Abigail Wood Mock    amock@stewartrobbins.com
- Harry Morse    harry@bohmanmorse.com
- Trevor C. Mosby    tmosby@bakerdonelson.com, stannehill@bakerdonelson.com
- Cherie D. Nobles    cnobles@fishmanhaygood.com, dbush@fishmanhaygood.com;kfritscher@fishmanhaygood.com
- George R. Parrott    robert.parrott@arlaw.com, Vicki.owens@arlaw.com
- Matthew Bond Pettaway    matt.pettaway@taylorporter.com
- Jennifer Eddington Priebe    jennifer@lunsfordbaskin.com

- Patrick B. Reagin    patrick.reagin@hklaw.com
- Samuel Riccardi    sriccardi@lawla.com
- Ryan James Richmond    ryan@snw.law
- Joseph P. Rovira    josephrovira@hunton.com
- Michael D. Rubenstein    mdrubenstein@liskow.com, lschnabel@Liskow.com
- David Rubin    David.Rubin@butlersnow.com
- Neal Settergren    neal@gp-law.com
- Patrick M. Shelby    rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com
- Regina Stango Kelbon    regina.kelbon@blankrome.com
- William E. Steffes    bsteffes@steffeslaw.com, akujawa@steffeslaw.com;cbiggs@steffeslaw.com
- Dean Sutherland    deans@jeanrem.com
- Riley Svikhart    rsvikhart@bakerdonelson.com, jbowers@bakerdonelson.com
- Jeffrey Michael Toepfer    jtoepfer@newmanmathis.com
- Coleman Torrans    ctorrans@lawla.com, ijohnson@lawla.com
- Office of the U.S. Trustee    USTPRegion05.NR.ECF@usdoj.gov
- Lindsey M. Valenti    lvalenti@duplass.com
- Robert P. Vining    rvining@sbsblaw.com, bkyle@sbsblaw.com
- Gregory F. Vizza    vizza@blankrome.com
- Raymond Timothy Waid    rwaid@liskow.com
- Bryant Stanier York    byork@stonepigman.com, lkapit@stonepigman.com
- J Christopher C Zainey    czainey@lambertzainey.com

*/s/ G. Robert Parrott II*
G. Robert Parrott II