# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION** | § | |
| **LLC**, *et al.*[1] | § | **CHAPTER 11- COMPLEX CASE** |
| | § | |
| **DEBTORS** | § | **SECTION "A"** |
| | § | |

## LOUISIANA DEPARTMENT OF REVENUE'S
## OBJECTION/RESPONSE TO MOTION FOR AN ORDER ESTABLISHING A BAR
## DATE FOR THE FILING OF PROOFS OF CLAIM (AND OTHER RELATED RELIEF)

The Secretary of the Louisiana Department of Revenue ("LDR"), through undersigned counsel, appears herein to OBJECT/RESPOND to the Debtors' Motion for an Order Establishing a Bar Date for the Filing of Proofs of Claim (as well as other related relief) [Doc. No. 477] as follows:

**1.**

With respect to two of the Debtors, specifically, Crosby **TUGS**, L.L.C. (**TUGS**) and Crosby **DREDGING**, LLC (**DREDGING**), the LDR has filed undetermined claims based on audits which have not yet formally commenced with the taxpayer providing requested information.

**2.**

[1] An order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs L.L.C. [No. 26-10679]; (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, LLC [No. 26-10681], was entered on March 24, 2026 [ No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-1068-, ECF Doc. 4; and No. 26-10681, ECF Doc. 4].

*LDR 20260496*

There are anomalies with respect to these entities about which the LDR is not fully prepared to expound other than as follows without first being allowed to review, inspect and audit the books and records of the taxpayers:

A. **DREDGING**, as of the Petition Date, was not registered with the LDR for a withholding tax account. LDR's undetermined claim, Claim 96, reflects a Withholding Audit in progress for the filing periods 03/31/2017-12/31/2025. LDR has located in its records Form W-2s purportedly issued by DREDGING, using an account number of xxx6575-001, which was only opened for Corporate Income and Franchise Tax. There is an associated withholding account xxx0139-001-300 that was recently opened post-petition and has only filed a return for the 03/31/2026 tax period.

B. **TUGS** had an LDR account number, xxx3708, which was closed in 12/2011. On May 18, 2026, **TUGS** filed a Withholding Tax Return for the 9/30/2015 Withholding Tax Period. LDR has located other information which leads LDR to believe that an audit is appropriate. LDR's undetermined claim, Claim 97, reflects a withholding audit in progress for 03/31/2017 – 12/31/2025.[2]

C. **DREDGING** & **TUGS** both have the same Submitter EIN - xx-xxx5050 for which LDR cannot locate any information.

**3.**

Additionally, LDR, through the Bankruptcy Section of the Individual Enforcement Division of LDR, has been attempting to obtain other relevant information it needs to commence this audit process from the Debtors and Debtors' Counsel, but to date it has not been provided; so that leaves LDR with a little over 90 days to commence and complete an audit for eight years (based on the requested governmental unit bar date).

**4.**

---

[2] Between May 20, 2026 and June 4, 2026 TUGS made four separate remittances through Louisiana Taxpayer Access Point (LaTap) attempting to designate them for the Withholding Tax Period 03/31/2026. Because no returns have been filed to date, the funds must remain in suspense because there are no debts on the account for the period.

LDR 20260496

Accordingly, while the motion proposes to establish the governmental unit proof of claim bar date for 09/21/2026, a date which is one hundred eighty-two (182) days post-petition and compliant with the Bankruptcy Code, the LDR believes this bar date may be insufficient for the LDR to complete the audits at issue based on the account anomalies.

**5.**

LDR requests herein (and intends to move the Court pursuant to Rule 3002(7) to extend the deadline for the LDR to file a its proof of claims until *at least sixty (60) days after the audit is completed*, evidenced by the LDR's issuance of a "Notice of Assessment and Right to Appeal to the Louisiana Board of Tax Appeals" pursuant to La. Rev. Stat. Ann. § 47:1565, or extend the deadline by such other time after the completion of the audit as the Court might determine to be reasonable.

**6.**

State law requires employers to maintain accurate withholding books, employment records and tax returns. La. Rev. Stat. Ann. §47:1542.

**WHEREFORE,** the LDR prays that after all due delays and legal proceedings are had, that this Honorable Court will extend for a reasonable time the governmental unit bar date with respect to the LDR only to allow the LDR time to complete its two withholding tax audits for **DREDGING** and **TUGS** for the tax periods 1/1/2017 – 12/31/2025.

Respectfully Submitted,

**LOUISIANA DEPARTMENT OF REVENUE**
**/s/ Florence Bonaccorso-Saenz**
**Florence Bonaccorso-Saenz (La. Bar Roll No.: 25493)**
**Senior Bankruptcy Counsel, Litigation Division**
617 N. Third St., Office 780

*LDR 20260496*

Baton Rouge, LA 70802
Telephone: (225) 219-2083, Fax: (225) 231-6235
Email: Florence.Saenz@la.gov

## CERTIFICATE OF SERVICE

I, Florence Bonaccorso-Saenz, counsel for the Louisiana Department of Revenue, do hereby certify that on this date, June 10, 2026, I have caused a copy of the above and foregoing to be served as follows:

1. Via CM/ECF: for those registered for same, through the court's CM/ECF electronic mail (Email) system to all parties registered for same, including but not limited to the following:

**_On behalf of the Debtor:_**
**Avery Autin**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: aautin@lawla.com

**Greta M. Brouphy**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: gbrouphy@lawla.com

**Katherine Elizabeth Clark**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: kclark@lawla.com

**Benjamin Kadden**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: bkadden@lawla.com

**Michael E. Landis**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: mlandis@lawla.com

**Samuel Riccardi**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: sriccardi@lawla.com

**Michael D. Rubenstein**

Lugenguhl Wheaton Peck Rankin & Hubbard
Email: mdrubenstein@liskow.com

**Coleman Torrans**
Lugenguhl Wheaton Peck Rankin & Hubbard
Email: ctorrans@lawla.com

**_On behalf of the Office of the U.S. Trustee:_**
**Amanda Burnette George**
Email: Amanda.B.George@usdoj.gov

**Office of U. S. Trustee**
Email: ustp.region05.NR.ECF@usdoj.gov

**_On behalf of the Official Committee of Unsecured Creditors:_**
**Joseph A. Caneco**
Fishman Haygood, L.L.P.
Email: jcaneco@fishmanhaygood.com

**Tristan E. Manthey**
Fishman Haygood, L.L.P.
Email: tmanthey@fishmanhaygood.com

**Cherie D. Nobles**
Fishman Haygood, L.L.P.
Email: cnobles@fishmanhaygood.com

*Also on behalf of the Official Committee of*

*LDR 20260496*

*Unsecured Creditors:*
**Robert Gayda**
Seward & Kissel LLP
Email: gayda@sewkis.com

*LDR 20260496*

2.  Via U.S. Mail by mailing same via first-class mail, properly addressed and first-class postage prepaid as follows per the mailing matrix:

**Crosby Marine Transportation, LLC**
c/o Kurt Crosby
P.O. Box 1226
Galliano, LA 70354


/s/ Florence Bonaccorso-Saenz
Florence Bonaccorso-Saenz
Senior Bankruptcy Counsel
Litigation Division
Louisiana Department of Revenue

*LDR File 20260496*