**UNITED STATES BANKRTUPCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **Chapter 11** |
| | § | **COMPLEX CASE** |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |

**NOTICE OF FILING OF AMENDED PROPOSED ORDER TO MOTION FOR AN ORDER (A) ESTABLISHING A BAR DATE FOR FILING OF PROOFS OF CLAIM, (B) APPROVING THE MODIFIED FORM PROOF OF CLAIM WITH ADDENDUM FOR CREDITORS ASSERTING STATUTORY LIENS, (C) APPROVING THE BAR DATE NOTICE, (D) AUTHORIZING THE DEBTORS TO PROVIDE NOTICE OF THE BAR DATE, AND (E) PROVIDING FOR OTHER RELIEF SOUGHT HEREIN.**

**[Relates to ECF Doc. 477]**

**PLEASE TAKE NOTICE** that, on May 28, 2026, Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC and Bertucci Contracting Company, L.L.C., as debtors and debtors-in-possession (collectively, "***Debtors***"), filed:

- *Motion for an Order (A) Establishing a Bar Date for Filing of Proofs of Claim, (B) Approving the Bar Date Notice, (C) Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* [ECF Doc. 477] ("***Motion***")

**PLEASE TAKE FURTHER NOTICE** that the Debtors appended to the Motion a proposed original form of order ("***Original Proposed Order***") approving the Motion and setting the bar date. Following the submission of the Motion, the Debtors received objections and comments from parties in interest regarding the Motion, including PNC Bank ("***PNC***") and the

---

[1]  An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

Official Committee of Unsecured Creditors ("*UCC*").[2] The Debtors PNC, and the UCC have worked diligently to resolve these comments and objections on a consensual basis.

**PLEASE TAKE FURTHER NOTICE** that, on June 15, 2026, in advance of the hearing on the Motion, the Debtors filed a *Witness and Exhibit List for Omnibus Hearing* [ECF Doc. 523], to which the Debtors appended the Motion, including the proposed Original Order.

**PLEASE TAKE FURTHER NOTICE** that a further amended order on the Motion addressing comments of certain parties-in-interest, and which has been agreed to between the Debtors, PNC, and the UCC ("*Amended Order*"), is attached hereto as **Exhibit A-1**. A redline showing changes between the Original Proposed Order and the Amended Order is attached as **Exhibit A-2**.

Dated: June 15, 2026

<div style="margin-left:50%">

Respectfully submitted:

*/s/Michael E. Landis*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2755
New Orleans, LA 70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

</div>

---

[2] The Louisiana Department of Revenue also filed an Objection to the Motion at ECF Doc. 517. The amended proposed order attached hereto does not attempt to resolve the LDR's Objection, which will be addressed in a Response.

*Proposed Counsel for Debtors and Debtors in Possession*

**Exhibit A-1**

**Amended Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **Debtors.¹** | § | |
| | § | **SECTION: A** |
| | § | |

**ORDER APPROVING MOTION FOR AN ORDER (A) ESTABLISHING A BAR DATE FOR FILING OF PROOFS OF CLAIM, (B) APPROVING THE BAR DATE NOTICE, (C) AUTHORIZING THE DEBTORS TO PROVIDE NOTICE OF THE BAR DATE, AND (D) PROVIDING FOR OTHER RELIEF SOUGHT HEREIN**

Considering the *Motion for an Order (A) Establishing a Bar Date for Filing of Proofs of Claim, (B) Approving the Bar Date Notice, (C) Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* (the "Motion") filed by Crosby Marine Transportation ("Transportation"), Crosby Tugs, LLC ("Tugs"), Crosby Dredging, LLC ("Dredging"), and Bertucci Contracting Company, L.L.C. ("Bertucci", collectively, "Debtors"), the arguments made by counsel at hearing, the *Declaration of Lawrence Perkins* (the "Perkins Declaration"), and there being good cause shown, the Court will **GRANT** the Motion as set forth herein. All Objections not otherwise withdrawn are hereby **OVERRULED**.

This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

Under the circumstances, the form of notice proposed in the Motion (the "Notice") and the proposed manner of service through publication in regularly distributed publications within the

---

¹ An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

{00380725-2}

regions where the Debtors operate are reasonably designed to provide adequate notice to all potential creditors, both known and unknown, in order for said creditors to come forward and file timely proof of claim or otherwise assert their rights in these jointly administered Bankruptcy Cases.

The form Addendum proposed by the Debtors to attach to proofs of claim of parties asserting maritime liens against the Debtors' vessels is reasonable and necessary under the circumstances of this case in order to protect all lienholders rights against their collateral proposed to be sold in these Bankruptcy Cases.

It is therefore:

**ORDERED** that the Motion is **GRANTED**.

**FURTHER ORDERED** that pursuant to Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure and this Court's Complex Rules, the final date upon which proofs of claim may be filed for holders of prepetition claims, either secured or unsecured is **July 30, 2026** (the "Bar Date").

**FURTHER ORDERED** that pursuant to 11 U.S.C. § 502(b)(9), a claim of a governmental unit is timely filed if filed on or before **September 21, 2026**.

**FURTHER ORDERED** that the form of Notice attached to the Motion is **APPROVED**.

**FURTHER ORDERED** that the form Addendum to proof of claim form is **APPROVED**.

**FURTHER ORDERED** that all creditors asserting maritime liens against the Debtors' vessels shall attached the Addendum to their proof of claim by the Bar Date.

**FURTHER ORDERED** that the Debtor shall serve the notice on the entire creditor matrices, any creditors and all known potential maritime lienholders withing five (5) days of entry

{00380725-2}

of this Order and shall publish the Notice in the publications listed in the Motion within ten (10) days of entry of this Order.

**FURTHER ORDERED** that nothing in this Order shall affect, alter, amend, or otherwise modify Paragraph 22 of the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to Existing Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [ECF Doc. 294] (the "Final Cash Collateral Order"), require the filing of a Proof of Claim by any of the Existing Secured Parties (as defined in the Final Cash Collateral Order), or otherwise limit, impair, or prejudice any of the rights, protections, or privileges of the Existing Secured Parties provided in the Final Cash Collateral Order. For the avoidance of doubt, the Existing Secured Parties are not required to file proofs of claim by the bar date established in this Order and may, in their respective sole discretion, file (and amend and/or supplement) one or more proof(s) of claim and/or aggregate proofs of claim in each of the Chapter 11 Cases at any time, including the filing of one consolidated master proof of claim, without regard to the deadlines established by this Order.

**IT IS HEREBY FURTHER ORDERED** that the Debtor shall serve this order on all creditors who will not receive notice through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

**Exhibit A-2**

**Redline of Changes for Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |
| | § | |

**ORDER APPROVING MOTION FOR AN ORDER (A) ESTABLISHING A BAR DATE FOR FILING OF PROOFS OF CLAIM, (B) APPROVING THE BAR DATE NOTICE, (C) AUTHORIZING THE DEBTORS TO PROVIDE NOTICE OF THE BAR DATE, AND (D) PROVIDING FOR OTHER RELIEF SOUGHT HEREIN**

Considering the *Motion for an Order (A) Establishing a Bar Date for Filing of Proofs of Claim, (B) Approving the Bar Date Notice, (C) Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* (the "Motion") filed by Crosby Marine Transportation ("Transportation"), Crosby Tugs, LLC ("Tugs"), Crosby Dredging, LLC ("Dredging"), and Bertucci Contracting Company, L.L.C. ("Bertucci", collectively, "Debtors"), the arguments made by counsel at hearing, the *Declaration of Lawrence Perkins* (the "Perkins Declaration"), and there being good cause shown, the Court will **GRANT** the Motion as set forth herein. All Objections not otherwise withdrawn are hereby **OVERRULED**.

This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

Under the circumstances, the form of notice proposed in the Motion (the "Notice") and the proposed manner of service through publication in regularly distributed publications within the

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

{00380725-2}

regions where the Debtors operate are reasonably designed to provide adequate notice to all potential creditors, both known and unknown, in order for said creditors to come forward and file timely proof of claim or otherwise assert their rights in these jointly administered Bankruptcy Cases.

The form Addendum proposed by the Debtors to attach to proofs of claim of parties asserting maritime liens against the Debtors' vessels is reasonable and necessary under the circumstances of this case in order to protect all lienholders rights against their collateral proposed to be sold in these Bankruptcy Cases.

It is therefore:

**ORDERED** that the Motion is **GRANTED**.

**FURTHER ORDERED** that pursuant to Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure and this Court's Complex Rules, the final date upon which proofs of claim may be filed for holders of prepetition claims, either secured or unsecured is **July 30, 2026** (the "Bar Date").

**FURTHER ORDERED** that pursuant to 11 U.S.C. § 502(b)(9), a claim of a governmental unit is timely filed if filed on or before **September 21, 2026**.

**FURTHER ORDERED** that the form of Notice attached to the Motion is **APPROVED**.

**FURTHER ORDERED** that the form Addendum to proof of claim form is **APPROVED**.

**FURTHER ORDERED** that all creditors asserting maritime liens against the Debtors' vessels shall attached the Addendum to their proof of claim by the Bar Date.

**FURTHER ORDERED** that the Debtor shall serve the notice on the entire creditor matrices, any creditors and all known potential maritime lienholders withing five (5) days of entry

{00380725-2}

of this Order and shall publish the Notice in the publications listed in the Motion within ten (10) days of entry of this Order.

**FURTHER ORDERED** that nothing in this Order shall affect, alter, amend, or otherwise modify Paragraph 22 of the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to Existing Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [ECF Doc. 294] (the "Final Cash Collateral Order"), require the filing of a Proof of Claim by any of the Existing Secured Parties (as defined in the Final Cash Collateral Order), or otherwise limit, impair, or prejudice any of the rights, protections, or privileges of the Existing Secured Parties provided in the Final Cash Collateral Order. For the avoidance of doubt, the Existing Secured Parties are not required to file proofs of claim by the bar date established in this Order and may, in their respective sole discretion, file (and amend and/or supplement) one or more proof(s) of claim and/or aggregate proofs of claim in each of the Chapter 11 Cases at any time, including the filing of one consolidated master proof of claim, without regard to the deadlines established by this Order.

**IT IS HEREBY FURTHER ORDERED** that the Debtor shall serve this order on all creditors who will not receive notice through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

{00380725-2}