**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| Debtors.[1] | § | |
| | § | **SECTION: A** |
| | § | |

**OPPOSITION TO JOSEPH GARZA'S MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY**

Crosby Marine Transportation ("***Transportation***"), Crosby Tugs, LLC ("***Tugs***"), Crosby Dredging, LLC ("***Dredging***"), and Bertucci Contracting Company, L.L.C. ("***Bertucci***", collectively, "***Debtors***") oppose (this "***Opposition***") *Joseph Garza's Motion for Relief from the Automatic Stay* [ECF Doc. 484] (the "***Motion***") filed by Joseph Garza ("***Movant***").

**BACKGROUND**

1.      On March 23, 2026 (the "***Petition Date***"), the Debtors filed for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*).

1.      The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On March 24, 2026, the Court entered an order [ECF Doc. 9] providing that the Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under, *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

{00380725-2}

3.      On March 24, 2026, the Court entered an order [ECF Doc. 6] that the Complex Case Procedures shall apply to this case. The Complex Case Procedures are posted on the Court's website, https://www.laeb.uscourts.gov/.

4.      Additional information regarding the circumstances leading to the commencement of the Bankruptcy Cases and information regarding the Debtors' business and capital structure is set forth in the *Non-Substantively Amended Declaration of Lawrence Perkins in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF Doc. 45] (the "***First Day Declaration***").[2]

5.      Movant's Motion seeks relief from the stay to pursue pre-petition maritime tort claims against Dredging arising out of an incident that took place on or about November 10, 2023. At the time of the alleged incident, Debtors were covered by a Protection and Indemnity and Marine General Liability policy issued by Dual Corporate Risks, policy no. B0507RP2300436 (the "***Policy***"), underwritten by Atlantic Specialty Insurance Company, Markel American Insurance Company, State National Insurance Company, Navigators Insurance Company, and Mitsui Sumitomo Ins. Co. of America, naming the Debtors as Assureds.  The Policy insures Tugs up to $1,000,000 per occurrence.  The Policy also has a deductible of $200,000 per occurrence with an aggregate deductible of $850,000.

6.      The Debtors filed a motion to set a bar date and approve notice procedures, that included a specialized addendum to the standard proof of claim form for parties who may have maritime liens against the Debtors and/or their vessels (including injured seamen such as the Movant) [ECF Doc. 477].  As this Court is aware, maritime liens are "secret liens" meaning that the holder of a lien does not have to file anything for the lien to arise. Rather, a maritime lien arises

---

[2] Words capitalized and not defined herein are to be given the meaning ascribed in the First Day Declaration.

{00380725-2}

by law under the Commercial Instruments and Maritime Lien Act ("*CIMLA*") (46 U.S.C. §§ 13101–13146).

7.      The alleged incident at issue took place in 2018, almost eight years ago.  Since that time, little progress has been made in the case.  Although mediation has been proposed, it has yet to be scheduled.  Further, there is no trial date set for this case.  Based on information and belief, there may still be some depositions that remain to be taken.

8.      As this Court is aware, these are a fast-tracked cases and require an "all-hands-on-deck" approach.  Any energy or resources given to the pending litigation is taken away from the reorganization/sale process.

9.      As such, the Debtors request that the Court deny the Motion.  Alternatively, the Debtors request that, at the very least, the Court continue the Motion until after the bar date at which time all parties will know the full universe of claims that the Debtors may be facing.

## LAW AND ARGUMENT

10.      Upon filing the petitions in their respective cases, the Debtors went under the protection of the automatic stay under 11 U.S.C. § 362.  "The automatic stay is intended to 'allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'" *In re Residential Cap., LLC*, No. 12-12020 MG, 2012 WL 3249641, at *2 (Bankr. S.D.N.Y. Aug. 7, 2012).

11.      Although the Motion is a motion for relief from stay given the procedural posture, courts have considered this issue under the same analysis in both motions for relief from the stay under section 362 of the Bankruptcy Code as well as motions for relief from the injunction

{00380725-2}

following a discharge under section 524. *In re SquareTwo Fin. Servs. Corp.*, No. 17-10659 (JLG), 2017 WL 4012818, at *1 (Bankr. S.D.N.Y. Sept. 11, 2017).

12.     Section 362 is intended to give the Debtors a breathing spell and to allow the Debtors a forum to centralize all disputes and proceed in an efficient manner. Similarly, the injunction under section 542 is intended to provide a debtor with a "fresh start." However, the fresh start is only intended to apply to the debtor and not to any third parties who may also be liable on the debt. "In proceeding against a discharged debtor, a claimant may not recover damages from the debtor directly, nor force the debtor to incur 'substantial' defense costs. Instead, the claimant may proceed solely to establish the debtor's liability and, as a result, recover insurance proceeds. This 'insurer exception' balances the debtor's 'fresh start' with § 524(e)'s exclusion of jointly or derivatively liable non-debtors from the discharge injunction." *In re Tailored Brands, Inc.*, No. 20-33900, 2021 WL 2021472, at *3 (Bankr. S.D. Tex. May 20, 2021) (internal cites omitted). That being said, the insurance exception is not automatic. Rather, "[a]n application of the insurer exception must be predicated on the debtor's complete insulation from any 'interference with [its] fresh start in economic life.'" *Id.*

13.     Other courts have held that any depletion of a debtor's resources will prejudice other creditors. See, *In re Residential Cap., LLC*, No. 12-12020 MG, 2012 WL 3249641, at *6 (Bankr. S.D.N.Y. Aug. 7, 2012) (finding that allowing litigation outside of bankruptcy to proceed "would upend the strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court." (citations omitted)).

14.     Again, the full universe of claims under the Policy remains unknown and the Debtors have limited human resources that are needed to move this case forward. Those are resources that should remain with these Debtors given the delicate position of this case. Judge

Glenn in the Southern District of Texas recognized this same threat in *Residential Capital*. "Requiring the Debtor Defendants to litigate the California Actions would negatively impact the chapter 11 reorganization by diminishing the estates' resources and *requiring the Debtors to defend against additional motions for stay relief*." *In re Residential Cap., LLC*, No. 12-12020 MG, 2012 WL 3249641, at *6 (Bankr. S.D.N.Y. Aug. 7, 2012). The same is true here.

15. Lastly, in the Second Circuit, courts consider the *Sonnax* factors, which weigh the hard against the estate against the harm against he movant. One of those considerations is whether lifting the automatic stay is connected to and will interfere with the Debtors' Chapter 11 Cases. *In re Residential Cap., LLC*, No. 12-12020 MG, 2012 WL 3249641, at *5 (Bankr. S.D.N.Y. Aug. 7, 2012). The *Residential Cap.* case recognized that it is not just the cash resources that are valuable to the estates:

> [L]ifting the stay will interfere with the Debtors' chapter 11 cases by depleting estate resources. The Debtors' Legal Department would be called upon to assist in the significant work related to either mediation or a trial, including a fact-intensive inquiry to determine the amount of damages. The time and expense involved in such work would divert the Legal Department's attention and resources from the resolution of the Debtors' chapter 11 cases.

*Id.*

16. The same analysis as was applied in *Residential Cap.* should apply in this case. The Debtors simply do not have the human resources to manage their duties as debtors in possession and provide assistance in any litigation even if they were not required to pay for the cost of defense out of pocket.

17. Allowing the Movant's case to go forward along with numerous others would significantly deplete estate resources by requiring the Debtors' employees to assist in discovery, including sitting for depositions and providing documents and access to internal books and records as required under the Policy. The precarious nature of these cases cannot support that labor drain.

{00380725-2}

The Debtors need every employee focused on the chapter 11 cases and their duties as debtors in possession.

18.     It is necessary to allow the automatic stay to serve its intended purpose: give the Debtors breathing room to fully assess the full universe of claims and not be forced to go into discovery over various ongoing cases.

19.     It is noted that counsel for the Debtors and counsel for Mr. Garza have been in communications and have an agreement for a stipulated order in principal, but are still working on the details and hope to have a consent order submitted prior to the hearing on this matter.

**WHEREFORE**, Crosby Marine Transportation, LLC, Crosby Tugs, LLC, Crosby Dredging, LLC, and Bertucci Contracting Company, L.L.C. respectfully request that this Court deny the Motion without prejudice pending a full analysis of the Debtor's exposure to claims under the Policy's deductible.  The Debtors further pray for all other general and equitable relief to which they may be entitled.

Dated: June 15, 2026

Respectfully submitted:

*/s/Michael E. Landis*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Michael E. Landis, La. Bar No. 36542
mlandis@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2755

{00380725-2}

New Orleans, LA  70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Proposed Counsel for Debtors and
Debtors in Possession***

## CERTIFICATE OF SERVICE

I, Michael Landis, hereby certify that on June 15, 2026, I caused the foregoing to be served on all parties of record via the Court's CM/ECF noticing system as follows:

- **Richard A. Aguilar**   richard.aguilar@arlaw.com, annie.parish@arlaw.com
- **Heather LaSalle Alexis**   halexis@hinshawlaw.com, lgraff@mcglinchey.com
- **A. Brooke Watford Altazan**   baltazan@stewartrobbins.com, baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- **Edward H. Arnold**   harnold@bakerdonelson.com, stannehill@bakerdonelson.com
- **Bryce Autin**   brycea@portfourchon.com
- **Meredith Blanque**   meredith.blanque@pjgglaw.com
- **Alexandra D. Blye**   ablye@carltonfields.com
- **Craig W. Brewer**   cbrewer@mcdonoughmarine.com, aimee@staines-eppling.com;kleblanc@staines-eppling.com
- **Joseph Patrick Briggett**   jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com;kdixon@bakerdonelson.com
- **Greta M. Brouphy**   gbrouphy@lawla.com
- **Joseph A. Caneco**   jcaneco@fishmanhaygood.com, kfritscher@fishmanhaygood.com;rmichel@fishmanhaygood.com
- **John A. Cangelosi**   jcangelosi@kingjurgens.com
- **Christopher T. Caplinger**   chris.caplinger@keanmiller.com, mlopez@lawla.com
- **Jason M. Cerise**   jason.cerise@troutman.com
- **Mark J. Chaney**   mark.chaney@arlaw.com, annie.parish@arlaw.com
- **Ryan E Chapple**   rchapple@cstrial.com
- **William G. Cherbonnier**   wgc@billcherbonnier.com, caludagroupllc@jubileebk.net
- **Katherine Elizabeth Clark**   kclark@lawla.com
- **Chazz Christian Coleman**   ccoleman@hunton.com
- **Leo D. Congeni**   lcongeni@brooksgelpi.com, mmoffatt@brooksgelpi.com
- **Yvette A D'Aunoy**   ydaunoy@midrid.com
- **Timothy A. Davidson**   taddavidson@huntonak.com
- **Albert J. Derbes**   ajdiv@derbeslaw.com, derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com
- **Eric J Derbes**   ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com
- **Scott G. Discon**   tdiscon@disconlawfirm.com, smistric@disconlawfirm.com
- **Thomas Discon**   tdiscon@disconlawfirm.com, dlasalle@disconlawfirm.com;smistric@disconlawfirm.com;sdiscon@disconlawfirm.com;cmitchell@disconlawfirm.com
- **Robert Gayda**   gayda@sewkis.com
- **Amanda Burnette George**   Amanda.B.George@usdoj.gov
- **George R. Gibson**   ggibson@nathansommers.com
- **Paul J. Goodwine**   pgoodwine@loopergoodwine.com

{00380725-2}

- **Aaron Benjamin Greenbaum**  Aaron.Greenbaum@pjgglaw.com, cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com
- **James H. Hunter**  jim.hunter@roystonlaw.com
- **Lindsey M Johnson**  ljohnson@loopergoodwine.com
- **Terry Josh Judd**  jjudd@andrewsmyers.com
- **Benjamin Kadden**  bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com
- **Iain L. C. Kennedy**  ikennedy@nathansommers.com
- **Henry A. King**  hking@kingjurgens.com
- **Donald R Kirk**  dkirk@carltonfields.com
- **Omer F. Kuebel**  rick.kuebel@troutman.com
- **Robert J Landry**  robert@landrymagee.com
- **Fernand L. Laudumiey**  laudumiey@chaffe.com, bankruptcy@chaffe.com;messina@chaffe.com
- **Joshua A. Lesser**  jlesser@bradley.com
- **Francis V Liantonio**  frank.liantonio@arlaw.com, kim.gex@arlaw.com
- **Tristan E. Manthey**  tmanthey@fishmanhaygood.com, kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com
- **Andrew D. Mendez**  amendez@stonepigman.com
- **David J. Messina**  messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com
- **Mark Mintz**  mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com
- **Abigail Wood Mock**  amock@stewartrobbins.com
- **Harry Morse**  harry@bohmanmorse.com
- **Trevor C. Mosby**  tmosby@bakerdonelson.com, stannehill@bakerdonelson.com
- **Cherie D. Nobles**  cnobles@fishmanhaygood.com, dbush@fishmanhaygood.com;kfritscher@fishmanhaygood.com
- **George R. Parrott**  robert.parrott@arlaw.com, Vicki.owens@arlaw.com
- **Jennifer Eddington Priebe**  jennifer@lunsfordbaskin.com
- **Patrick B. Reagin**  patrick.reagin@hklaw.com
- **Joseph P. Rovira**  josephrovira@hunton.com
- **Michael D. Rubenstein**  mdrubenstein@liskow.com, lschnabel@Liskow.com
- **David Rubin**  David.Rubin@butlersnow.com
- **Patrick M. Shelby**  rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com
- **Regina Stango Kelbon**  regina.kelbon@blankrome.com
- **William E. Steffes**  bsteffes@steffeslaw.com, akujawa@steffeslaw.com;cbiggs@steffeslaw.com
- **Dean Sutherland**  deans@jeanrem.com
- **Riley Svikhart**  rsvikhart@bakerdonelson.com, jbowers@bakerdonelson.com
- **Jeffrey Michael Toepfer**  jtoepfer@newmanmathis.com
- **Coleman Torrans**  ctorrans@lawla.com, ijohnson@lawla.com
- **Office of the U.S. Trustee**  USTPRegion05.NR.ECF@usdoj.gov
- **Robert P. Vining**  rvining@sbsblaw.com
- **Gregory F. Vizza**  vizza@blankrome.com
- **Bryant Stanier York**  byork@stonepigman.com, lkapit@stonepigman.com
- **J Christopher C Zainey**  czainey@lambertzainey.com

*/s/ Michael E. Landis*
Michael E. Landis

{00380725-2}