**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |

**FIRST INTERIM APPLICATION OF RAYMOND JAMES FOR COMPENSATION FOR SERVICES RENDERED AS DEBTORS' INVESTMENT BANKER**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 9, 2026, AT 9:30 A.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B- 709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26- 10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

Pursuant to Sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Section XV(C) of the Procedures for Complex Chapter 11 Cases filed in the United States Bankruptcy Court for the Eastern District of Louisiana ("***Complex Procedures***"), Raymond James & Associates, Inc. ("***Raymond James***"), as Investment Banker for the debtors and debtors-in-possession in the above-captioned cases (the "***Debtors***"), hereby files this *First Interim Application of Raymond James for Compensation for Services Rendered and Reimbursement of Expenses as Investment Banker to the Debtors* (the "***Application***"). By this Application, Raymond James seeks entry of an order substantially in the form of the order attached as **Exhibit A** ("***Order***") granting interim allowance pursuant to the Complex Procedures with respect to the sum of $1,540,000 for its New Capital Financing Transaction Fee in connection with the debtor-in-possession ("***DIP***") financing. The compensation sought herein is consistent with the terms of the 2nd Restated Engagement Letter and the Employment Order, which approved Raymond James's fee structure, including Financing Fees. In support of this Application, Raymond James respectfully represents as follows:

## BACKGROUND

1.      On March 23, 2026, (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 bankruptcy cases (the "***Bankruptcy Cases***").

2.      On March 24, 2026, the Court entered an order [ECF Doc. 9] providing that the Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of title 11 of the Bankruptcy Code.

**THE RETENTION OF RAYMOND JAMES**

4.     On May 28, 2026, the Court entered an order approving Raymond James' employment [ECF Doc. 480] (the "***Employment Order***"). The Court approved Raymond James' compensation as set forth in the 2nd Restated Engagement Letter attached as Exhibit A to the Employment Order, including, without limitation, the fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth therein under 11 U.S.C. § 328.

5.     As set forth in the 2nd Restated Engagement Letter, Raymond James is entitled to a New Capital Financing Transaction Fee equal to the greater of (i) $500,000 (the "***Minimum New Capital Financing Fee***") or (ii) the sum of (a) two percent (2.00%) of the Financing Proceeds of any Debt Instruments in such New Capital Financing Transaction, plus (b) five percent (5.00%) of the Financing Proceeds of any Client Equity in such New Capital Financing Transaction (each a "***Proceeds Percentage New Capital Financing Fee***").

6.     As defined in the 2nd Restated Engagement Letter, "Financing Proceeds" means: (i) the total of all gross cash or non-cash proceeds in any form (including, but not limited to, cash or securities of any other party to a Financing Transaction, including the exercise price of any options or warrants received by or contributed to the applicable Debtor) received by such Debtor and/or any of its selling securityholders at the initial and any Closing of any Financing Transaction, plus (ii) in the case of a Financing Transaction involving Debt Instruments, the full amount of any binding Commitments delivered at or prior to a Closing (not just the amount actually drawn or available at such Closing), in each case before the deduction of any fees (including any Transaction Fees, as defined in Section 2(b) of the 2nd Restated Engagement Letter), expenses (including any Expenses, as defined in Section 3 of the 2nd Restated Engagement Letter) or other costs."

7. On March 24, 2026, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (a) Obtain Postpetition Financing and (b) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Scheduling Final Hearing, and (VI) Granting Related Relief* [ECF Doc. 29] (the "**Interim DIP Motion**"). The Motion sought, among other things, to obtain senior secured postpetition superpriority debtor-in-possession term loan facility in an aggregate principal amount of up to $60,000,000, plus applicable fees, premiums, and other amounts and obligations (the "**DIP Facility**"; and the commitments thereunder, the "**DIP Commitments**").

8. In addition, on March 24, 2026, the Debtors filed the *Motion for Interim Order and Hearing Date for Next Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to Lender, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF Doc. 28] (the "**Cash Collateral Motion**").

9. On April 14, 2026, the Debtors filed the *Debtors' Expedited Motion for Amendment to the Terms of the Debtors' DIP Facility* [ECF Doc. 214] (the "**Expedited DIP Motion**"). The Expedited Motion sought, among other things, to provide for up to $17,000,000 in incremental financing, which will be used in connection with, among other things, payment of operational expenses and professional fees during the pendency of the MCA Litigation (as defined in the Expedited DIP Motion). As a result of the incremental financing, the DIP Facility and DIP Commitments would increase from $60,000,000 to up to $77,000,000 as set forth in the Expedited DIP Motion.

10. On April 23, 2026, the Court entered the *Final Order (A) Authorizing Debtors to (I) Obtain Postpetition Financing and (ii) Use Cash Collateral, (B) Granting Liens and Providing*

*Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection, (D) Modifying Automatic Stay, and (E) Granting Related Relief* [ECF Doc. 284] (the "***Final DIP Order***") and on April 24, 2026, the Court entered the *Final Order (I) Authorizing Postpetition Use Of Cash Collateral, (II) Granting Adequate Protection To Existing Secured Parties, (III) Modifying The Automatic Stay, And (IV) Granting Related Relief* [ECF Doc. 294] (the "***Final Cash Collateral Order***").

11. As set forth in the Final DIP Order, the Court authorized a DIP Facility in an aggregate principal amount of up to $77,000,000, reflecting, among other things, the $17,000,000 of incremental financing sought in the Expedited DIP Motion, plus applicable fees, premiums, and other amounts and obligations.

12. The DIP Facility Commitments are defined in the Senior Secured, Super-Priority Debtor-in-Possession Loan, Guaranty, and Security Agreement (the "***DIP Agreement***") as "the commitments of Lender (including the Interim Term Loan Commitment and the Delayed Draw Term Loan Commitment) to fund the Loans hereunder. The aggregate amount of Lender's Commitments is the principal amount of up to seventy-seven million Dollars ($77,000,000), subject to the terms of this Agreement and the other Loan Documents."

13. As set forth in the 2nd Restated Engagement Letter, Raymond James is entitled to a New Capital Financing Transaction Fee equal to the greater of (i) $500,000 or (ii) $1,540,000. The $1,540,000 is calculated as follows: $77,000,000 of DIP Facility Commitments x 2.00% of the Financing Proceeds of any Debt Instruments.

14. The DIP Facility constitutes a Financing Transaction under the 2nd Restated Engagement Letter. As a result, Raymond James is entitled to a New Capital Financing Transaction Fee in connection with the DIP Facility equal to the greater of (i) $500,000 or (ii) the applicable

percentage of Financing Proceeds. The Financing Fee was earned in accordance with the terms of the 2nd Restated Engagement Letter upon the funding and commitment of the DIP Facility.

15. In addition, Raymond James, with the assistance of its counsel, addressed objections to its retention filed by various parties in interest, including the UCC, vessel lenders, and other secured creditors and parties in interest. In connection therewith, counsel analyzed such objections, conducted legal research, and prepared pleadings in support of Raymond James's retention, while engaging in extensive negotiations with the Debtors, the UCC, vessel lenders, and multiple sets of secured creditors and parties in interest regarding the terms of the retention order and the engagement letter. Counsel also supported preparation for the anticipated evidentiary hearing on the retention application, including the development of legal and factual support and coordination with Raymond James and other parties. Redacted invoices evidencing the time and services rendered by counsel are attached as **Exhibit B** and appropriately omit privileged and attorney work product information. These efforts were necessary to secure approval of Raymond James's retention and to enable Raymond James to continue providing services in connection with the Debtors' restructuring and the DIP financing.

## **RELIEF REQUESTED**

16. Pursuant to the Employment Order, the Complex Procedures, and sections 328, 330, and 331 of the Bankruptcy Code, Raymond James respectfully requests allowance of compensation for professional services rendered in the amount of $1,540,000 in respect of its New Capital Financing Transaction Fee (the "Financing Fee") earned in connection with the Debtors'

DIP financing, together with reimbursement of reasonable and necessary expenses as set forth herein.

## JURISDICTION, VENUE, STATUTORY PREDICATES FOR RELIEF

17. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

18. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

19. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SUMMARY OF SERVICES PERFORMED FOR OR ON BEHALF OF THE DEBTOR

20. To address their liquidity challenges and facilitate a paydown of the Company's debt load, in late 2025, the Debtors and certain non-Debtor affiliate entities (the "*Non-Debtor Affiliates*" and together with the Debtors, the "*Company*") retained Raymond James to explore a sale of the Company's 49.9% interest in a marine construction business, Luhr Crosby, LLC ("*Luhr Crosby*").

21. On February 1, 2026, the Company retained Raymond James to, among other things, advise the Company on a comprehensive recapitalization effort ("*Recapitalization Process*") and to provide advice regarding obtaining financing.

22. Upon retention, Raymond James assisted the Debtors with the evaluation of their immediate financing needs and funding alternatives. Raymond James also assisted the Debtors in their assessment of the current DIP financing market. As part of the foregoing, Raymond James worked with the Debtors and their other advisors in analyzing the Debtors' immediate and long-term financing needs. Among other things, this evaluation focused on the Debtors' anticipated cash flows during the projected period, the necessary funding required to continue operations, the effect

of a potential chapter 11 filing on the operations of the business, the expenses of administration of a chapter 11 case, as well as the costs associated with the proposed DIP Facility.

23.     As part of the Recapitalization Process, Raymond James contacted 73 prospective third-party lenders, including the eventual DIP Lender (as defined below). Of those, 41 lenders signed an NDA and received access to the Debtors' virtual data room ("**VDR**"). Of the lenders that signed the NDA and reviewed the VDR, three submitted a non-binding indication of interest ("**IOI**") to provide the Debtors with incremental liquidity. All three term sheets were for DIP financing. No lenders submitted a non-binding IOI to provide incremental liquidity on an out-of-court basis.

24.     In particular, the Debtors and Raymond James initiated discussions with JMB Capital Partners Lending, LLC (the "**DIP Lender**") on or about March 2, 2026, and continued arm's-length negotiations over the following weeks, the progress of which is reflected in the Interim DIP Motion, the Expedited DIP Motion, and the Final DIP Order.

25.     On March 24, 2026, the Debtors filed the Declaration of Geoffrey Richards [ECF Doc. 32] in support of the DIP Motion (the "**Richards Declaration**"). In addition to the Richards Declaration, Geoffrey Richards, Senior Managing Director and Co-Head of the Capital Structure Advisory Group at Raymond James, provided testimony to the Court on [March 25, 2026] and again on [April 21, 2026]. To support this testimony, Raymond James compiled demonstrative presentations and analyses for the Court, outlining, among other things, the DIP marketing process and comparable DIP terms from precedent cases.

26.     In response to the DIP Motion and the Cash Collateral Motion, the Debtors received numerous inquiries and objections from various stakeholders, including prepetition secured parties, merchant cash advance lenders ("**MCAs**"), unsecured creditors, and, upon

formation in April 2026, the Unsecured Creditors Committee ("*UCC*"). Raymond James supported the Debtors in these lengthy tri-party negotiations between the Debtors, the DIP Lender, and the various objecting stakeholders.

27. In April 2026, in the midst of these tri-party negotiations, it became apparent that the Debtors would require additional funding to sustain operations due to certain ongoing MCA Litigation. Raymond James supported the Debtors in negotiations with the DIP Lender to provide $17,000,000 of incremental funding, as reflected in the Expedited Motion.

28. Following heavy negotiations and a lengthy hearing on [April 21, 2026], the Court entered the Final DIP Order and the Final Cash Collateral Order, providing the Debtors with critical liquidity necessary to operate the business through the duration of the case.

29. The services performed were necessary to the Debtors' restructuring efforts and were not duplicative of services performed by other retained professionals.

30. In addition, Raymond James continues to market the Debtors' assets for sale and to advise the Debtors on other financial matters as provided for in the 2nd Restated Engagement Letter.

## **NO PRIOR REQUEST**

31. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Raymond James respectfully requests that the Court enter an order, substantially in the form of the Order attached hereto as **Exhibit A**, providing for the approval and allowance of Raymond James for the Financing Fee in the sum of $1,540,000 as compensation for necessary professional services rendered and authorizing and directing the Debtors to pay to Raymond James the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Date: June 18, 2026

Respectfully submitted:

*/s/ Benjamin W. Kadden*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
Katherine E. Clark, La. Bar No. 40180
kclark@lawla.com
Avery E. Autin, La. Bar No. 40262
aautin@lawla.com
Samuel J. Riccardi, La. Bar No. 41386
sriccardi@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Fax: (504) 310-9195
***Counsel for the Debtors***

**Exhibit A**

Employment Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors.**[2] | § | |
| | § | **SECTION: A** |

**ORDER GRANTING FIRST INTERIM APPLICATION OF**
**RAYMOND JAMES FOR COMPENSATION FOR**
**SERVICES RENDERED AS DEBTORS' INVESTMENT BANKER**

Considering the *First Interim Application of Raymond James for Compensation for Services Rendered as Debtors' Investment Banker* ("Application") filed by Raymond James & Associates, Inc. ("Raymond James") as Investment Banker for the Debtors, and with sufficient cause appearing therefore,

**IT IS ORDERED** that the Application is **APPROVED.**

**IT IS FURTHER ORDERED** that the Applicant is allowed compensation for professional services rendered in the amount of $1,540,000 representing its New Capital Financing Transaction Fee (the "Financing Fee") representing 2% of the $77,000,000 DIP Facility Commitments.

**IT IS FURTHER ORDERED** that the Applicant shall serve this Order via first class U.S. Mail on the required parties who not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a Certificate of Service to that effect within three (3) days.

---

[2] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26- 10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

**Exhibit B**

Invoices



Invoice No.: 1001420652
File No.   : 050267.022300
Bill Date  : June 18, 2026

Raymond James & Associates, Inc.
ELECTRONIC BILLING DO NOT MAIL

# **INVOICE**

Re: Crosby Marine Transportation
Claim #:2026-001072

Legal Services through June 18, 2026:

| | | | |
|---|---|---|---|
| Total Fees: | $ | 94,080.00 | |

Expenses:

| | | |
|---|---|---|
| Local Travel | 27.25 | |
| Information and Research | 4.36 | |
| Total Expenses: | $ | 31.61 |
| **Current Invoice**: | **$** | **94,111.61** |

OP:KS
Tax ID: 13-3613083

 **GT** GreenbergTraurig

Invoice No. :   1001420652
File No.    :   050267.022300

*Important:* If you receive a request to change the manner or location of your payment to Greenberg Traurig, please immediately contact Greenberg Traurig's accounting team at 305-418-6503.  To assure that your payment is made and received correctly, please do not make any payment per the requested change until you verbally confirm with Greenberg Traurig that the change is legitimate.

**Note: Payment is Due 30 Days from Date of Invoice**

> *FOR YOUR CONVENIENCE,*
> *PAYMENT INSTRUCTIONS FOR GT FIRM ACCOUNT*
> *FOR FEES & COSTS ARE AS FOLLOWS:*

| | |
|---|---|
| TO: | CITIBANK, N.A. |
| ABA #: | 266086554 |
| INTERNATIONAL SWIFT: | CITIUS33 |
| CREDIT TO: | GREENBERG TRAURIG LLP |
| ACCOUNT #: | 3200175071 |

**PLEASE REFERENCE:**

| | |
|---|---|
| **CLIENT NAME:** | **RAYMOND JAMES & ASSOCIATES, INC.** |
| **FILE NUMBER:** | **050267.022300** |
| **INVOICE NUMBER:** | **1001420652\*** |
| **BILLING PROFESSIONAL:** | **Oscar Pinkas** |

IF YOU WISH TO PAY BY CHECK PLEASE REMIT TO THE ADDRESS BELOW:

**Greenberg Traurig**
**PO Box 936769**
**ATLANTA GA 31193-6769**

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**
Please contact acct-cashreceipts@gtlaw.com for any payment related questions.

\*\*\*\*\*

OP:KS
Tax ID:  13-3613083

| | | |
|---|---|---|
| Invoice No.: | 1001420652 | Page 1 |
| Re: | Crosby Marine Transportation | |
| Matter No.: | 050267.022300 | |

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 04/08/26 | Oscar Pinkas | Calls with client on ███████. | 0.70 | 1102.50 |
| 04/09/26 | Oscar Pinkas | Client emails on ███████. | 0.30 | 472.50 |
| 05/01/26 | Nathan A. Haynes | Analyze █████, conference call with client/debtor counsel. Attention to ███. | 0.70 | 980.00 |
| 05/01/26 | Georgia Tsignopoulos | Review and analyze ██████. Draft ███. Case law research. | 6.00 | 4350.00 |
| 05/02/26 | Georgia Tsignopoulos | Email correspondence. Case law research. Revise ████. | 1.80 | 1305.00 |
| 05/03/26 | Nathan A. Haynes | Review/revise ████ analyze caselaw regarding same. Prepare for/attend conference call with client. | 1.70 | 2380.00 |
| 05/03/26 | Georgia Tsignopoulos | Email correspondence. Case law research. | 1.30 | 942.50 |
| 05/04/26 | Nathan A. Haynes | Draft/revise ███████. Multiple calls/correspondence. Analyze caselaw for ███. Review/revise ██████ discussion materials. | 3.10 | 4340.00 |
| 05/05/26 | Nathan A. Haynes | Client correspondence. | 0.10 | 140.00 |
| 05/06/26 | Nathan A. Haynes | Review correspondence, call with client. | 0.30 | 420.00 |
| 05/09/26 | Nathan A. Haynes | Client correspondence, review ████████ changes, call with client. Correspond with lender counsel. | 0.70 | 980.00 |
| 05/11/26 | Nathan A. Haynes | Correspondence, preparation for call. Conference call with lender. Call with client. Correspond with UCC. | 0.90 | 1260.00 |
| 05/11/26 | Georgia Tsignopoulos | Discussion with NH. Review █████████. Meeting with lenders. | 2.60 | 1885.00 |
| 05/12/26 | Nathan A. Haynes | Review revised ██████ multiple correspondence. Draft/revise issues list and proposed revisions. Conference call with client, revise ██████ correspondence with debtor counsel. Attention to ████. | 2.80 | 3920.00 |
| 05/13/26 | Nathan A. Haynes | Multiple correspondence, revise ███████ Attention to ███. | 0.90 | 1260.00 |
| 05/13/26 | Oscar Pinkas | Call with working group on status of ██████ and emails with working group on ████████. | 0.50 | 787.50 |
| 05/13/26 | Georgia Tsignopoulos | GT internal meeting. Review ████ ███████████████ and revise ███ Email correspondence. | 5.00 | 3625.00 |
| 05/14/26 | Oscar Pinkas | Attention to ████████████, and conference with GT thereon. | 0.20 | 315.00 |
| 05/14/26 | Georgia Tsignopoulos | Calls with client. Discussion with OP. Negotiate ███████████. Draft ████ Create redlines. Draft ███████████████. Email correspondence. | 7.50 | 5437.50 |
| 05/15/26 | Oscar Pinkas | Emails with client on ████████████, and call with GT regarding same and ████████. | 1.10 | 1732.50 |
| 05/15/26 | Georgia Tsignopoulos | Calls with client. Call with OP. Negotiate ██████ ████████████. Call with client and DRs' professionals. Draft ██████████████ ███. Create redlines. Email correspondence. | 9.60 | 6960.00 |

| | | | | |
|---|---|---|---|---|
| Invoice No.: | 1001420652 | | | Page 2 |
| Re: | Crosby Marine Transportation | | | |
| Matter No.: | 050267.022300 | | | |

Description of Professional Services Rendered

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 05/16/26 | Nathan A. Haynes | Attention to ▮ confer with O. Pinkas. | 0.40 | 560.00 |
| 05/16/26 | Oscar Pinkas | Reviewed and edited ▮ and revised ▮ | 2.00 | 3150.00 |
| 05/16/26 | Georgia Tsignopoulos | Review ▮. Negotiate language with UCC and DRs. Draft ▮ and revise ▮. Create redlines. Draft ▮ ▮ ▮. Email correspondence. | 8.70 | 6307.50 |
| 05/17/26 | Oscar Pinkas | Draft ▮ email, reviewed and edited ▮, and communications with client, UCC and working group regarding resolution of ▮. | 2.30 | 3622.50 |
| 05/17/26 | Georgia Tsignopoulos | Email correspondence. Negotiate language with UCC and secured lenders. Revise ▮. Create redlines. Draft ▮. | 9.00 | 6525.00 |
| 05/18/26 | Oscar Pinkas | ▮ calls with working group, and ▮ issues call with vessel lenders' counsel. | 0.50 | 787.50 |
| 05/18/26 | Georgia Tsignopoulos | Email correspondence. Review changes to ▮ Call with client. Review ▮. Revise ▮ Create redlines. Call with vessel lenders. Discussion with DR's counsel. Review ▮. Discussion with NH. Review local rules re ▮. | 8.10 | 5872.50 |
| 05/19/26 | Nathan A. Haynes | Multiple calls/correspondence regarding ▮, attention to ▮. | 1.70 | 2380.00 |
| 05/19/26 | Georgia Tsignopoulos | Call with DR's counsel. Review and analyze ▮ by UCC and vessel lenders. Create charts. Review filed ▮ and draft summaries. Draft ▮. Incorporate DRs' comments. | 10.00 | 7250.00 |
| 05/20/26 | Nathan A. Haynes | Analyze ▮ review/revise ▮, multiple correspondence. Conference call with debtor counsel. Prepare for/attend hearing, follow-up regarding same. | 2.90 | 4060.00 |
| 05/20/26 | Oscar Pinkas | ▮ emails with working group. | 0.30 | 472.50 |
| 05/20/26 | Georgia Tsignopoulos | Draft ▮). Review comments. Email correspondence. Call with DRs counsel. Attend hearing. | 5.00 | 3625.00 |
| 05/21/26 | Oscar Pinkas | Attention to open issues. | 0.10 | 157.50 |
| 05/25/26 | Oscar Pinkas | Emails with working group on ▮ ▮. | 0.20 | 315.00 |
| 05/27/26 | Oscar Pinkas | Client communications on ▮, and reviewed ▮. | 0.40 | 630.00 |
| 05/28/26 | Georgia Tsignopoulos | Email correspondence. Review ▮. Discussion with OP. | 0.70 | 507.50 |
| 06/17/26 | Georgia Tsignopoulos | Review ▮. Attn to: ▮. Email correspondence. | 4.50 | 3262.50 |

|  | |
|---|---|
| Total Time: | 104.60 |
| Total Fees: | $ 94,080.00 |

Invoice No.: 1001420652
Re: Crosby Marine Transportation
Matter No.: 050267.022300

Page 3

## Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 04/08/26 | VENDOR: Tsignopoulos, Georgia INVOICE#: 163238 DATE: 5/11/2026 Car Service/Taxi; 04/08/2026 Uber to/from client meetings; Merchant: Uber | $ | 27.25 |
| 05/19/26 | WestlawNext Research by GEORGIA TSIGNOPOULOS on 05/19/2026 - Re: 050267.022300 | $ | 4.36 |
| | Total Expenses: | $ | 31.61 |