**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 26-10678 |
| | § | (JOINTLY ADMINISTERED) |
| CROSBY MARINE | § | |
| TRANSPORTATION, LLC, | § | CHAPTER 11 |
| | § | COMPLEX CASE |
| DEBTORS.[1] | § | |
| | § | SECTION A |

**ORDER AUTHORIZING OF GARZA TELLO Y ASOCIADOS, S.C., AS SPECIAL COUNSEL FOR THE DEBTORS UNDER 11 U.S.C. § 327(e) EFFECTIVE AS OF APRIL 26, 2026**

Before the Court is the *Application for an Order Authorizing Employment of Garza Tello Y Asociados, S.C. as Special Counsel for the Debtors Effective as of April 26, 2026, Pursuant to 11 U.S.C. § 327(e)* (the "Application"),[2] [ECF Doc. 476], filed by Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC, and Bertucci Contracting Company, L.L.C. as debtors and debtors-in-possession (together, the "Debtors").

Considering the record and pleadings, the applicable law, and finding good cause and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 152(b)(2); and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court finding that Clyde & Co – Garza Tello Y Asociados, S.C. (the "Firm") does not hold or represent interests materially adverse to the Debtors or their estates with respect to the matter for which they

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

are being employed and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code; and it appearing that the retention of the Firm is in the best interests of the Debtors, their estates, and their creditors; and this Court having reviewed the Application and having heard any statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** that the Application is **APPROVED**.

**IT IS FURTHER ORDERED** that:

1.      The Debtors, under § 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, are authorized to retain and employ the Firm as its special counsel in these Bankruptcy Cases, in accordance with the Firm's normal hourly rates and policies regarding the reimbursement of reasonable and necessary expense, all as contemplated by Application, effective as of April 26, 2026, as set forth in this Order.

2.      The Firm is authorized to provide the following services to the Debtors (the "Services"):

    i.      Represent the Debtors before Mexican tribunals and authorities as needed to obtain recognition of the Bankruptcy Cases in Mexico and, consequently, enforcement of this Court's *Order* dated May 21, 2026, [ECF Doc. 444], (the "Stay Order"), against Mexican creditors pursuant to Mexican bankruptcy law and other applicable Mexican law; and

    ii.     Represent the Debtors before Mexican judicial, labor, maritime, and/or administrative authorities to enforce compliance with the Stay Order and to protect the Mexican-Flagged Vessels from any attachment or order that may put them at risk, including any risk derived from actions initiated by Mexican creditors or any labor-related actions.

3. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Bankruptcy Cases in conformance with §§ 327, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, subject to the provisions of the Complex Case Procedures, and any other applicable procedures and orders of this Court, and the Bañuelos Declaration.

4. Any request for reimbursement of actual and necessary expenses will be at the original cost as incurred by the third-party provider. For billing purposes, the Firm shall keep its time in one tenth (1/10) hour increments.

5. The Firm and the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order, including entering into any engagement agreement consistent with this Order.

6. The Firm is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these Bankruptcy Cases.

7. The Firm shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Bankruptcy Cases.

8. The Firm will review its files periodically during the pendency of the Bankruptcy Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. To the extent the Application or the Bañuelos Declaration are inconsistent with this Order, the terms of this Order shall govern.

10.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.   The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation of this Order.

The Debtors shall serve this Order by first-class U.S. Mail within three (3) days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, June 24, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE