**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO: 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE** | § | |
| **TRANSPORTATION, LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **DEBTORS.**[1] | § | |
| | § | **SECTION A** |
| | § | |

## ORDER

Before the Court is *Brian Cloyd, Lewis Andrews, Wallace McCray, and Patrick Burnett's Motion for Relief from the Automatic Stay* (the "Lift Stay Motion"), [ECF Doc. 482]. Crosby Marine Transportation, LLC ("Transportation"), Crosby Tugs, LLC ("Tugs"), Crosby Dredging LLC ("Dredging"), and Bertucci Contracting Company, L.L.C. ("Bertucci" and, together with Transportation, Tugs, and Dredging, the "Debtors") have submitted a consent order resolving the Lift Stay Motion.

**WHEREAS** on March 23, 2026 (the "Petition Date"), the Debtors filed for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*).

**WHEREAS** on March 24, 2026, the Court entered an order, [ECF Doc. 9], providing that the Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

**WHEREAS** on March 24, 2026, the Court entered an order, [ECF Doc. 6], providing that the Complex Case Procedures shall apply to this case. The Complex Case Procedures are posted on the Court's website, https://www.laeb.uscourts.gov/.

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

**WHEREAS** on May 28, 2026, the Claimants filed the Lift Stay Motion seeking relief to pursue their personal injury claims arising out of an October 28, 2020, incident ( the "Incident") involving the breakaway of the D/B THOR and the vessel M/V CROSBY ENDEAVOR being litigated in the admiralty proceeding styled *In re Matter of Modern American Railroad Services, LLC* pending in the United States District Court for the Eastern District of Louisiana (the "District Court"), case no. 2:21-cv-00258-JCZ-KWR (the "Breakaway Litigation").

**WHEREAS** the Debtors' applicable insurance policy in effect at that time involves a deductible that has been exhausted and West of England has confirmed that it will be solely responsible for all fees and costs of the litigation, along with all payment obligations (if any) to the Claimants.

**WHEREAS** the Debtors understand that this is the same litigation that is addressed in the *Joint Motion for Relief from the Automatic Stay with Respect to the Breakaway Litigation*, [ECF Doc. 494], (the "Joint Motion"), to which the Claimants are also parties.

**WHEREAS** the Breakaway Litigation pending before Judge Zainey has been bifurcated for Judge Zainey to rule on limitation of liability and fault allocation reserving a trial on damages for a future date not expected this year.  All discovery with respect to the limitation of liability and fault allocation has completed.

**WHEREAS** the Debtors agree to allowing the Claimants relief from the stay to pursue their rights in the limitation of liability and allocation of fault proceedings.

**IT IS ORDERED** that the Lift Stay Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the claimants are free to pursue their rights in the Breakaway Litigation pending before Judge Zainey in the District Court, and any related state-court or other proceedings authorized by the District Court necessary to liquidate their claims arising from the Incident to final judgment or settlement, *provided* that the Claimants will not seek

to collect against the Debtors and will only pursue collection from insurance proceeds, except that nothing herein shall waive or prejudice any rights the Claimants may have to assert claims against the Debtors' estates in these Chapter 11 cases.

**IT IS FURTHER ORDERED** that the Debtors shall serve this Order by first-class U.S. Mail within three (3) days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, June 25, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE