**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 26-10678 |
| | § | (JOINTLY ADMINISTERED) |
| CROSBY MARINE | § | |
| TRANSPORTATION, LLC, | § | CHAPTER 11 |
| | § | COMPLEX CASE |
| DEBTORS.[1] | § | |
| | § | SECTION A |
| | § | |

## ORDER

Considering the *Motion for an Order (A) Establishing a Bar Date for Filing of Proofs of Claim, (B) Approving the Modified Form Proof of Claim with Addendum for Creditors Asserting Statutory Liens, (C) Approving the Bar Date Notice, (D) Authorizing the Debtors To Provide Notice of the Bar Date, and (E) Providing for Other Relief Sought Herein* (the "Motion"), filed by Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC, and Bertucci Contracting Company, L.L.C. as debtors and debtors-in-possession (together, the "Debtors"), the arguments made by counsel at the hearing held on June 18, 2026, the *Declaration of Lawrence Perkins* (the "Perkins Declaration"), and there being good cause shown, the Court will **GRANT** he Motion as set forth herein.  All Objections not otherwise withdrawn are hereby **OVERRULED**.

This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

Under the circumstances, the form of notice proposed in the Motion (the "Notice") and the proposed manner of service through publication in regularly distributed publications within the regions where the Debtors operate are reasonably designed to provide adequate notice to all

---

[1]     An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

potential creditors, both known and unknown, in order for said creditors to come forward and file timely proof of claim or otherwise assert their rights in these jointly administered Bankruptcy Cases.

The form Addendum proposed by the Debtors to attach to proofs of claim of parties asserting maritime liens against the Debtors' vessels is reasonable and necessary under the circumstances of this case in order to protect all lienholders rights against their collateral proposed to be sold in these Bankruptcy Cases.

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure and this Court's Complex Rules, the final date upon which proofs of claim may be filed for holders of prepetition claims, either secured or unsecured is **July 30, 2026** (the "Bar Date").

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 502(b)(9), a claim of a governmental unit is timely filed if filed on or before **September 21, 2026**.

**IT IS FURTHER ORDERED** that the form of Notice attached to the Motion is **APPROVED**.

**IT IS FURTHER ORDERED** that the form Addendum to proof of claim form is **APPROVED**.

**IT IS FURTHER ORDERED** that all creditors asserting maritime liens against the Debtors' vessels shall attach the Addendum to their proof of claim by the Bar Date.

**IT IS FURTHER ORDERED** that the Debtors shall serve the notice on the entire creditor matrices, any creditors, and all known potential maritime lienholders within five (5) days of entry of this Order and shall publish the Notice in the publications listed in the Motion within ten (10) days of entry of this Order.

**IT IS FURTHER ORDERED** that nothing in this Order shall affect, alter, amend, or otherwise modify Paragraph 22 of the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to Existing Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "Final Cash Collateral Order"), [ECF Doc. 294], require the filing of a Proof of Claim by any of the Existing Secured Parties (as defined in the Final Cash Collateral Order), or otherwise limit, impair, or prejudice any of the rights, protections, or privileges of the Existing Secured Parties provided in the Final Cash Collateral Order.  For the avoidance of doubt, the Existing Secured Parties are not required to file proofs of claim by the bar date established in this Order and may, in their respective sole discretion, file (and amend and/or supplement) one or more proof(s) of claim and/or aggregate proofs of claim in each of the Chapter 11 Cases at any time, including the filing of one consolidated master proof of claim, without regard to the deadlines established by this Order.

**IT IS FURTHER ORDERED** that the Debtors shall serve this Order by first-class U.S. Mail within three (3) days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, June 25, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE