**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **Debtors.[1]** | § | |
| | § | **SECTION: A** |

**NOTICE OF BAR DATES**
**FOR FILING PROOFS OF CLAIM**

**NOTICE: Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE NOTICE** on March 23, 2026 ("***Petition Date***"), Crosby Marine Transportation, LLC ("***Transportation***"), Crosby Tugs, LLC ("***Tugs***"), Crosby Dredging, LLC ("***Dredging***"), and Bertucci Contracting Company, L.L.C. ("***Bertucci***" and collectively, "***Debtors***"), as Debtors in Possession, each filed for relief under Chapter 11 of the Bankruptcy Code thereby commencing these cases (the "***Chapter 11 Case(s)***").

**PLEASE TAKE NOTICE** the Court has set ***July 30, 2026,*** as the deadline for any person or entity that holds a claim against the Debtors as of the Petition Date (referred to as "***Creditor***" or "***Creditors***") to file a Proof of Claim as modified by the Order establishing the Bar Date. This Bar Date applies only to those Creditors who are not listed in the Debtors' Schedules, unless such Creditor asserts a lien (other than preferred ship mortgage) under the Commercial Instrument and Maritime Lien Act (46 U.S.C. §§ 13101–13143 ("***CIMLA***") against a Debtor, or whose claim is scheduled as contingent, disputed, or unliquidated. See below for more information about how to determine the listing of your claim and what happens if the Debtors later amend the Schedules.

**PLEASE TAKE NOTICE** the deadline for any governmental unit to file a claim is ***September 21, 2026***, for any governmental unit to file a claim pursuant to 11 U.S.C. § 502(b)(9).

**<u>PLEASE TAKE NOTICE</u> that if you are asserting a lien (other than a preferred ship mortgage) under the Commercial Instrument and Maritime**

---

1 An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

**Lien Act (46 U.S.C. §§ 13101–13143) [known as a Maritime Lien], or other lien against any vessel owned by any debtor, you must include the attached addendum to your proof of claim providing the following information:**

**(a) The name of each Debtor against whom you are asserting a lien, including the vessel against which you are asserting a lien;**

**(b) The nature of the maritime lien under 46 U.S.C. § 13101(5);**

**(c) The date the lien was established;**

**(d) The amount of the lien claimed;**

A Maritime Lien can arise from a maritime tort or the provision of "necessaries" to a vessel. Necessaries can include any essential goods, supplies, or services provided to a vessel to keep it operating safely, efficiently, and in navigation.

ADDITIONALLY, if you are asserting a maritime lien against any of the Debtors or the Debtors' vessels, you must also attach documentation supporting your lien claim (e.g. invoices, receipts, charter agreements, bills of lading, supply or repair contracts, vessel logs, time-and-material logs and/or ledger entries, any notices of claims of lien filed with National Vessel Documentation Center).

If you assert more than one maritime lien (e.g. for services provided to multiple vessels), you will need to submit a separate proof of claim and addendum for each claim/lien asserted.

PLEASE TAKE NOTICE the deadline for any Creditor with a claim that arises from the rejection of an executory contract or lease is on or before the later of (a) the General Bar Date; or (b) thirty (30) days after the effective date of such rejection as ordered by the Court.

PLEASE TAKE NOTICE You can file a Proof of Claim using one of three methods:

1. By using the Court's Electronic Proof of Claim ("*ePOC*") process on the Court's website, https://ecf.laeb.uscourts.gov/cgi-bin/autoFilingClaims.pl;

2. If the person or entity is represented by an attorney, by filing electronically through the Court's CM/ECF system a Proof of Claim conforming substantially to **Official Form B410**, a copy of which accompanies this notice; or

3. By delivering a Proof of Claim conforming substantially to Official Form B410 (attached hereto) to the Court, either in person or by mail to the U.S. Bankruptcy Court, 500 Poydras Street, Suite B-601, New Orleans LA 70130, subject to Covid-19 protocols.  If you mail your Proof of Claim to the Court, you must mail it early enough so the Court will receive it on or before the deadline in this notice and enclose a second copy of the Proof of Claim with a self-addressed stamped envelope to receive confirmation the claim was filed.

**PLEASE TAKE NOTICE** to determine if you are listed on the Schedules in a way that would excuse you from filing a Proof of Claim, you may review the Schedules at the U.S. Bankruptcy Court, 500 Poydras Street, Suite B-601, New Orleans LA 70130 – subject to Covid-19 protocols, online at www.pacer.gov, or by contacting Michael Landis, with Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, PLC 601 Poydras Street, Suite 2775, New Orleans, LA 70130 by email at mlandis@lawla.com

**PLEASE TAKE NOTICE** if you do not file a Proof of Claim because you agree with the amount, priority and asserted status listed on the Schedules, and later the Debtors amend the Schedules to change the information about you, then the Debtors shall give notice of such amendment to you, and you may file a Claim by the later of the General Bar Date or thirty (30) days from the date of the notice telling you about the amendment.

**PLEASE TAKE NOTICE** if you are required to file a Proof of Claim and you or your attorney do not take these steps, the Court may decide that you are not entitled to be paid in this case.

3

{00381095-1}

## ADDENDUM TO PROOF OF CLAIM

**CREDITOR**: _____

**IS ASSERTING A LIEN (OTHER THAN A PREFERRED SHIP MORTGAGE) UNDER THE COMMERCIAL INSTRUMENT AND MARITIME LIEN ACT (46 U.S.C. §§ 13101–13143) [KNOWN AS A MARITIME LIEN] OR OTHER LIEN AGAINST ANY PROPERTY OF ANY DEBTOR AND PROVIDES THE FOLLOWING INFORMATION AS AN ADDENDUM TO THE PROOF OF CLAIM:**

**(a) Creditor is asserting a lien against:**

CROSBY MARINE
TRANSPORTATION, LLC          Yes ❏ No ❏

CROSBY TUGS, LLC             Yes ❏ No ❏

CROSBY DREDGING, LLC         Yes ❏ No ❏

BERTUCCI CONTRACTING
COMPANY, L.L.C.              Yes ❏ No ❏


VESSEL SUBJECT TO LIEN       _____

OFFICIAL VESSEL NUMBER       _____

**[CONTINUED ON NEXT PAGE]**

{00381095-1}                    1

2

**(b) The nature of the maritime lien:**

Damages arising out of maritime tort: ❏

Wages of a stevedore when employed
directly by a person listed in 46 U.S.C. § 13141 ❏

Wages of the crew of a vessel ❏

General averages ❏

Salvage, including contract salvage ❏

**(c) The date the maritime lien was established:** _____

**(d) Documentation attached:**

_____

_____

_____

_____

2

{00381095-1}