**UNITED STATES BANKRTUPCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **Chapter 11** |
| | § | **COMPLEX CASE** |
| **Debtors.[1]** | § | |
| | § | **SECTION: A** |

**OBJECTION TO M C BANK & TRUST'S MOTION TO**
**LIFT THE AUTOMATIC STAY [ECF DOC. 469]**

Crosby Marine Transportation ("***Transportation***"), Crosby Tugs, LLC ("***Tugs***"), Crosby Dredging, LLC ("***Dredging***"), and Bertucci Contracting Company, L.L.C. ("***Bertucci***", collectively, "***Debtors***") submit this opposition ("***Opposition***") to the *M C Bank & Trust's Motion to Lift the Automatic Stay* (the "***Motion***") [ECF Doc. 469] filed by M C Bank and Trust ("***M C Bank***") seeking to lift the stay on two vessels, identified as Crosby Adapt 1 and Devin Candies (a/k/a Crosby Dolphin) (collectively, the "***Vessels***"). In support of the Opposition the Debtors aver as follows:

### SUMMARY OF THE MOTION AND OPPOSITION

1. M C Bank contends that Transportation defaulted on the Loan (as identified in the Motion), by missing one payment with the last payment received by the bank in February 2026, which is the month before the Petition Date.

2. M C Bank indicates that the outstanding loan balance is $9,706,275.05 and is seeking $60,000.00 in attorney's fees in connection with the one-month default and the filing of

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

the cases.

3.       By the Motion, M C Bank is seeking relief from the automatic stay to seize the Vessels, or at a minimum adequate protection of its interests in addition to replacement liens currently offered by the Debtors.  Presumably, if M C Bank seizes the Vessels, the bank will sell the vessels to satisfy its Loan, the same path the Debtors want to take.  Pending before this Court is the *Debtors' Expedited Motion for Entry of (A) an Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving Stalking Horse Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures, and (B) an Order Authorizing the Debtors to Enter into Definitive Purchase Agreements* (the "**Bidding Procedures Motion**") [ECF Doc. 571].  The Bidding Procedures Motion includes a timeline for the sale, which includes an auction commencing on August 13, 2026, and the sale hearing to be conducted on August 31, 2026.

4.       The relief requested in the Motion should be denied.  The benefits of the automatic stay protections include providing a breathing spell and preserving the estates for distribution to creditors.  The stay effectively halts pre-petition collection efforts (here it is a one-month payment) while allowing the Debtors an opportunity to develop a plan to resolve financial distress, which plan can include the sale of assets.  The Debtors and their advisors, as M C Bank is aware of, plan to address their financial difficulties by engaging in a robust sale process all while adhering to the deadlines as agreed to in the post-petition Debtor-in-Possession Term Sheet (the budget is through September 2026).  The Motion should be denied allowing the sale process to conclude, which it will the end of /second half of September 2026.  Or said another way, granting the Motion is tantamount to allowing M C Bank to immediately interfere with the

Debtors' reorganization process by picking off the Vessels, the same vessels that are included as assets in the sale process, thereby preventing orderly liquidation undermining the fundamental goal of bankruptcy.

## LAW AND ARGUMENT

5.     The Fifth Circuit articulated the following in *In re Halo Wireless, Inc.,* 684 F.3d 581, 586 (5th Cir. 2012):

> "The purposes of the bankruptcy stay under 11 U.S.C. § 362 are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir.2003) (internal quotation marks and citation omitted); *see also Matter of Commonwealth Oil Refining Co., Inc.,* 805 F.2d 1175, 1182 (5th Cir.1986) ("The purpose of the automatic stay is to give the debtor a 'breathing spell' from his creditors, and also, to protect creditors by preventing a race for the debtor's assets." (quoting H.R.Rep. No. 95–595, at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296–97)); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986) ("The purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment.").

6.     "Relief from stay under 11 U.S.C. § 362(d)(2) is a two-part test, consisting of evidence that the debtor does not have equity in the property and that the property is not necessary for the debtor to effectively reorganize its debts." *In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 180 (Bankr. E.D. Ark. 2010) (citing 11 U.S.C. § 362(d)(2)).  For the Motion, M C Bank has the burden of establishing lack of equity in the property, while the Debtors have the burden of proving that the Vessels are necessary.  11 U.S.C. § 362(d)(2), (g).

7.     "Property is necessary for an effective reorganization whenever it is necessary either in the operation of the business or in a plan, to further the interests of the estate through rehabilitation or liquidation."  *In re Keller,* 45 B.R. 469, 472 (Bankr. N.D. Iowa 1984) (internal quotations and citations omitted). But the necessity of the property is only important to the extent

that it exists simultaneously with a reasonable possibility of reorganization. *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375 (1988) (describing the appropriate standard as that of a "reasonable possibility of successful reorganization within a reasonable time").

8.        "A determination as to what is 'necessary for an effective reorganization' inherently involves an intense factual analysis, requiring evidence as to the debtor's intent, the anticipated integration of the property at issue in the production of future income and the nature and extent of the property involved." *In re Scott*, 121 B.R. 605, 608 (Bankr. E.D. Okla. 1990). That determination cannot be made on the papers or the Motion.

9.        M C Bank must provide evidence to support the request for adequate protection showing that the value of the Vessels as collateralized property is declining, or at least threatened, as a result of the automatic stay. *In re Elmira Litho, Inc.,* 174 B.R. at 902; *In re Kowalsky,* 235 B.R. 590, 595 (Bankr.E.D.Tex.1999). The most direct and convincing proof that the value is "declining, or at least threatened" comes from a comparison of the property value at the time of the hearing to the property value on the date of filing. *In re Elmira Litho, Inc.,* 174 B.R. at 903. The Debtors must, at a minimum, show there are safeguards in place to guard against any diminution in value. *Id.* at 902-03.

10.        M C Bank needs to satisfy both prongs of the test, that is no equity and the Vessels are not necessary.  M C Bank does not satisfy either prong.  The Motion states generically that the amount of the loan owed exceeds the liquidation value of the Vessels, thus there is no equity. See, Motion, paragraph 13.  However, the liquidation value of the Vessels is not defined, therefore, M C Bank fails to meet its burden under Section 362(g) of proving there is no equity in the Vessels.

11. Notwithstanding whether the Vessels have equity, M C Bank again makes generalized statements and assumptions that the Vessels are not necessary for "going concern" completely ignoring the Vessels' value as part of a sale package. The Debtors should be given an opportunity to include the Vessels as part of the sale process, which is on a shorten timeframe, with any replacement liens attaching to the proceeds of the sale. If the Vessels end up being excluded, then the Debtors can revisit the relief requested in the Motion with M C Bank.

12. M C Bank is currently offered replacement liens, and M C Bank recognizes that the Debtors are providing security, weather protection measures, and the Vessels are insured. M C Bank has provided no evidence that the Vessels will decline in value during the sale process. In summary, the Vessels are in the same position today, as the Vessels were on the Petition Date, thus M C Bank is adequately protected.

13. The Debtors have met their burden that the Vessels are necessary for the sale process and M C Bank is adequately protected. Accordingly, M C Bank is not entitled to the relief requested in the Motion as the bank has not satisfied both prongs of Section 362(d). However, should this Court determine to rule on the Motion, the Debtors are respectfully requesting a continuance of such ruling until the conclusion of the auction, when the parties have better knowledge of the impact of the sale on the relief requested in the Motion.

Dated: July 2, 2026

Respectfully submitted:

/s/Benjamin W. Kadden
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com

Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Counsel for Debtors and Debtors in Possession***

## CERTIFICATE OF SERVICE

I, Benjamin W. Kadden, hereby certify that caused a copy of the forgoing to be served upon the following parties through this court's CM/ECF notification system on July 2, 2026:

- **Richard A. Aguilar**    richard.aguilar@arlaw.com, annie.parish@arlaw.com
- **Heather LaSalle Alexis**    halexis@hinshawlaw.com, lgraff@mcglinchey.com
- **A. Brooke Watford Altazan**    baltazan@stewartrobbins.com, baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- **Edward H. Arnold**    harnold@bakerdonelson.com, stannehill@bakerdonelson.com
- **Avery Autin**    aautin@lawla.com
- **Bryce Autin**    brycea@portfourchon.com
- **Meredith Blanque**    meredith.blanque@pjgglaw.com
- **Phillip Jason Block**    pblock@riemerlaw.com
- **Alexandra D. Blye**    ablye@carltonfields.com
- **Florence Bonaccorso-Saenz**    FBS-ECFNotices@la.gov
- **Craig W. Brewer**    cbrewer@mcdonoughmarine.com, aimee@staines-eppling.com;kleblanc@staines-eppling.com
- **Joseph Patrick Briggett**    jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com;kdixon@bakerdonelson.com
- **Greta M. Brouphy**    gbrouphy@lawla.com
- **Joseph A. Caneco**    jcaneco@fishmanhaygood.com, kfritscher@fishmanhaygood.com;rmichel@fishmanhaygood.com
- **John A. Cangelosi**    jcangelosi@kingjurgens.com
- **Christopher T. Caplinger**    chris.caplinger@keanmiller.com, mlopez@lawla.com
- **Jason M. Cerise**    jason.cerise@troutman.com
- **Rudy J. Cerone**    rcerone@couhigpartners.com, lgraff@couhigpartners.com
- **Mark J. Chaney**    mark.chaney@arlaw.com, annie.parish@arlaw.com
- **J. Jacob Chapman**    jacob@snw.law

- **Ryan E Chapple**    rchapple@cstrial.com
- **William G. Cherbonnier**    wgc@billcherbonnier.com, caludagroupllc@jubileebk.net
- **Katherine Elizabeth Clark**    kclark@lawla.com
- **Chazz Christian Coleman**    ccoleman@hunton.com
- **Leo D. Congeni**    lcongeni@brooksgelpi.com, mmoffatt@brooksgelpi.com
- **Yvette A D'Aunoy**    ydaunoy@midrid.com
- **Timothy A. Davidson**    taddavidson@huntonak.com
- **Albert J. Derbes**    ajdiv@derbeslaw.com, derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com
- **Eric J Derbes**    ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com
- **Scott G. Discon**    tdiscon@disconlawfirm.com, smistric@disconlawfirm.com
- **Thomas Discon**    tdiscon@disconlawfirm.com, dlasalle@disconlawfirm.com;smistric@disconlawfirm.com;sdiscon@disconlawfirm.com;cmitchell@disconlawfirm.com
- **Stanwood Robert Duval**    stan@duvallawfirm.com
- **Robert Gayda**    gayda@sewkis.com
- **Amanda Burnette George**    Amanda.B.George@usdoj.gov
- **George R. Gibson**    ggibson@nathansommers.com
- **Paul J. Goodwine**    pgoodwine@loopergoodwine.com
- **Sierra Elizabeth Grass**    sgrass@newmanmathis.com
- **Aaron Benjamin Greenbaum**    Aaron.Greenbaum@pjgglaw.com, cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com
- **Katherine Wells Gressett**    katherine@snw.law
- **Hansel M. Harlan**    hansel@harlanlegal.com
- **Katilyn Michelle Hollowell**    katie.hollowell@keanmiller.com
- **James H. Hunter**    jim.hunter@roystonlaw.com
- **Lindsey M Johnson**    ljohnson@loopergoodwine.com
- **Terry Josh Judd**    jjudd@andrewsmyers.com
- **Benjamin Kadden**    bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com
- **Shanna M. Kaminski**    skaminski@kaminskilawpllc.com
- **William H.L. Kaufman**    whkaufman@ohllc.com, clchiasson@ohllc.com
- **Iain L. C. Kennedy**    ikennedy@nathansommers.com
- **Brian A. Kilmer**    bkilmer@qmclaw.com, bkilmer@ecf.courtdrive.com
- **Henry A. King**    hking@kingjurgens.com
- **Donald R Kirk**    dkirk@carltonfields.com
- **Omer F. Kuebel**    rick.kuebel@troutman.com
- **Michael E. Landis**    mlandis@lawla.com, szito@lawla.com
- **Robert J Landry**    robert@landrymagee.com
- **Fernand L. Laudumiey**    laudumiey@chaffe.com, bankruptcy@chaffe.com;messina@chaffe.com
- **Theresa Marie Leith**    tleith@derbeslaw.com
- **Jonathan P. Lemann**    lemannjp@couhigpartners.com, mtarifa@couhigpartners.com
- **Joshua A. Lesser**    jlesser@bradley.com
- **Simon Levitsky**    simon.levitsky@wbd-us.com

- **Francis V Liantonio**  frank.liantonio@arlaw.com, kim.gex@arlaw.com
- **Armistead M. Long**  along@gamb.com, sroberts@gamb.law
- **Tabitha Mangano**  tmangano@hinshawlaw.com, NOLDocket@hinshawlaw.com
- **Tristan E. Manthey**  tmanthey@fishmanhaygood.com, kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com
- **David McCrory**  dkmccrory@ohllc.com, kbpilgreen@ohllc.com
- **Elizabeth Belle McIntosh**  ebmcintosh@liskow.com
- **Richard McNelley**  richard@gp-law.com
- **Carey L. Menasco**  clmenasco@liskow.com
- **Andrew D. Mendez**  amendez@stonepigman.com
- **David J. Messina**  messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com
- **Mark Mintz**  mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com
- **Abigail Wood Mock**  amock@stewartrobbins.com
- **Harry Morse**  harry@bohmanmorse.com
- **Trevor C. Mosby**  tmosby@bakerdonelson.com, stannehill@bakerdonelson.com
- **Cherie D. Nobles**  cnobles@fishmanhaygood.com, dbush@fishmanhaygood.com;kfritscher@fishmanhaygood.com
- **George R. Parrott**  robert.parrott@arlaw.com, Vicki.owens@arlaw.com
- **Matthew Bond Pettaway**  matt.pettaway@taylorporter.com
- **Jennifer Eddington Priebe**  jennifer@lunsfordbaskin.com
- **Patrick B. Reagin**  patrick.reagin@hklaw.com
- **Samuel Riccardi**  sriccardi@lawla.com
- **Ryan James Richmond**  ryan@snw.law
- **Joseph P. Rovira**  josephrovira@hunton.com
- **Michael D. Rubenstein**  mdrubenstein@liskow.com, lschnabel@Liskow.com
- **David Rubin**  David.Rubin@butlersnow.com
- **Neal Settergren**  neal@gp-law.com
- **Patrick M. Shelby**  rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com
- **Regina Stango Kelbon**  regina.kelbon@blankrome.com
- **William E. Steffes**  bsteffes@steffeslaw.com, akujawa@steffeslaw.com;cbiggs@steffeslaw.com
- **Dean Sutherland**  deans@jeanrem.com
- **Riley Svikhart**  rsvikhart@bakerdonelson.com, jbowers@bakerdonelson.com
- **Jeffrey Michael Toepfer**  jtoepfer@newmanmathis.com
- **Coleman Torrans**  ctorrans@lawla.com, ijohnson@lawla.com
- **Office of the U.S. Trustee**  USTPRegion05.NR.ECF@usdoj.gov
- **Lindsey M. Valenti**  lvalenti@duplass.com
- **Robert P. Vining**  rvining@sbsblaw.com, bkyle@sbsblaw.com
- **Gregory F. Vizza**  vizza@blankrome.com
- **Raymond Timothy Waid**  rwaid@liskow.com
- **Bryant Stanier York**  byork@stonepigman.com, lkapit@stonepigman.com
- **J Christopher C Zainey**  czainey@lambertzainey.com

/s/ Benjamin W. Kadden
Benjamin W. Kadden