**UNITED STATES BANKRTUPCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |

**DEBTORS' CERTIFICATE OF NO OBJECTION AS TO JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO THE BREAKAWAY LITIGATION**

**[Relates to ECF Doc. 494]**

Undersigned counsel to Crosby Marine Transportation, LLC ("*CMT*"), Crosby Tugs, L.L.C. ("*Crosby Tugs*"), Crosby Dredging, LLC ("*Crosby Dredging*") and Bertucci Contracting Company, L.L.C. ("*Bertucci*") as debtors and debtors-in-possession, (collectively, "*Debtors*") in the above-captioned chapter 11 bankruptcy cases (the "*Chapter 11 Cases*") certifies in accordance with Part XV of the Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District of Louisiana, amended as of January 10, 2025 ("*Complex Case Procedures*"), as follows:

1.     On June 4, 2026, the Debtors filed Joint Motion for Relief from the Automatic Stay with Respect to the Breakaway Litigation. [ECF Doc. 494] ("**Joint Motion**"). Pursuant to Part V of the Court's Complex Case Procedures, the Debtors gave notice in the Motion that a hearing would be conducted on the Motion at the next Omnibus Hearing on July 9, 2026, at 9:30 a.m. (Central Time)

---

[1]     An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26- 10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4].

("***Hearing***") before the Court and objections were due to be filed and properly served no later than seven (7) days before the Hearing, or on or before June 2, 2026 ("***Objection Deadline***"). The Debtors caused the Application and Notice of Hearing to be served on the parties listed on the applicable Limited-Service List. [ECF Doc. 503].

2.      Undersigned counsel certifies that they have reviewed the docket in the above-captioned case, and no objection was filed into the record before or after the Objection Deadline, and neither the Debtor, nor Debtor's counsel has received, or is aware of, any formal or informal, timely or untimely, objections or comments to the Motion.

3.      On the basis that all parties-in-interest have received notice and not objected to the sought-after relief, the Debtor requests that the Court enter a proposed order—attached here as **Exhibit A** and submitted to chambers via e-mail (sectionaorders@laeb.uscourts.gov) in Word document form—without hearing, at the earliest convenience of the Court.

Undersigned counsel will appear at the noticed Hearing unless and until the Court enters an order granting the requested relief or otherwise cancelling the hearing.

Dated: July 6, 2026

Respectfully submitted:

*/s/Benjamin W. Kadden*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**

601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Counsel for Debtors and Debtors in Possession***

**EXHIBIT A**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>CROSBY MARINE TRANSPORTATION, LLC, *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10678<br>(JOINTLY ADMINISTERED)<br><br>CHAPTER 11<br>COMPLEX CASE<br><br>SECTION A |

**<u>ORDER</u>**

Considering the foregoing Joint Motion for Relief from the Automatic Stay with Respect to the Breakaway Litigation (the "**Motion**") filed by Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., Crosby Dredging, LLC, Bertucci Contracting Company, L.L.C., Harvey Seas, LLC, Harvey Gulf International Marine, LLC, Certain Underwriters subscribing to Harvey Seas' Hull & Machinery Policy #GCP 19537, Modern American Railroad Services, L.L.C., Shore Offshore Services, LLC, Martin Operating Partnership, L.P., Martin Energy Services, L.L.C., Weeks Marine, LLC, Terrynn Lyons, Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, and Lessle Williams;

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the automatic stay is modified and lifted solely with respect to *All Coast, LLC v. Shore Offshore Services, LLC, et al.*, E.D. La. Civil Action No. 21-258 c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075, and 21-2227 (the "**Breakaway Litigation**") to allow (i) the Breakaway Litigation to proceed to judgment before Judge Zainey on the already tried liability, limitation, and allocation of fault issues; (ii) appeals to be taken if appropriate; (iii) damages claims to be determined, liquidated, and reduced to judgments in subsequent proceedings in the Breakaway Litigation; (iv) the amicable resolution or settlement of any of the claims associated with the Breakaway Incident with

---

[2] The Debtors are, in addition to Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C. (Case No. 26-10679); Crosby Dredging, LLC (Case No. 26-10680); and Bertucci Contracting Company, L.L.C. (Case No. 26-10681).

-6-

any of the insurers of Crosby Tugs, L.L.C.; (v) the enforcement and collection of any final judgments rendered against the assets of any party other than Crosby Tugs, L.L.C.; and (vi) the enforcement and collection of any final judgments rendered against Crosby Tugs, L.L.C. or its insurers against Crosby Tugs, L.L.C.'s insurers.

**IT IS FURTHER ORDERED** that the fourteen (14) day stay prescribed in Fed. R. Bankr. P. 4001(a)(3) is hereby waived and the terms of this Order shall be effective immediately upon its entry.

New Orleans, Louisiana, _____, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE