**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE
CROSBY MARINE TRANSPORTATION, LLC    CASE NO. 26-10678
DEBTOR             CHAPTER 11

## MOTION FOR RELIEF FROM STAY OR IN ALTERNATIVE MOTION FOR ADEQUATE PROTECTION.

Now comes Ally Bank ("Movant") who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code.

1  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2  Movant holds a security interest in the vehicle identified as a 2024 Chevrolet Silverado 2500 HD Crew Cab Work Truck 4WD 6.6L V8, VIN: 1GC1YLE73RF178029 (the "Collateral"). Copies of the purchase and financing Contract and Certificate of Title are attached as Exhibits "A" and "B," respectively and indicate that Debtor, CROSBY MARINE TRANSPORTATION, LLC is the owner of the collateral.

3  On March 23, 2026, Debtor filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code.

4  As of June 1, 2026, Debtor owes a contract balance to Movant of $39,013.72.

5  Debtor is in default to Movant pursuant to the Retail Installment Sales Contract.

6  Debtor has defaulted in the amount of $5,694.58 where pre-petition arrears are $1,527.82 and post-petition amount of $4,166.76. The last payment was received on January 31, 2026. A copy of the payment history is attached as Exhibit "C."

7       Movant alleges the subject property has a value of $43,843.75, as per the most recent JD Power Official Used Car Guide Vehicle Summary, A copy of the JD Power printout is attached hereto as Exhibit "D".

8       Continuation of the automatic stay will cause real and irreparable harm to Movant and may deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 361 and/or 362.

9       Further cause exists to lift the stay because the Collateral is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2).

10      Movant hereby consents to the continuation of the automatic stay until a hearing is held on the merits of this motion and hereby waives its right to a hearing within thirty (30) days of the date of this motion as provided by Section 362(e)(1) of the Bankruptcy Code.

11      Movant asks the Court to waive the 14-day stay under Rule 4001(a)(3) for any order granting relief from the automatic stay, as imposing said stay would be unduly burdensome and prejudicial to Movant.

12      Movant is entitled to relief from the automatic stay because the value of Collateral continues to depreciate.

WHEREFORE, Movant prays that this Court enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. § 362, and waiving the 14-day stay of such order under Rule 4001(a) (3). Movant also asks that any order granted under this motion shall remain in effect should this case be converted to another bankruptcy Chapter. Movant asks for such other and further relief to which it is justly entitled.

Dated: July 9, 2026,                                    Respectfully submitted,

*/s/Maro Petkovich, Jr.*
Maro Petkovich, Jr.
Louisiana Bar Number 34027
Bowes, Petkovich & Palmer, LLC
2550 Belle Chasse Highway,
Suite 200
Gretna, LA 70053
Telephone: (504) 368-2700
Fax: (504) 368-2900
maro@bpp-law.com
Attorney  for  Movant,  Ally  Bank

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, a copy of the foregoing Motion for Relief from Stay or In Alternative Motion for Adequate Protection. was served on the following registered ECF participants and the attached mailing matrix, electronically through the Court's ECF System at the email address registered with the Court and/or through U.S. First Class Mail:

Debtor(s) via US Mail:
Crosby Marine Transportation, LLC
c/o Kurt Crosby
P.O. Box 1226
Galliano, LA 70354

US Trustee via ECF:
Office of the U.S. Trustee
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130
504-589-4018

Counsel for Debtor(s) via ECF:
Avery Autin
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras Street
New Orleans, LA 70130
504-427-8761
Email: aautin@lawla.com

*/s/Cathy Bush*
Cathy Bush

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:
CROSBY MARINE TRANSPORTATION, LLC      CASE NO. 26-10678
DEBTOR      CHAPTER 11

STATE OF _____TEXAS_____

COUNTY OF _____DALLAS_____

BEFORE ME, the undersigned Notary, came and appeared __Paul Tangen__, a

competent person of the full age of majority and the __BANKRUPTCY ANALYST__ of AIS Portfolio Services,

LLC, the bankruptcy servicer and custodian of records for Ally Bank ("Movant") whose permanent

mailing address is 4515 N Santa Fe Ave, Oklahoma City, OK 73118 ("Affiant") who after being

sworn by me, Notary, declares:

1. This Affidavit is submitted in support of the Motion for Relief from Stay or in the
   Alternative Motion for Adequate Protection filed in the above captioned case by Ally Bank
   ("Movant").

2. My name is __Paul Tangen__ and I am a __BANKRUPTCY ANALYST__ for
   AIS Portfolio Services, LLC, the bankruptcy servicer and custodian of records for Ally
   Bank ("Movant"). In that capacity, I am familiar with the books and accounts of the Movant
   and have examined all books, records, and documents kept by the Movant concerning the
   transaction alleged in the Motion. All of the books, records, and documents are kept by
   Movant in the regular course of its business and are made at or near the time of transaction
   using information transmitted by persons with personal knowledge of the facts. It is the
   regular practice of Movant to make and keep these books, records, and documents. The
   books, records, and documents that the Affiant examined are in the custody and under the

1

supervision and control of _____BANKRUPTCY ANALYST_____ and are complete, accurate, and correct.

Furthermore, Affiant has personal knowledge of the matters contained in the books, records and documents.

3. My responsibilities include, but are not limited to, handling delinquent bankruptcy accounts, ascertaining amounts due and payable, and otherwise handling collections.

4. I have personal knowledge of the facts contained in this Affidavit. Specially, I have personal knowledge of the facts regarding the sums of money which are due and owing pursuant to the Retail Installment Sales Contract that are the subject matter of the Motion for Relief from Stay or in the Alternative Motion for Adequate Protection.

5. As of June 1, 2026, debtor was indebted to movant in the full contractual amount of $39,013.72.

6. Under the terms of the Retail Installment Sales Contract, Debtor was obligated to pay $1,388.92 per month in principal and interest beginning on October 26, 2023, and continuing monthly thereafter.

7. Debtor defaulted on the obligations owed to Movant:

   a. Debtor has defaulted in the amount of $5,694.58 where pre-petition arrears are $1,527.82 and post-petition amount of $4,166.76. The last payment was received on January 31, 2026. A copy of the payment history is attached as Exhibit "C".

   b. Debtors may have failed to maintain adequate insurance over the collateral.

The loan documents attached to the Motion are genuine, authentic, and true copies of the originals, under the custody and control of _____BANKRUPTCY ANALYST_____.

I have read the Motion for Relief and know from my knowledge that the facts contained therein are true, accurate, and correct.

2

_Pal 1_

Print name:      PAUL TANGEN

Title:      BANKRUPTCY    ANALYST

SWORN TO AND SUBSCRIBED BEFOPRE ME
THIS 26ᵗʰ DAY OF _June_ , 2026.

NOTARY PUBLIC

CATHERINE SALAZAR
Notary Public, State of Texas
Comm. Expires 11-03-2029
Notary ID 131340164

3

DocuSign Envelope ID ████████

## RETAIL INSTALLMENT SALE CONTRACT
### (Multiple Vehicles – Commercial/Business Use Only)

| Buyer Name and address (include county and zip code) | Co-Buyer Name and address (include county and zip code) | Seller (Seller name and address) |
|---|---|---|
| CROSBY TUGS LLC 17751 HWY 3235 GALLIANO, LA 70354 County: LAFOURCHE | | CLASSIC CHEVROLET, INC. 1101 W Highway 114 Grapevine, TX 76051 |
| Buyers' Month of Birth (FL only): | Co-Buyers' Month of Birth (FL only): | |

**Florida Documentary Stamp Tax (FL only).** Florida documentary stamp tax required by law in the amount of has been paid or will be paid directly to the Florida Department of Revenue. Certificate of Registration No. ████████

The Buyer (jointly and severally with Co-Buyer, if any, "you") may buy the vehicles described in the Schedule (each a "Vehicle", and collectively, "Vehicles") for cash or on credit. By signing this Agreement, you agree to buy the Vehicles on credit under the terms in this Agreement. For each Vehicle, you agree to pay Seller and, after assignment, Ally Bank (a/k/a Ally Capital in Hawaii, a/k/a Ally Bank Corp. in New Mexico, a/k/a Ally Capital Corp. in Arizona, Mississippi, New Jersey, Montana, and Wisconsin) ("Ally") and any subsequent assignee ("we", "us", or "Seller"), the Amount Financed and Finance Charge in U.S. funds according to the payment schedule set forth on the Schedule for such Vehicle. We will figure the Finance Charge for each Vehicle on a daily basis.

**Notice to California and Arizona Buyers. Auto Broker Fee Disclosure:** If the Applicable State is California, then if this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an auto broker from us unless the following box is checked. If the Applicable State is Arizona, then IF THE BOX IS CHECKED, THIS CONTRACT IS SUBJECT TO A BROKER FEE PAID BY THE SELLER TO:

| ☐ | Name of auto broker receiving fee, if applicable: | |
|---|---|---|

---

**NOTICE TO ILLINOIS & ARIZONA BUYERS: FOR EACH USED VEHICLE ONLY:**

If the Applicable State is Illinois, then Illinois law requires that this Vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. "Power train component" means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, transmission, and all internal transmission parts, torque converter, drive shaft, universal joints, rear axle and all rear axle internal parts, and rear wheel bearings. You (the consumer) will have to pay up to $100 of each of the first 2 repairs if the warranty is violated.

ATTENTION CONSUMER: SIGN HERE ONLY IF THE SELLER HAS TOLD YOU THAT THE FOLLOWING VEHICLE(S) HAS (HAVE) THE FOLLOWING PROBLEM OR PROBLEMS AND YOU AGREE TO BUY THE VEHICLE(S) ON THOSE TERMS:

If the Applicable State is Arizona, then the seller hereby warrants that this vehicle will be fit for the ordinary purposes for which the vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. You (the purchaser) will have to pay up to $25.00 for each of the first two repairs if the warranty is violated.

ATTENTION PURCHASER: SIGN HERE ONLY IF THE DEALER TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM(S) AND THAT YOU AGREE TO BUY THE VEHICLE ON THOSE TERMS:

ATENCIÓN COMPRADOR: FIRME AQUI SOLAMENTE SI EL VENDEOR LE HA DICHO QUE EL VEHÍCULO TIENE EL/LO SIGUIEN TE(S) PROBLEMA(S) Y QUE USTED ESTÁ DE ACUERDO EN COMPRAR EL VEHÍCULO BAJO ESTOS TÉRMINOS:

| VIN: | 1. | 2. | 3. |
|---|---|---|---|
| VIN: | 1. | 2. | 3. |
| VIN: | 1. | 2. | 3. |
| VIN: | 1. | 2. | 3. |

Buyer: _____

Signature: _____
Name (printed): _____
Title: _____
Date: _____

Co-Buyer: _____

Signature: _____
Name (printed): _____
Title: _____
Date: _____

---

1. **DEFINED TERMS.** As used in this Agreement, the following terms have the following meanings: "Agreement" means this Retail Installment Sale Contract, together with all exhibits and schedules attached hereto, including without limitation the Schedule, as may be amended, restated, supplemented, or replaced from time to time; "Schedule" means the Schedule 1 attached to this Retail Installment Sale Contract.

2. **FINANCE CHARGE AND PAYMENTS.**

   a. **How we will figure Finance Charge.** For each Vehicle, the Finance Charge is figured on a daily basis at the Annual Percentage Rate set forth on the Schedule for such Vehicle on the unpaid part of the Amount Financed for such Vehicle, except that if the Applicable State is Texas, then, for each Vehicle, we figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge for any Vehicle will be figured by applying the daily rate to the unpaid portion of the Amount Financed for such Vehicle for the number of days the unpaid portion of the Amount Financed is outstanding, for any Vehicle, the daily rate is 1/365th of the Annual Percentage Rate for such Vehicle. The unpaid portion of the Amount Financed does not include late charges.

Multi Asse ████████                                                    1

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy ████

DocuSign Envelope ID:

EXHIBIT A

**b.** **How we will apply payments.** All amounts we receive will be applied to payment of your obligations under this Agreement in such order as we determine, in our sole discretion as the law allows.

**c.** **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the Schedule for each Vehicle on the assumption that you will make every payment on the day it is due. For any Vehicle, your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d.** **You may prepay.** Unless otherwise agreed, you may prepay all or part of the unpaid part of the Amount Financed for any Vehicle at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge for such Vehicle and all other amounts due in connection with such Vehicle up to the date of your payment. Provided no default has occurred and is continuing, upon our receipt of prepayment in full for a particular Vehicle, including without limitation all Amount Financed, Finance Charges, and other amounts owing under this Agreement with respect to such Vehicle, we will promptly release our lien on such Vehicle.

**3. YOUR OTHER PROMISES TO US.**

**a.** **If any Vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this Agreement, even if a Vehicle is damaged, destroyed, confiscated, stolen, or missing.

**b.** **Using the Vehicles.** You agree not to: (i) remove any Vehicle from the U.S. or Canada without our written permission; (ii) sell, rent, lease, or transfer any interest in any Vehicle or this Agreement without our written permission; (iii) expose any Vehicle to misuse, seizure, confiscation, or involuntary transfer; or (iv) use any Vehicle in violation of any Federal, state, or municipal statute, law, or ordinance, or contrary to the provisions of any applicable insurance policy. You will pay all repair bills, storage bills, taxes, fines, or charges related to each Vehicle. If we pay any repair bills, storage bills, taxes, fines, or charges on any Vehicle(s), you agree to repay the amount when we ask for it.

**c.** **Security Interest.** You give us a security interest in:
1. Each Vehicle and all parts or goods installed in it, and any other goods financed in this Agreement;
2. All money or goods received (proceeds) for the Vehicles, including without limitation insurance proceeds;
3. All insurance, maintenance, service, or other contracts we finance for you; and
4. All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

The collateral described above secures payment of all you owe under this Agreement. It also secures your other agreements in this Agreement. For purposes of clarification, you agree that any and all collateral now or hereafter subject to the security interest granted in this Agreement secures any and all obligations owing under this Agreement, including without limitation obligations owing in connection with each of the Vehicles. You will, at your own expense, do everything necessary or prudent or that we request to perfect and preserve the security interests granted to us under this Agreement, including without limitation ensuring that the title for each Vehicle shows our security interest (lien) in such Vehicle or filing financing statements. You will not allow any other security interest to be placed on the title without our written permission. You agree that we are authorized to take any actions necessary to perfect and preserve our security interests in the collateral described above. Notice to Arizona Buyers: BY GIVING US A SECURITY INTEREST IN THE VEHICLE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH PROPERTY EXEMPT FROM PROCESS.

**d.** **Insurance you must have on the Vehicles.** You agree to have physical damage insurance covering loss or damage to the Vehicles for the term of this Agreement. The insurance must cover our interest in the Vehicles as well as yours. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not provide us evidence that you have this insurance, we may, if we decide, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the Vehicles or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge for insurance on any Vehicle will be the premium for the insurance for such Vehicle and a finance charge at the Annual Percentage Rate shown on the Schedule for such Vehicle or, at our option, the highest rate the law permits.

If any Vehicle is lost, stolen or damaged, you agree that we may apply any insurance proceeds to amounts you owe under this Agreement, whether or not due, or, at our option, to repair such Vehicle. You agree to cooperate with us in collecting insurance proceeds.

**You may buy the physical damage insurance this Agreement requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. Your choice of insurance providers will not affect the credit terms or our decision to sell or extend credit to you. You are not required to buy any other insurance to obtain credit.**

**Notice to Texas Buyers: You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this Agreement. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas.**

Notice to Washington Buyers: WARNING: UNLESS YOU PROVIDE US WITH EVIDENCE OF THE PHYSICAL DAMAGE INSURANCE COVERAGE AS REQUIRED BY THIS CONTRACT, WE MAY (BUT ARE NOT REQUIRED) PURCHASE INSURANCE AT YOUR EXPENSE TO PROTECT OUR INTEREST. THIS INSURANCE MAY, BUT NEED NOT, ALSO PROTECT YOUR INTEREST. IF THE COLLATERAL BECOMES DAMAGED, THE COVERAGE WE PURCHASE MAY NOT PAY ANY CLAIM YOU MAKE OR ANY CLAIM MADE AGAINST YOU. YOU MAY LATER CANCEL THIS COVERAGE BY PROVIDING EVIDENCE THAT YOU HAVE OBTAINED PROPER COVERAGE ELSEWHERE. YOU ARE RESPONSIBLE FOR THE COST OF ANY INSURANCE PURCHASED BY US. THE COST OF THIS INSURANCE MAY BE ADDED TO YOUR AMOUNT FINANCED. IF THE COST IS ADDED TO THE AMOUNT FINANCED, THE ANNUAL PERCENTAGE RATE ON THIS CONTRACT WILL APPLY TO THIS ADDED AMOUNT. THE EFFECTIVE DATE OF COVERAGE MAY BE THE DATE YOUR PRIOR COVERAGE LAPSED OR ANOTHER DATE AFTER THAT DATE OF LAPSE. THE COVERAGE WE PURCHASE MAY BE CONSIDERABLY MORE EXPENSIVE THAN INSURANCE YOU CAN OBTAIN ON YOUR OWN AND MAY NOT SATISFY WASHINGTON'S MANDATORY LIABILITY INSURANCE LAWS.

Notice to Pennsylvania Buyer(s): If you do not meet your contract obligations, you may lose the vehicle.

Notice to Virginia Buyers: You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Virginia.

Notice to Missouri and Illinois Buyer(s): Unless you provide evidence of the insurance coverage required by this Agreement, we may purchase insurance at your expense to protect our interests in the Vehicles, or any of them. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the Vehicles. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required. If we purchase insurance for the Vehicles (or any of them), you will be responsible for the costs of that insurance, including the insurance premium, interest, and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The

**Multi Asset**

2

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy

DocuSign Envelope ID:

· costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER, UNLESS THE APPLICABLE STATE IS GEORGIA AND THE LAW ALLOWS IT.**

**THIS AGREEMENT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL OR BODILY INJURY LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**e.** **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may apply such refund to amounts you owe under this Agreement, whether or not due.

**f.** **Representations and Warranties.** You represent and warrant to us that (i) all information you provided in this Agreement, the related application(s), and all other related documents is true and accurate and complete, (ii) you do not intend to lease or rent any of the Vehicles during the term of this Agreement, and (iii) the Vehicles will primarily be used for business purposes and **not** for personal, family, household, or agricultural purposes.

**4.** **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES.**

**a.** **You may owe late charges.** If the Applicable State is Missouri, then if a payment is not received in full within 15 days after it is due, you will pay a late charge of 5% of the part of the payment this is late. If the payment due is $25.00 or less, the maximum late charge will be $5.00. Otherwise, the maximum charge will be $25.00, and the minimum charge will be $10.00. If the Applicable State is Tennessee, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of $1.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Florida, then if all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due. If the Applicable State is North Carolina, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of $15.00. If the Applicable State is Indiana, then if a payment is not received in full within 10 days after it is due you will pay a late charge of $5.00 if payments are due every 14 days or less, or $25.00 if payments are due every 15 days or more, or this contract is payable in a single installment due at least 30 days after it is made. If the Applicable State is New Jersey, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the Applicable State is Ohio, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of $20.00 or 5% of each installment, whichever is greater. If the Applicable State is Texas, then if we do not receive your entire payment within 15 days after it is due, you will pay a late charge of 5% of the scheduled payment. If the Applicable State is California, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment this is late. If the Applicable State is Illinois, then if a payment is not received in full within 10 days after it is due, you will pay a late charge of $10.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Utah, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $30.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Washington, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $5.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Colorado, then if a payment is not received within 10 days after it is due, you will pay a late charge of $15.00. If the Applicable State is Oregon, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the Applicable State is Georgia, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $50.00 or 5% of the part of the payment that is late, whichever is less. If the Applicable State is New York, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $1.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Maryland, then if we do not receive your entire payment within 15 days after it is due, you will pay a late charge of 10% of the part of the payment that is late, with a minimum charge of $5.00. If the Applicable State is Pennsylvania, then if we do not receive your entire payment within 10 days after it is due you will pay a late charge of 2% of the part of the payment that is late. If the Applicable State is Oklahoma, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $27.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Michigan, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $15.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Arizona, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late with a maximum fee of $10 for trailers purchased under this agreement. If the Applicable State is Virginia, then if we do not receive your entire payment within 7 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the Applicable State is Louisiana, then if we do not receive your entire payment within 10 days after it is due, you will pay a late charge of $10.00 or 5% of the part of the payment that is late, whichever is greater. If the Applicable State is Iowa, if payment is not received in full within 10 days after it is due, you will pay a late charge of $30 or 5% of the part of the payment that is late, whichever is less. If the Applicable State is Massachusetts then if we do not receive your entire payment within 15 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the Applicable State is Wisconsin, then if the payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. If the Applicable State is Minnesota, then if the payment is not received within 10 days after it is due, you will pay a late charge of 5% of the full payment amount.

Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b.** **You may have to pay all or any portion that you owe at once.** If you break your promises (default), we may demand that you pay, as determined by us in our sole discretion, all, or any portion that you owe under this Agreement at once after we give you any notice the law requires, if any, subject to any right the law gives you to reinstate. Default means:

1. You do not pay any payment on time;
2. You become insolvent or bankrupt or admit in writing your inability to pay your debts as they may mature, or make an assignment for the benefit of creditors or apply for or consent to the appointment of a trustee or receiver for you or any major part of your property;
3. A trustee or receiver is appointed for you or for a major part of your property and is not discharged within 30 days after such appointment;
4. Bankruptcy, reorganization, insolvency, liquidation or any other proceeding for relief under any bankruptcy or similar law for the relief of debtors, is instituted by or against you, and allowed, consented to or not dismissed within 30 days after such institution;
5. Any of your representations or warranties made in this Agreement or any other documents, statements, or certificates furnished with respect to or in connection with this Agreement or the Vehicles is untrue in any material respect; or
6. You break any agreements set forth in this Agreement.

Provided, however, if the Applicable State is Missouri, we will only treat clauses 2 through 6 above as a default if such event significantly impairs our prospect of payment, performance, or ability to realize upon the collateral.

**Multi Asset**

3

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy

DocuSign Envelope ID:

· The amount you will owe may include the unpaid part of the Amount Financed for the Vehicles, plus the earned and unpaid part of the Finance Charges for the Vehicles, any late charges, and any amounts due because you defaulted.

   **c.** **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect any amount that you owe, you will pay the attorney's reasonable fee and any court costs, as the law allows, provided that if the Applicable State is Illinois, you will only pay court costs if a judgment is entered against you and court costs are awarded by the court. If the Applicable State is North Carolina, Colorado, Georgia, New York or Missouri, then the maximum attorney's fees you will pay will be 15% of the amount you owe. If the Applicable State is Ohio, then you will not be responsible for attorney's fees. You will also pay any collection costs we incur as the law allows. If the Applicable State is Oregon, then if we refer this contract for collection to an attorney who is not our salaried employee, you will pay the attorney's fee, plus the court costs and disbursements. You will also pay any collection costs we incur as the law allows. If the Applicable State is Utah, if we hire a third party collection agency to collect the amount you owe, you will pay a collection fee that does not exceed the lesser of; 1) The actual amount we are required to pay to the third party collection agency or a licensed attorney, regardless of whether that amount is a specific dollar amount or a percentage of the amount you owe to us; or 2) 40% of the amount you owe to us. If the applicable state is Arizona, no attorney fees will be charged related to any trailers purchased under this Agreement.

   **d.** **We may take the Vehicles from you.** If you default, we may take (repossess) the Vehicles, or any of them, from you after we give you any notice the law requires, if any, if we do so peacefully and the law allows it. We may repossess the vehicle with or without resort to judicial process. If any Vehicle has an electronic tracking device (such as a GPS), you agree that we may use the device to find such Vehicle. If we take the Vehicles, or any of them, any accessories, equipment, and replacement parts will stay with such Vehicle(s). If any personal items are in the repossessed Vehicle(s), we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows, provided that, if the Applicable State is Tennessee, we may dispose of such personal items if you do not ask for them back within 14 days from the date we take the Vehicle(s).

   **e.** **Debtor's Liability for Failure to Return Vehicle (Arizona Only):** If you are in default, we may send you a notice of default. It is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. A notice of default may be mailed to the address on the contract. It is your responsibility to keep the listed address current. Unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony. Assuming there are no aggravating circumstances, and you have no prior felony convictions, the maximum penalty is 1.5 years in prison and a $150,000 fine.

   **f.** **How you can get repossessed Vehicles back.** If we repossess any Vehicle, in many situations, the law gives you the right to get such Vehicle back. We will tell you what you have to do to get it back.

   **g.** **We will sell Vehicles if you do not get them back.** If you do not do what is required to get a Vehicle back, we will sell the Vehicle. We will send you a written notice of sale before selling such Vehicle (the parties agreeing that ten days' prior written notice constitutes adequate notice of such sale). We will apply the money from the sale, less allowed expenses, to the amount you owe. For any Vehicle, allowed expenses are expenses we pay as a direct result of taking such Vehicle, holding it, preparing it for sale, and selling it as the law allows. Attorney fees (except when the Applicable State is Ohio) and court costs the law permits are also allowed expenses. If any money is left (surplus), we may pay it to you or if otherwise agreed, apply it to amounts you owe to us under other agreements, unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the Schedule for such Vehicle.

   **h.** **What we may do about optional insurance, maintenance, service, or other contracts.** This Agreement may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess one or more Vehicles, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair such Vehicle(s). If any such Vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

   **i.** **Other Remedies.** We may exercise any other right or remedy available to us under the Agreement or applicable law or equity or proceed by appropriate court action to enforce the terms of this Agreement or applicable law or equity or to recover damages for breach.

**5. SERVICING AND COLLECTION CONTACTS.** You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**6. WARRANTIES SELLER DISCLAIMS. Unless we make a written warranty or enter into a service contract within 90 days from the date of this Agreement, we make no warranties, express or implied, on the Vehicles, and there will be no implied warranties of merchantability or of fitness for a particular purpose, except as expressly described below. This provision does not affect any warranties covering the Vehicles that the manufacturer may provide. Notwithstanding the foregoing:**

   **a.** **If the Applicable State is California, and if any Vehicle was sold to you as a certified used vehicle, the warranty of merchantability is not disclaimed for such Vehicle.**

   **b.** **If the Applicable State is Illinois, and if any Vehicle is a used vehicle, such Vehicle is subject to implied warranty of merchantability, but only to the extent required by Illinois law. The implied warranty of merchantability expires at midnight on the 15th calendar day after delivery of such Vehicle or until such Vehicle is driven 500 miles after delivery, whichever is earlier. This implied warranty of merchantability does not extend to damage that occurs after the sale that results from: (1) off-road use; (2) racing; (3) towing; (4) abuse; (5) misuse; (6) neglect; (7) failure to perform regular maintenance; and (8) failure to maintain adequate oil, coolant, and other required fluids or lubricants.**

   **c.** **If the Applicable State is Arizona, unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, except as described above for used vehicles. Making no warranties means that the Seller is selling the vehicle as is – not expressly warranted or guaranteed and without any implied warranties of merchantability (except as described above) or of fitness for a particular purpose.**

**7. SAVINGS CLAUSE.** Notwithstanding anything else in this Agreement or in any other document or agreement relating to it, all Finance Charge and other charges are expressly limited to, and may not exceed, the maximum amount permitted by law. If under any circumstance, the Finance Charge, or any other amount agreed upon, charged or received in connection with this Agreement would exceed the maximum amount lawfully permitted, it will be reduced to the maximum lawful amount. If any Finance Charge or other charge in excess of the maximum lawful amount is at any time received, it will be applied to unpaid amounts lawfully owed or will be refunded. In addition, all amounts from time to time owed in connection with this Agreement are limited to the amounts lawfully earned and do not include unearned amounts. This paragraph controls over every other part of this Agreement and over every other document, statement or agreement at any time related to it.

**8. REMEDIES CUMULATIVE; DELAY.** All of our rights and remedies under, or in connection with, this Agreement are cumulative, are

**Multi Asset**                                   4

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy

DocuSign Envelope ID:

in addition to any other remedy referred to above or otherwise available at law or in equity, and may be exercised singly, concurrently, or successively in our sole and absolute discretion. We may delay or refrain from enforcing any of our rights under this Agreement without losing them. For example, we may extend the time for making some payments without extending the time for making others.

9. **TERMS OF AGREEMENT.** This Agreement will remain in full force and effect until all payments under this Agreement for all of the Vehicles have been paid in full and all obligations and conditions have been satisfied.

10. **ENTIRE AGREEMENT; MODIFICATIONS.** This Agreement (including, for purposes of clarity, the Schedule) contains the entire agreement between you and us relating to subject matter of this Agreement. Any change to this Agreement must be in writing and we must sign it. No oral changes are binding.

| Buyer: | CROSBY TUGS LLC | Co-Buyer: |
|---|---|---|
| Signature: | *MYLES CHERAMIE* (DocuSigned by) | Signature: |
| Name (printed): | Myles Cheramie | Name (printed): |
| Title: | Chief Financial Officer | Title: |

If the Applicable State is Missouri: **Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.** If the Applicable state is Virginia: No oral changes or modifications to this agreement are binding.

11. **ASSIGNMENT.** This Agreement will be binding upon and inure to the benefit of any assignee of us and the successors and assigns of any such assignee, and you and your successors and to the extent permitted hereby, your assigns. You may not assign any of your rights under this Agreement (including the Schedule) to any other party without our prior written consent. Any purported assignment in violation of this Section will be void and of no force or effect. You agree that we may assign this Agreement (including the Schedule) to any person at any time without notice or your consent. **You understand that we will assign all of our rights, title, and interest in this Agreement to Ally, and after assignment, Ally will have all of Seller's rights and remedies under this Agreement, and after you are notified of the assignment, you will make all payments directly to Ally. If the Applicable State is Maryland, on assignment of this Agreement, only this Agreement and the addenda to this Agreement compromise the entire agreement between you and the assignee relating to this Agreement.** If the Applicable state is Virginia, upon assignment of this Agreement: (i) only this Agreement and addenda to this Agreement comprise the entire agreement between you and the assignee relating to this Agreement (ii) any change to this Agreement must be in writing and the assignee must sign it and (iii) no oral changes are binding.

12. **VALIDITY.** If any part of this Agreement is not valid, all other parts stay valid.

13. **RECORDS AND SIGNATURES ACKNOWLEDGEMENT.** We may keep this Agreement in a paper or electronic form, regardless of how this Agreement was created or provided to you. We also may enforce this Agreement in either such form. If you signed this Agreement using an electronic signature, you acknowledge that your electronic signature has the same effect as your written ink signature.

14. **APPLICABLE LAW. The laws of the State of Seller's address set forth above ("Applicable State") and Federal law apply to this Agreement. If the Applicable State is Texas, then Chapter 353 of the Texas Finance Code applies to this Agreement. If the Applicable State is Maryland, then the Creditor Grantor Closed End Credit Provisions (Subtitle 10) of Title 12 of the Commercial Law Article of the Maryland Code apply to this Agreement.**

15. **UTAH CREDIT REPORT NOTICE. If the Applicable State is UTAH, as required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

16. **Pennsylvania Additional Rights. If the Applicable State is Pennsylvania, If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.**

**Used Car Buyers Guide. The information you see on the window form for a vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**Except if the Applicable State is Texas, you will not assert against any subsequent holder or assignee of this Agreement any claims or defenses you (debtor) may have against the seller or manufacturer of the Vehicles or equipment obtained under this Agreement.**

**Rejection or Revocation. If the Applicable State is Florida and you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of any Vehicle and you claim a security interest in such Vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.**

**Trade-In Payoff Agreement (CA only): Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount(s) shown in the Schedule as Less Pay Off Made by Seller and/or as Prior Credit or Lease Balance. You understand that the amount quoted is an estimate. Seller agrees to pay the payoff amount shown in those sections (as applicable) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown in those sections, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in those sections, Seller will refund to you any overage Seller receives from your prior lienholder or**

Multi Asset

5

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy

DocuSign Envelope ID: █████████

EXHIBIT A

lessor. Any assignee of this contract will not be obligated to pay any Less Pay-Off Made by Seller or Prior Credit or Lease Balance or any refund.

You authorize us to obtain information about you, or the vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.

If the Applicable State is California, you also waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**NOTICE TO BUYER(S): Do not sign this Agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Agreement you sign. Keep it to protect your legal rights. If the Applicable State is Missouri: Under the law you have the right to pay off in advance the full amount due and to obtain a partial refund of the finance charge (time price differential).**

**NOTICE TO PENNSYLVANIA BUYER(S): If the Applicable State is Pennsylvania, DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERTO OR WITH THE PROCEEDS HEROF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HERUNDER.**

**NOTICE TO MARYLAND BUYER(S) OF NEW VEHICLES: If the Applicable State is Maryland, NOTICE TO BUYER(S) OF NEW VEHICLES: IF YOU ARE PURCHASING A NEW VEHICLE WHICH IS SUBJECT TO A MANUFACTURER'S EXPRESS WARRANTY AND THE VEHICLE DOES NOT CONFORM TO THAT WARRANTY DURING THE WARRANTY PERIOD, YOU MUST GIVE WRITTEN NOTICE OF THE NONCONFORMITY, DEFECT OR CONDITION TO THE MANUFACTURER OR FACTORY BRANCH DURING THE WARRANTY PERIOD BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, IN ORDER TO PRESERVE YOUR RIGHTS UNDER THE MARYLAND AUTOMOTIVE WARRANTY ENFORCEMENT ACT.**

**NOTICE TO NEW YORK BUYER(S): If the Applicable State is New York 1) Do not sign this agreement before you read it or if it contains any blank space. 2) You are entitled to a completely filled in copy of the agreement. 3) Under the law, you have a right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) under certain circumstances obtain a rebate of the credit service charge. 4) According to law, you have the privilege of purchasing the insurance on the motor vehicle provided for in this contract from an agent or broker of your own selection.**

Multi Asset █████████                                                                 6

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*

Non-Authoritative Copy █████

DocuSign Envelope ID: █████████████████████

EXHIBIT A

. *be negotiable with the Seller. The Seller may assign this*
*Agreement and retain its right to receive a part of the Finance Charges.*

You agree to the terms of this Schedule. You agree that you have received the Vehicles described above, have had an opportunity to inspect and approve all of the Vehicles, and have accepted delivery of such Vehicles in good condition as of the date you executed this Agreement.

| Buyer Signs | Date: | Co-Buyer Signs | Date: |
|---|---|---|---|
| X ─DocuSigned by─ *MILES LARAMIE* 09/11/2023 | | X | |

**Co-Buyers and Other Owners** - A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the Vehicles but does not have to pay the debt. The other owner agrees to the security interest in the Vehicles given to us in this Agreement.

| Other Owner Signs | Date: | Address: |
|---|---|---|
| X | | |

| Seller Signs | Date: 9/11/2023 | By: Alan Marr | Title: Fin Mgr |
|---|---|---|---|
| X ─DocuSigned by─ | | | |

Acknowledged by the undersigned Guarantor (IL only)

| Guarantor Signs | Date: | Address: |
|---|---|---|
| X | | |

**Notice to Illinois and Virginia Buyers:**

# NO LIABILITY INSURANCE INCLUDED AND NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACATION

Multi Asset █████████

8

*Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.*
Copyright 2021 Ally Financial Inc. All rights reserved.

Non-Authoritative Copy █████

### Schedule 1 to Retail Installment Sale Contract

| Vehicle Information | Vehicle #1 | Vehicle #2 | Vehicle #3 | | |
|---|---|---|---|---|---|
| Ally Application Number | ███████ | | | | |
| New / Used / Demo | NEW | NEW | NEW | | |
| Year | 2024 | 2024 | 2024 | | |
| Make | CHEVROLET | CHEVROLET | CHEVROLET | | |
| Model | SILVERADO 2500HD | SILVERADO 2500HD | SILVERADO 2500HD | | |
| Vehicle ID# | 1GC4YLE74RF212024 | 1GC4YLE74RF211967 | 1GC1YLE73RF178029 | | |
| Odometer (actual) | 35 | 19 | 27 | | |
| Mfg Gross Vehicular Weight (PA Only) | | | | | |

**Itemization of Amount Financed**

| | | Vehicle #1 | Vehicle #2 | Vehicle #3 | | |
|---|---|---|---|---|---|---|
| 1 | Cash Price | | | | | |
| a | Vehicle Cash Price (incl accessories)(excl sales tax) | $53,480.00 | $53,480.00 | $52,950.00 | | |
| b | Other: | | | | | |
| c | Other: | | | | | |
| d | Federal Excise Tax (FET) | | | | | |
| e | Dealer Processing Charge (not required by law) (MD Only) | | | | | |
| f | Freight Charge (MD Only) | | | | | |
| g | Delivery and Handling Fee* (CO Only) | | | | | |
| h | Sales Tax (on taxable items) | $6,229.08 | $6,229.08 | $6,171.59 | | |
| i | Excise Tax (OK Only) | | | | | |
| j | Pre-delivery Service Fees (FL only) Florida only: These charges represent costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale. | | | | | |
| k | Vehicle Delivery (PA Only) | | | | | |
| l | Administrative Fee** (MO only) | | | | | |
| m | Dealer Documentary Service Fee*** (WA Only) | | | | | |

*Colorado Only: The delivery and handling charge represents costs and profit to the Seller/Creditor.
**MISSOURI ONLY: AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER. THIS ADMINISTRATIVE FEE MAY RESULT IN A PROFIT TO DEALER. NO PORTION OF THIS ADMINISTRATIVE FEE IS FOR THE DRAFTING, PREPARATION, OR COMPLETION OF DOCUMENTS OR PROVIDING OF LEGAL ADVICE. THIS NOTICE IS REQUIRED BY LAW.
***Washington Only: The documentation service fee is a negotiable fee and is not required by the state of Washington.

| | | Vehicle #1 | Vehicle #2 | Vehicle #3 | | |
|---|---|---|---|---|---|---|
| T1 | Total Cash Price | $59,709.08 | $59,709.08 | $59,121.59 | | |
| 2 | Down Payment | | | | | |
| a | Trade-In Year | | | | | |
| b | Trade-In Make | | | | | |
| c | Trade-In Model | | | | | |
| d | Gross Trade-In Allowance | | | | | |
| e | Less Pay Off Made By Seller | | | | | |
| f | To: | | | | | |
| g | Equals Net Trade-In | | | | | |
| h | + Cash | | | | | |
| i | + Rebate | | | | | |
| j | + Trade-In Cr. Agmt. Benefit (Tx Only) | | | | | |
| k | + Other | | | | | |
| T2 | Total Down payment If negative, enter "0" and see 4u below | | | | | |
| 3 | Unpaid Balance Cash Price (T1 -T2) | $59,709.08 | $59,709.08 | $59,121.59 | | |
| 4 | Other Charges (not in Cash Price) Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts) | | | | | |
| a | Total Other Optional Benefits (See Optional Other Benefits Detail) | | | | | |
| b | Dealer Documentary Fee | $150.00 | $150.00 | $150.00 | | |
| c | Deputy SVC Fee to Seller (TX only) | | | | | |
| d | Seller's Inventory Tax (TX only) | $88.30 | $88.30 | $87.42 | | |
| e | Misc. Charges (Not Gov't. Fees) (CA only) | | | | | |
| e1 | Document Processing Charge To | | | | | |
| e2 | Emissions Testing Charge To | | | | | |
| e3 | EV Charging Station To | | | | | |
| e4 | Elec. Veh. Reg/Transfer Charge To | | | | | |
| f | Optional ERT Fee (IL only) To | | | | | |

Multi Asset ███████
Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel

Schedule 1

Non-Authoritative Copy ███████

DocuSign Envelope ID:

**Other Charges (not in Cash Price) Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts) Continued.**

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| g | Official Fees Paid to Govt. Agencies | | | | |
|   | To | | | | |
|   | For | | | | |
| h | Govt. Taxes Not Incl. in Cash Price | | | | |
| i | Govt. License Fee | $5.00 | $5.00 | $5.00 | |
| j | Govt. Registration Fee | | | | |
| k | Govt. Certificate of Title Fees | | | | |
|   | (Includes Security interest recording fee of) (MD Only) | | | | |
| l | Plate Transfer Fee Pd. to State | | | | |
| m | Govt. Doc Stamp Tax (FL only) | | | | |
| n | Govt. Waste Tire Management Fee (NY, LA Only) | | | | |
| o | Govt. Veh. Inspection Fees (TX only) | | | | |
| p | Lien Notation Fee (OH only) | | | | |
| q | Supplemental Title Fee (NJ only) | | | | |
| r | Vehicle Tire Fee (CA & NJ only) | | | | |
| s | State Emissions Cert/Exempt Fee (CA only) | | | | |
| t | Total Official Fees Paid to Govt. Agencies (WA Only): | | | | |
|   | Other Charges (Seller must identify who is paid and describe purpose) | | | | |
| u | To | | | | |
|   | For Prior Credit or Lease Balance | | | | |
| v | To Seller For Trade-In Cr. Agmt (TX Only) | | | | |
| T4 | Total Other Charges | $243.30 | $243.30 | $242.42 | |
| 5 | Amount Financed (3+T4) (Considered Cash Price Balance in AZ) | $59,952.38 | $59,952.38 | $59,364.01 | |
|   | Security Interest Recording Fee Paid in Cash (OH only): | | | | |

**Your Payment Schedule Will Be:**

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| Number of Payments | 60 | 60 | 60 | | |
| Amount of Payments | $1,402.69 | $1,402.69 | $1,388.92 | | |
| Payment Due Monthly beginning | 10/26/2023 | 10/26/2023 | 10/26/2023 | | |
| **ANNUAL PERCENTAGE RATE\*** The cost of your credit as a yearly rate | 13.99% | 13.99% | 13.99% | | |
| **FINANCE CHARGE** The dollar amount the credit will cost you | $24,209.02 | $24,209.02 | $23,971.19 | | |
| **AMOUNT FINANCED** The amount of credit provided to you or on your behalf | $59,952.38 | $59,952.38 | $59,364.01 | | |
| **TOTAL OF PAYMENTS** The amount you will have paid after you have made all payments as scheduled | $84,161.40 | $84,161.40 | $83,335.20 | | |
| **TOTAL OF SALE PRICE** The total cost of your purchase on credit including your down payment | $84,161.40 | $84,161.40 | $83,335.20 | | |
| Down Payment: | | | | | |
| Total Sale Price: | $59,709.08 | $59,709.08 | $59,121.59 | | |

**\*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain it's right to receive a part of the Finance Charge.**

**OPTIONAL OTHER BENEFITS DETAIL**

You have agreed to buy the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicles. Your signature on this agreement means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s).
NOTE: Credit Life, Disability, and GAP products are not permitted on this contract.

| Type of Benefit | Vehicle #1 | Vehicle #2 | Vehicle #3 | | |
|---|---|---|---|---|---|
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| 4a Total Optional Other Benefits | | | | | |

**Cumulative Itemization of Amount Financed**

| | |
|---|---|
| Total Cash Price | $178,539.75 |
| Total Down Payment | $0.00 |
| Total Unpaid Balance of Cash Price | $178,539.75 |
| Total Other Charges | $729.02 |
| Total Amount Financed | $179,268.77 |

**Other Totals**

| | |
|---|---|
| Total # of Vehicles | 3 |
| Total Monthly Payment | $4,194.30 |

Multi Asset

Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel

Schedule 1

Non-Authoritative Copy

**Other Charges (not in Cash Price) Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts) Continued**

| | | | | | | |
|---|---|---|---|---|---|---|
| g | Official Fees Paid to Govt. Agencies | | | | | |
| | To | | | | | |
| | For | | | | | |
| h | Govt. Taxes Not Incl. in Cash Price | | | | | |
| i | Govt. License Fee | $5.00 | $5.00 | $5.00 | | |
| j | Govt. Registration Fee | | | | | |
| k | Govt. Certificate of Title Fees | | | | | |
| | (Includes Security interest recording fee of) (MD Only) | | | | | |
| l | Plate Transfer Fee Pd. to State | | | | | |
| m | Govt. Doc Stamp Tax (FL only) | | | | | |
| n | Govt. Waste Tire Management Fee (NY, LA Only) | | | | | |
| o | Govt. Veh. Inspection Fees (TX only) | | | | | |
| p | Lien Notation Fee (OH only) | | | | | |
| q | Supplemental Title Fee (NJ only) | | | | | |
| r | Vehicle Tire Fee (CA & NJ only) | | | | | |
| s | State Emissions Cert/Exempt Fee (CA only) | | | | | |
| t | Total Official Fees Paid to Govt. Agencies (WA Only): | | | | | |
| | Other Charges (Seller must identify who is paid and describe purpose) | | | | | |
| u | To | | | | | |
| | For Prior Credit or Lease Balance | | | | | |
| v | To Seller For Trade-In Cr. Agmt (TX Only) | | | | | |
| T4 | Total Other Charges | $243.30 | $243.30 | $242.42 | | |
| 5 | Amount Financed (3+T4) (Considered Cash Price Balance in AZ) | $59,952.38 | $59,952.38 | $59,364.01 | | |
| | Security Interest Recording Fee Paid in Cash (OH only): | | | | | |

**Your Payment Schedule Will Be:**

| | | | | | |
|---|---|---|---|---|---|
| Number of Payments | 60 | 60 | 60 | | |
| Amount of Payments | $1,402.69 | $1,402.69 | $1,388.92 | | |
| Payment Due Monthly beginning | 10/26/2023 | 10/26/2023 | 10/26/2023 | | |
| **ANNUAL PERCENTAGE RATE\*** The cost of your credit as a yearly rate | 13.99% | 13.99% | 13.99% | | |
| **FINANCE CHARGE** The dollar amount the credit will cost you | $24,209.02 | $24,209.02 | $23,971.19 | | |
| **AMOUNT FINANCED** The amount of credit provided to you or on your behalf | $59,952.38 | $59,952.38 | $59,364.01 | | |
| **TOTAL OF PAYMENTS** The amount you will have paid after you have made all payments as scheduled | $84,161.40 | $84,161.40 | $83,335.20 | | |
| **TOTAL OF SALE PRICE** The total cost of your purchase on credit including your down payment | $84,161.40 | $84,161.40 | $83,335.20 | | |
| Down Payment: | | | | | |
| Total Sale Price: | $59,709.08 | $59,709.08 | $59,121.59 | | |

\*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain it's right to receive a part of the Finance Charge.

### OPTIONAL OTHER BENEFITS DETAIL

You have agreed to buy the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicles. Your signature on this agreement means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s).
NOTE: Credit Life, Disability, and GAP products are not permitted on this contract.

| Type of Benefit | Vehicle #1 | Vehicle #2 | Vehicle #3 | | |
|---|---|---|---|---|---|
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| Type of Benefit | | | | | |
| Company | | | | | |
| Charge | | | | | |
| Coverage Period (Mos/Miles) | | | | | |
| 4a Total Optional Other Benefits | | | | | |

### Cumulative Itemization of Amount Financed

| | |
|---|---|
| Total Cash Price | $178,539.75 |
| Total Down Payment | $0.00 |
| Total Unpaid Balance of Cash Price | $178,539.75 |
| Total Other Charges | $729.02 |
| Total Amount Financed | $179,268.77 |

### Other Totals

| | |
|---|---|
| Total # of Vehicles | 3 |
| Total Monthly Payment | $4,194.30 |

Multi Asset

Ally Bank makes no warranties, express or implied, as to the form or substance of this form. Consult your own legal counsel.

Schedule 1

Non-Authoritative Copy

**AMENDED AND RESTATED PURCHASE STATEMENT OF WORK 2**

For 3rd Party Bankruptcy Account Servicing

## Attachment D – APPOINTMENT AS A CUSTODIAN OF BUSINESS RECORDS

Case 26-10678 Doc 603 Filed 07/09/26 Entered 07/09/26 13:12:39 Main Document   Page 19 of 24

**AMENDED AND RESTATED PURCHASE STATEMENT OF WORK 2**

For 3rd Party Bankruptcy Account Servicing

## APPOINTMENT AS A CUSTODIAN OF BUSINESS RECORDS

Ally Financial Inc., ("Ally") and AIS Portfolio Services, LP, ("AIS") entered into a Master Service Agreement ("Agreement") whereby AIS performs bankruptcy servicing and administration services for Ally an its direct or indirect subsidiaries.  In conjunction with the Agreement, Ally hereby appoints AIS as a custodian Ally's and its direct or indirect subsidiaries' business records for specific accounts in bankruptcy that are referr to AIS for servicing. AIS accepts such appointment and agrees to perform the duties and responsibilities as custodi of the business records as set forth herein and in accordance with the Agreement.

The Agreement provides that Ally shall deliver/make available to AIS all information and supportin documentation necessary for the referred accounts to be serviced in bankruptcy, and AIS shall control the proce for maintenance and storage of the information and supporting documentation during the life of the representatic in accordance with the Agreement. As the servicer of referred bankruptcy accounts for Ally and its direct or indire subsidiaries, AIS will utilize the information provided to complete any affidavit and/or declaration required authenticate the financial status of the referred account.

The scope of this appointment is limited to referred accounts that are in bankruptcy during the term representation for the specific account. Upon termination of AIS' representation on a referred bankruptcy accoun in addition to any other obligations under the Agreement, AIS will return all information and supportin documentation in its control to Ally and shall relinquish its obligations as a custodian.

Dated: 12 | 1 | 2020

BY: _Laura A. Miller_

Name: Laura Miller

Title: Director, Supply Chain

State of ___NC___
County of ___MECKLENBURG___

Subscribed and sworn to (or affirmed) before me on this __1st__ day of ___DEC.___, 202_2_, by __LAURA MILLER__

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

## AMENDED AND RESTATED PURCHASE STATEMENT OF WORK 2

### For 3rd Party Bankruptcy Account Servicing

Signature: _(signed)_

**ACKNOWLEDGMENT**

By signing below, AIS acknowledges it has read, understands and accepts the above appointment as a custodian of records.

Dated: 9/28/26

BY: _(signed)_

Name: CG MOKRY

Title: VICE PRESIDENT

State of New Jersey
County of Gloucester

Subscribed and sworn to (or affirmed) before me on this 28th day of Sep 28th, 2020, by Christopher Morris

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)    JESSICA L. LEONARDO
Notary Public - State of New Jersey
My Commission Expires Sep 29, 2024

Signature: Jessica Leonardo

# STATE OF LOUISIANA

## CERTIFICATE OF TITLE

| VIN | TITLE NUMBER | DATE ISSUED |
|---|---|---|
| 1GC1YLE73RF178029 | K7494820 | 10/10/2023 |

| MAKE | MODEL | BODY | COLOR | YR | DATE ACQUIRED | ODOMETER | N/U |
|---|---|---|---|---|---|---|---|
| CHEV | | PK | WHI/ | 2024 | 09/11/2023 | 27 | N |

```
* *   MAIL TO   * *

ALLY FINANCIAL

PO BOX 8104
COCKEYSVILLE MD        21030

* *   OWNER   * *
CROSBY TUGS LLC

17751 HWY 3235
GALLIANO         LA      70354
```

| (LIEN) | DATE |
|---|---|
| | 10/10/2023 |

```
ALLY FINANCIAL
PO BOX 8104
COCKEYSVILLE MD        21030
```

First Lien Released _____ Date

_____ Lienholder

By _____ Authorized Representative

Second Lien Released _____ Date

_____ Lienholder

By _____ Authorized Representative

The undersigned as Vehicle Commissioner of the State of Louisiana, certifies that the applicant named herein has been duly registered in this office as owner of the motor vehicle described, pursuant to the laws of the State of Louisiana, subject to the mortgages and encumbrances, if any, herein set forth

In witness whereof, I have affixed my signature at Baton Rouge

*Karen G. St. Germain*

**ANY ALTERATION OR ERASURE VOIDS THIS DOCUMENT.**

KEEP IN SAFE PLACE

| Date | Description | Payment due | Payment made | Balance |
|---|---|---|---|---|
| 10/26/2023 | Repayment | 1388.92 | | 1388.92 |
| 11/11/2023 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 11/17/2023 | Receipt - payment processing center | | 1388.92 | 69.45 |
| 11/26/2023 | Repayment | 1388.92 | | 1458.37 |
| 12/12/2023 | Late Charge_Accrued | 69.45 | | 1527.82 |
| 12/26/2023 | Repayment | 1388.92 | | 2916.74 |
| 12/26/2023 | Receipt - payment processing center | | 1598.63 | 1318.11 |
| 12/26/2023 | Receipt - payment processing center | | 1248.66 | 69.45 |
| 01/26/2024 | Repayment | 1388.92 | | 1458.37 |
| 02/06/2024 | Receipt - payment processing center | | 1598.63 | -140.26 |
| 02/26/2024 | Repayment | 1388.92 | | 1248.66 |
| 03/01/2024 | Receipt - payment processing center | | 1458.37 | -209.71 |
| 03/26/2024 | Repayment | 1388.92 | | 1179.21 |
| 03/31/2024 | Receipt - payment processing center | | 1179.21 | .00 |
| 04/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 05/10/2024 | Receipt - payment processing center | | 1388.92 | .00 |
| 05/12/2024 | Late Charge_Accrued | 69.45 | | 69.45 |
| 05/12/2024 | Late Charge_Accrued | | 69.45 | .00 |
| 05/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 05/29/2024 | Receipt - payment processing center | | 1388.92 | .00 |
| 06/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 07/03/2024 | Receipt - payment processing center | | 1388.92 | .00 |
| 07/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 08/09/2024 | Receipt - payment processing center | | 1388.92 | .00 |
| 08/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 09/11/2024 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 09/13/2024 | Receipt - payment processing center | | 1388.92 | 69.45 |
| 09/26/2024 | Repayment | 1388.92 | | 1458.37 |
| 09/30/2024 | Receipt - payment processing center | | 1388.92 | 69.45 |
| 10/26/2024 | Repayment | 1388.92 | | 1458.37 |
| 10/28/2024 | Receipt - PPC Non-Certified | | 1458.37 | .00 |
| 11/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 12/04/2024 | Receipt - PPC Non-Certified | | 1388.92 | .00 |
| 12/26/2024 | Repayment | 1388.92 | | 1388.92 |
| 12/31/2024 | Receipt - PPC Non-Certified | | 1388.92 | .00 |
| 01/26/2025 | Repayment | 1388.92 | | 1388.92 |
| 02/11/2025 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 02/17/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 02/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 03/03/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 03/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 04/02/2025 | Receipt - PPC Non-Certified | | 1458.37 | .00 |
| 04/26/2025 | Repayment | 1388.92 | | 1388.92 |
| 05/12/2025 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 05/13/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 05/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 06/08/2025 | Receipt - PPC Non-Certified | | 1486.23 | -27.86 |
| 06/26/2025 | Repayment | 1388.92 | | 1361.06 |

Exhibit C

| Date | Description | Charge | Receipt | Balance |
|---|---|---|---|---|
| 06/28/2025 | Receipt - PPC Non-Certified | | 1361.06 | .00 |
| 07/26/2025 | Repayment | 1388.92 | | 1388.92 |
| 08/11/2025 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 08/15/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 08/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 09/07/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 09/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 10/12/2025 | Late Charge_Accrued | 69.45 | | 1527.82 |
| 10/21/2025 | Receipt - PPC Non-Certified | | 1458.83 | 68.99 |
| 10/21/2025 | Receipt - PPC Non-Certified | | 69.90 | -.91 |
| 10/26/2025 | Repayment | 1388.92 | | 1388.01 |
| 10/31/2025 | Receipt - PPC Non-Certified | | 1388.01 | .00 |
| 11/26/2025 | Repayment | 1388.92 | | 1388.92 |
| 12/12/2025 | Late Charge_Accrued | 69.45 | | 1458.37 |
| 12/21/2025 | Receipt - PPC Non-Certified | | 1388.92 | 69.45 |
| 12/26/2025 | Repayment | 1388.92 | | 1458.37 |
| 01/11/2026 | Late Charge_Accrued | 69.45 | | 1527.82 |
| 01/19/2026 | Receipt - PPC Non-Certified | | 1388.92 | 138.90 |
| 01/26/2026 | Repayment | 1388.92 | | 1527.82 |
| 01/31/2026 | Receipt - PPC Non-Certified | | 1458.37 | 69.45 |
| 02/26/2026 | Repayment | 1388.92 | | 1458.37 |
| 03/14/2026 | Late Charge_Accrued | 69.45 | | 1527.82 |
| 03/26/2026 | Repayment | 1388.92 | | 2916.74 |
| 04/26/2026 | Repayment | 1388.92 | | 4305.66 |
| 05/26/2026 | Repayment | 1388.92 | | 5694.58 |

EXHIBIT D

# J.D. POWER

06/01/2026

### Vehicle Information

| | |
|---|---|
| Vehicle : | 2024 Chevrolet Silverado 2500 HD Crew Cab Work Truck 4WD 6.6L V8 |
| Region : | Southwestern |
| Period : | June, 2026 |
| VIN : | 1GC1YLE73RF178029 |
| Mileage : | 37500 |

### J.D.POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Weekly Auction** | | | | |
| **Weekly Used** | | | | |
| Rough Trade-In | $39700.00 | $0 | 0 | $39700.00 |
| Average Trade-In | $41081.25 | $0 | 0 | $41081.25 |
| Clean Trade-In | $42462.50 | $0 | 0 | $42462.50 |
| Clean Retail | $45225.00 | $0 | 0 | $45225.00 |

### Selected Options

| Trade-In/Loan | Retail |
|---|---|

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D. Power