**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION,** | § | |
| **LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors.[1]** | § | |
| | § | **SECTION: A** |

**NOTICE TO CONTRACT PARTIES TO POTENTIALLY**
**ASSUMED CONTRACTS AND UNEXPIRED LEASES**

---

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU**
> **OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN**
> **EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE**
> **OF THE DEBTORS AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO.**

PLEASE TAKE NOTICE that on July 21, 2026, the United States Bankruptcy Court for the Eastern District of Louisiana (the "Court") entered the *Order (I) Approving Stalking Horse Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* [ECF Doc. 665] (the "Bidding Procedures Order"),[2] authorizing the Debtors to solicit offers, potentially at an auction, for the purchase of some or all of the Debtors' Assets, governed by the bidding procedures (attached to the Bidding Procedures Order as **<u>Exhibit 1</u>** (the "Bidding Procedures")).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **<u>may</u>** assume and assign to the Successful Bidder certain

---

[1] The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10678], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4; No. 26-10681, ECF Doc. 4]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Inshore Marine Service, L.L.C. [No. 26-11734], (ii) Crosby Marine Repair, L.L.C. [No. 26-11735], (iii) Crosby Offshore Marine Service, L.L.C. [No. 26-11736], (iv) Kurt Crosby, L.L.C. [No. 26-11737], (v) Tala Marine, L.L.C. [No. 26-11738], (vi) Webb Crosby, L.L.C. [No. 26-11739], (vii) Crosby Inland Marine, LLC [No. 26-11740], (viii) Crosby Real Estate, LLC [No. 26-11741], (ix) Tala Real Estate, LLC [No. 26-11742], and (x) Crosby Enterprises, L.L.C. [No. 26-11743], on July 21, 2026. [No. 26-10678, ECF Doc. 663; No. 26-11734, ECF Doc. 10; No. 26-11735, ECF Doc. 9; No. 26-11736, ECF Doc. 9; No. 26-11737, ECF Doc. 9; No. 26-11738, ECF Doc. 9; No. 26-11739, ECF Doc. 9; No. 26-11740, ECF Doc. 9; No. 26-11741, ECF Doc. 9; No. 26-11742, ECF Doc. 9; No. 26-11743, ECF Doc. 9].

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Order or the Bidding Procedures, as applicable.

of the Assigned Contracts listed on the Assigned Contracts Schedule, attached hereto as **Exhibit A**, to which you are a counterparty, upon approval of a sale or other transaction (including, as the case may be, confirmation of a chapter 11 plan). The Assigned Contracts Schedule can also be viewed on the Debtors' noticing agent's website (https://cases.stretto.com/crosby/). The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, object to a proposed assignment to the Successful Bidder of any Assigned Contract, or object to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) if you object to proposed Cure Costs or a proposed assignment to the Successful Bidder of any Assigned Contract, be filed with no later than fourteen (14) days after the date of service of this notice (the "Cure Notice") or any supplement to this Cure Notice (the "**Cure Objection Deadline**"), and if you object to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, be filed with the Court **no later than the later of (a) the Sale Objection Deadline of August 24, 2026, at 4:00 p.m. (prevailing Central Time) and (b) the applicable Cure Objection Deadline** (the "Adequate Assurance Objection Deadline"), in each case, and served upon the following parties: (a) counsel to the Debtors, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras St., Suite 2775, New Orleans, LA 70130 (Attn: Benjamin W. Kadden (bkadden@lawla.com) and Coleman L. Torrans (ctorrans@lawla.com); and (b) Office of the United States Trustee for the Eastern District of Louisiana, 600 S. Maestri Place, Suite 840-T, New Orleans, Louisiana 70130, Attn.: Amanda B. George, Assistant Region V Trustee.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Costs(s), (b) the proposed assignment and assumption of any Assigned Contract, or (c) adequate assurance of the Successful Bidder's ability to perform is filed by the Cure Objection Deadline or Adequate Assurance Objection Deadline, as applicable, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date to be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on the Cure Notice does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all

rights of the Debtors and the Successful Bidder with respect to such Assigned Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Successful Bidder, as applicable, to designate any Assigned Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

Dated: July 22, 2026

Respectfully submitted:

*/s/ Benjamin W. Kadden*
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Counsel for Debtors and Debtors in Possession***

3