**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | Case No.: 26-10678 |
| | § | Section A |
| CROSBY MARINE | § | |
| TRANSPORTATION, LLC[1] | § | Chapter 11 |
| | § | Complex Case |

---

**EXPEDITED MOTION FOR AN ORDER (A) ESTABLISHING A BAR DATE FOR FILING OF PROOFS OF CLAIM FOR CREDITORS ASSERTING STATUTORY LIENS, (B) APPROVING THE MODIFIED FORM PROOF OF CLAIM WITH ADDENDUM FOR CREDITORS ASSERTING STATUTORY LIENS, (C) APPROVING THE NOTICE, (D) AUTHORIZING THE DEBTORS TO PROVIDE NOTICE OF THE STATUTORY LIEN BAR DATE, AND (E) PROVIDING FOR OTHER RELIEF SOUGHT HEREIN**

> **AN EXPEDITED HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 28, 2026 AT 2:00 P.M. (CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B-709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN JULY 27, 2026 AT 12:00 P.M. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE;**

---

[1] The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10678], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4; No. 26-10681, ECF Doc. 4]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Inshore Marine Service, L.L.C. [No. 26-11734], (ii) Crosby Marine Repair, L.L.C. [No. 26-11735], (iii) Crosby Offshore Marine Service, L.L.C. [No. 26-11736], (iv) Kurt Crosby, L.L.C. [No. 26-11737], (v) Tala Marine, L.L.C. [No. 26-11738], (vi) Webb Crosby, L.L.C. [No. 26-11739], (vii) Crosby Inland Marine, LLC [No. 26-11740], (viii) Crosby Real Estate, LLC [No. 26-11741], (ix) Tala Real Estate, LLC [No. 26-11742], and (x) Crosby Enterprises, L.L.C. [No. 26-11743], on July 21, 2026. [No. 26-10678, ECF Doc. 663; No. 26-11734, ECF Doc. 10; No. 26-11735, ECF Doc. 9; No. 26-11736, ECF Doc. 9; No. 26-11737, ECF Doc. 9; No. 26-11738, ECF Doc. 9; No. 26-11739, ECF Doc. 9; No. 26-11740, ECF Doc. 9; No. 26-11741, ECF Doc. 9; No. 26-11742, ECF Doc. 9; No. 26-11743, ECF Doc. 9].

{00380725-2}

**OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Crosby Inshore Marine Service, L.L.C. ("*Inshore Marine*"), Crosby Marine Repair, L.L.C. ("*Marine Repair*"), Crosby Offshore Marine Service, L.L.C. ("*Offshore Marine*"), Kurt Crosby, L.L.C. ("*KCLLC*"), Tala Marine, L.L.C. ("*Tala Marine*"), Webb Crosby, L.L.C. ("*Webb*"), Crosby Inland Marine, LLC ("*Inland Marine*"), Crosby Real Estate, LLC ("*Crosby Real Estate*"), Tala Real Estate, LLC ("*Tala Real Estate*"), and Crosby Enterprises, L.L.C. ("*Enterprises*"), as debtors and debtors-in-possession (the "*Additional Debtors*") herby submit this *Expedited Motion for an Order (A) Establishing a Bar Date for Filing of Proofs of Claim for Creditors Asserting Statutory Liens, (B) Approving the Bar Date Notice, (C) Authorizing the Debtors to Provide Notice of the Bar Date, and (D) Providing for Other Relief Sought Herein* (the "*Motion*").

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. The authority for the relief requested herein are sections 105(a), 501, 502(b)(9), and 1111(a) of title 11 of the United States Code (as amended, the "*Bankruptcy Code*") and Rules 2002(a)(7), 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rule(s)*").

## BACKGROUND

1. On March 23, 2026 (the "*Original Petition Date*"), Crosby Marine Transportation, LLC ("*Transportation*"), Crosby Tugs, LLC ("*Tugs*"), Crosby Dredging, LLC ("*Dredging*"), and Bertucci Contracting Company, L.L.C. ("*Bertucci*", collectively, "*Original Debtors*" and together

{00380725-2}

with the Additional Debtors, the "***Debtors***") filed for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) (the "***Original Bankruptcy Cases***").

3. On July 16, 2026 (the "***Additional Debtor Petition Date***"), the Additional Debtors filed for relief under chapter 11 of the Bankruptcy Code (the "***Additional Bankruptcy Cases***" and together with the Original Bankruptcy Cases, the "***Bankruptcy Cases***").

4. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On March 24, 2026, the Court entered an order [ECF Doc. 9] providing that the Original Bankruptcy Cases are to be consolidated for procedural purposes only and shall be jointly administered by the Court under, *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

6. On March 24, 2026, the Court entered an order [ECF Doc. 6] that the Complex Case Procedures shall apply to the Original Bankruptcy Cases. The Complex Case Procedures are posted on the Court's website, https://www.laeb.uscourts.gov/.

7. On July 21, 2026, the Court entered an Order [ECF Doc. 663] directing that the Additional Bankruptcy Cases also be consolidated with the Original Bankruptcy Cases for procedural purposes only and shall be jointly administered by the Court under *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

8. Additional information regarding the circumstances leading to the commencement of the Bankruptcy Cases and information regarding the Debtors' business and capital structure is set forth in the *Non-Substantively Amended Declaration of Lawrence Perkins in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF Doc. 45] (the "***First Day Declaration***").[2]

---

[2] Words capitalized and not defined herein are to be given the meaning ascribed in the First Day Declaration.

{00380725-2}

9.     On June 25, 2026, the Court entered an *Order* [ECF Doc. 564] setting the bar date for filing general proofs of claim for the Original Debtors as July 30, 2026 (the "***Original Debtor Bar Date***") and approving the form and manner of notice of the Original Debtor Bar Date.

10.     As with the Original Debtors, the Additional Debtors own various vessels that may be subject to maritime lien claims which are inchoate, statutory liens and exist without the necessity of filing any notice or recordation in the public records.  The creditors who may have maritime lien claims against the Original Debtors' vessels, those that were included in the Original Debtors' Motion to Set a Bar Date [ECF Doc. 477], are the same creditors who may be able to assert a maritime lien against the Additional Debtors and have already received notice of the Original Debtor Bar Date.

<u>**RELIEF REQUESTED**</u>

11.     In order to determine and allow pre-petition maritime lien claims against the Additional Debtors, it is appropriate for the Court to fix bar dates for filing same.  The Additional Debtors request entry of an order pursuant to Sections 105, 501, 502, and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(7), 3003(c)(3) and 5005(a) establishing a Bar Date to assert maritime lien claims that is 30 days after the Original Debtor Bar Date or **August 31, 2026** (the "***Additional Debtor Bar Date***"), as the claim bar date for creditors or entities asserting liens against the Additional Debtors' vessels to file proofs of claim.

12.     For clarity, this Motion is not seeking to change the general bar date for creditors who do not assert maritime lines.  All deadlines to file proofs of claim for non-maritime lien creditors, including governmental entities, pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Complex Case Procedures will be unaffected by the relief sought through this Motion.

{00380725-2}

### A. Form of Notice

13.    The Additional Debtors request that the Court approve the same form and manner of notice as was approved for the Original Debtors attached here to as **Exhibit A** (the "*Notice*"). The forms have been modified to require that creditors alleging maritime lien claims (other than an preferred ship mortgages) under the Commercial Instrument and Maritime Lien Act ("*CIMLA*", 46 U.S.C. §§ 31301–31343) against the vessels owned by the Additional Debtors attach an addendum identifying: (1) the name of each debtor against which the claimant is asserting the claim and the name and Official Number or IMO number of the vessel against which the creditor is asserting a lien; (2) the nature of the maritime lien under 46 U.S.C. § 31301(5); (3) the date the lien was established; and (4) the principal amount of the lien (if known).  The addendum also requests that the lien claimant attach documentation to support the lien to assist the Debtors in their investigation of the claims.

14.    **If a party is asserting a lien against multiple vessels owned by different Debtors, the party asserting such liens shall file a separate proof of claim and addendum for each claim/lien asserted.**

15.    The party asserting a lien (other than a preferred ship mortgage) under CIMLA shall also file a notice under 11 U.S.C. § 546(b)(1) in the record of these cases.

16.    The rationale behind the additional information requested to be disclosed is due to the fact that all potential lien claims (other than a preferred ship mortgage) under CIMLA are currently not of public record and the information is needed to conduct the sale process free and clear of liens and claims that the Debtors will implement and to analyze whether an asserted lien is valid.

**B.  Manner of Notice**

17.      Attached as **Exhibit B** is a list of known parties who *may* have maritime liens. These known creditors will receive direct, actual notice of the Bar Date.  This list is in addition to, and not in place of, the creditor matrix in this case, which includes potential lienholders and others. The efforts undertaken to identify these potential lienholders are described in the *Declaration of Lawrence Perkins*, attached hereto as **Exhibit C**.

18.      Under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule C(4), addressing the notice requirements for when vessels are seized, the seizing party "must promptly—or within the time that the court allows—give public notice of the action and arrest in a newspaper designated by court order and having general circulation in the district …"  The Debtors operate throughout the Gulf Coast, but primarily along waters on and off the coasts of Mississippi, Louisiana, and Texas.

19.      Local Admiralty Rule 64.5 for the District Court for the Eastern District of Louisiana states: "Unless otherwise ordered by the court, or otherwise provided by law, all notices required to be published by statute, rule, or order of court must be published in the *Times-Picayune New Orleans Advocate*."

20.      Local Admiralty Rule 65(e) for the District Court for the Middle District of Louisiana, states: "Unless otherwise ordered by the Court, or otherwise provided by law, all notices required to be published by statute, rule, or order of court shall be published in the following newspaper: *The Advocate*."

21.      Local Admiralty Rule 64.5 for the District Court for the Western District of Louisiana requires publication in the *Division American Press* in the case of the Lake Charles Division, and in the *Daily Advertiser* in the case of the Lafayette Division.

22.     Local Admiralty Rule A(9) for the District Court for the Southern District of Mississippi requires that notices "must be published in a newspaper of general circulation in the district where the lawsuit is pending."  The *Sun Herald* is the most popular newspaper of general circulation in Southern Mississippi.

23.     Similar to the Southern District of Mississippi, the Local Admiralty Rules for the Southern District of Texas, Rule E(1), requires that notice "be published in a daily newspaper of general circulation in the division of the seizure" in the case of vessel sales. The *Houston Chronical* is a daily newspaper of general circulation in the Houston area, *The Daily News* is published daily in the Galveston area, and the *Caller Times* is a daily newspaper for the Corpus Christi area.

24.     In similar cases as the instant one, bankruptcy courts have required publication in area newspapers when attempting to give notice to unknown maritime lienholders. See *In re Gulf Fleet Holdings, Inc.*, Case No. 10-50713, ECF Doc. 794 (Mar. 3, 2011, Bankr. W.D. La.) (requiring publication in the *Times Picayune* and the *Houston Chronical*); *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 564 (5th Cir. 2003) (noting that publication in the *Times Picayune* was "more than adequate" to provide a claimant notice of an *in rem* proceeding arising out of a bankruptcy case.).  *See also Blohm + Voss GmbH, Fortis Bank (Nederland) N.V. V. M/V OLYMPIA EXPLORER*, No. 05 CIV. 7753(BSJ)(JC, 2006 WL 2472044, at *2 (S.D.N.Y. Aug. 4, 2006) (noting that publication of the seizure of a vessel and its impending sale "conformed to the legal requirements for providing notice of an *in rem* maritime action to lienholders.").

25.     Given this precedent, the Debtors propose to publish the Notice attached as **Exhibit A** in the following newspapers:

-   The *Times Picayune*

-   The *Advocate*

- The *Division American Press*

- The *Daily Advertiser*

- The *Sun Harold*

- The *Houston Chronical*

- The *Daily News*

- The *Caller Times*

26.     Notice will be published two days a week, to the extent possible, every two weeks, for one month.  In the case where a newspaper only publishes legal notices once a week, the notice will be published every week until the Additional Debtor Bar Date.

27.     A review of the Debtors' vendors who may possess maritime liens shows that the overwhelming majority of the vendors are within the area serviced by the above publications.  See *Declaration of Lawrence Perkins*, **Exhibit C**, at ¶ 12.

## BASIS FOR RELIEF

28.     Rule 3003 of the Federal Rules of Bankruptcy Procedure governs the filing of proofs of claims in chapter 11 cases.  Fed. R. Bankr. Pro. Rule 3003(a).  Rule 3003(c)(3), provides, in relevant part, that: "[t]he court shall fix… the time within which proof of claim or interest may be filed."  Fed. R. Bankr. Pro. Rule 3003(c)(3).  Rule 3003(c)(2) further provides that: "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claims for purposes of voting and distribution."  Fed R. Bankr. Pro Rule 3003(c)(2).

29.     Rule 2002(m) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that: "[t]he court may from time to time enter orders designating the matters in respect to

{00380725-2}

which, the entity to whom, and the form and manner in which notices shall be sent …" Fed. R. Bankr. P. 2002(m).

30. The Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District of Louisiana ("*Complex Case Procedures*") state in section X(A):

> Unless a different date is ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the Petition Date for governmental units; and (ii) 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a) for all other entities. The debtor(s) must provide notice of the bar date to those listed on the mailing matrix on or before the first date set for the meeting of creditors.

31. The Additional Debtor Bar Date will apply to all entities asserting maritime liens against vessels owned by the Additional Debtors that arose prior to the Additional Debtor Petition Date for these cases as follows:

A. establishing a Bar Date as determined by the Court, as the deadline for those holding or wishing to assert a maritime lien against any vessel owned by the Additional Debtors (the "*Lien Claims*") whose Lien Claim arose prior to the Petition Date to a file proof of such Lien Claim; and

B. approving the Additional Debtors' proposed form and manner of notice of the Additional Debtor Bar Date.

32. The Additional Debtors propose that, at present, proofs of claim need not be filed by those holding Claims against the Additional Debtors in an asset owned by an Additional Debtor to which a proof of claim has already been properly filed, except to the extent that such claimant asserts a lien (other than a preferred ship mortgage) under CIMLA and the information requested in paragraph 12 above was not already attached to the already properly filed proof of claim.

33. The Debtors propose to provide a copy of the Notice of the Additional Debtor Bar Date in the form that is attached hereto as **Exhibit A** to all creditors listed on both the Original Debtors' and the Additional Debtors' schedules as well as all those listed on Exhibit B hereto

{00380725-2}

subsequent to the entry of the Order approving this Motion which will exceed the minimum twenty-one day notice period provided by Bankruptcy Rule 2002(a)(7).

34. **Additionally, the proposed Notice, Addendum, and proof of claim form will be posted and available through the Debtors' service and claims representative, Stretto, at https://cases.stretto.com/crosby/file-a-claim/. All creditors will be able to file proofs of claim through Stretto's website at the address above.**

<u>**RESERVATION OF RIGHTS**</u>

35. By listing any person, entity, corporation, or otherwise on the list of potential maritime lienholders, the Debtors are not admitting the validity of any of the claims or the asserted maritime liens. The Debtors expressly reserve the right to contest whether any asserted claim gives rise to a maritime lien under applicable law. The Debtors further reserve the right to object to any proof of claim that is filed.

**WHEREFORE**, Crosby Inshore Marine Service, L.L.C., Crosby Marine Repair, L.L.C., Crosby Offshore Marine Service, L.L.C., Kurt Crosby, L.L.C., Tala Marine, L.L.C., Webb Crosby, L.L.C., Crosby Inland Marine, LLC, Crosby Real Estate, LLC, Tala Real Estate, LLC, and Crosby Enterprises, L.L.C. respectfully request that this Court enter an order: (i) establishing an Additional Debtor Bar Date as determined by the Court for filing proofs of claim as modified pursuant to this Order; (ii) approving the Bar Date Notice, attached hereto as **Exhibit A** as adequate notice; (iii) authorizing the Additional Debtors to provide notice of the Additional Debtor Bar Date; and (iv) providing for the other relief sought herein. The Additional Debtors further pray for all other general and equitable relief to which they may be entitled.

Dated: July 24, 2026

Respectfully submitted:

{00380725-2}

/s/Benjamin W. Kadden
Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Proposed Counsel for Debtors and Debtors in Possession***

{00380725-2}