**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO: 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE** | § | |
| **TRANSPORTATION, LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **DEBTORS[1]** | § | |
| | § | **SECTION A** |

**THIS PLEADING REFERS TO**
In re: Crosby Dredging, LLC [No. 26-10680]

**MOTION TO LIFT STAY OF PROCEEDINGS PURSUANT TO**
**11 U.S.C. 362(d) AND INCORPORATED MEMORANDUM**

NOW INTO COURT, through undersigned counsel, comes Dylan Fontenot, and

pursuant to 11 U.S.C. 362(d), requests that this Court lift the stay of proceedings afforded

by 11 U.S.C. 362(a)(1), and in support thereof, states:

## I.     Background

Dylan Fontenot was employed as an oiler and Jones Act Seaman by Crosby

Dredging, LLC and assigned to work aboard the dredge CROSBY 11, a vessel owned

and operated by Crosby Dredging, LLC. Mr. Fontenot was injured on or about October 11,

2018, while the CROSBY 11 was moored at the Bayou Blue Fleeting Area within the Port of

Houma, Louisiana.     Mr. Fontenot and other members of the crew were prepping the bulkheads

and overhead areas within the generator room of the vessel for priming and coating. During these

operations, Mr. Fontenot went up to the main deck of the vessel to retrieve an electric wire sander

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4]

and as he descended the steps/ladderway to the generator room, he slipped and fell down the steps/ladderway and suffered various injuries, including injuries to his left leg and knee. On November 17, 2018, Mr. Fontenot underwent a left knee arthroscopy, partial lateral meniscectomy, ACL reconstruction with patella tendon bone graft.

Mr. Fontenot filed suit against Crosby Dredging, LLC in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana on October 19, 2020, under docket number 189727 "B".[2] Mr. Fontenot alleged that the incident was caused by unsafe working conditions on the vessel, including creation and maintaining of a hazardous condition, failure to properly remediate the hazardous condition, and failure to warn Mr. Fontenot of the hazardous condition. Mr. Fontenot has reason to believe that Crosby Dredging, LLC maintained insurance policies applicable to the claims asserted in the state court case.

Debtor, Crosby Dredging, LLC, filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Court on or about March 23, 2026. As a result, an automatic stay of Mr. Fontenot's claims in state court is in effect.

Counsel for debtor has acknowledged that there is an insurance policy applicable to the claims asserted in the state court action, advised that the Self-Insured Retention for the applicable insurance policy has been exhausted, and all costs related to the state court litigation will be borne by the insurer; however, debtor nevertheless intends to oppose Mr. Fontenot's request for a limited lifting of the stay to proceed against said insurer.[3] Mr. Fontenot represents that prior to the automatic stay going into effect regarding his state court claim, he had completed his medical treatment; the debtor had

---

[2] See Exhibit A -State Court Petition.
[3] See Exhibit B – email exchange with counsel for debtor.

obtained medical, economic and liability expert reports; written discovery had been exchanged; and his counsel had conducted a corporate deposition of Debtor, and deposed the Captain and crane operator of the CROSBY 11. The parties had also agreed to participate in mediation of Mr. Fontenot's claims prior to setting the case for trial.  The parties were attempting to schedule the mediation when Crosby Dredging, LLC, filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Court

## II.  Discussion

Mr. Fontenot asserts unliquidated, maritime tort claims against Debtor arising from pre-petition injuries sustained in the above-mentioned lawsuit. Mr. Fontenot has also asserted a maritime tort lien claim against the CROSBY 11, which arose by operation of law at the time of his injuries.  *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602–03 (5th Cir. 1986) (en banc); *In re Muma Servs., Inc.*, 322 B.R. 541, 546–47 (Bankr. D. Del. 2005).  These claims require adjudication to liquidate them.  That adjudication is excluded from the bankruptcy proceeding.  *See* 28 U.S.C. § 157(b)(2)(B); *see also In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377–78 & n.3–4 (Bankr. S.D. Tex. 1994) (analyzing the exclusion of personal injury claims and scope of bankruptcy court power). Mr. Fontenot expressly reserves his right to a jury trial in a non-bankruptcy forum. *See* 28 U.S.C. § 1411; *see also In re Clay*, 35 F.3d 190, 196–198 (5th Cir. 1994) (finding Bankruptcy Code should not be interpreted to permit bankruptcy judges to conduct jury trials without consent of parties).  The only issue before this Court is when those claims will proceed. *See In re Fuchs*, No. 05-3595-BJH, 2006 WL 6543977, at \*2–3 (Bankr. N.D. Tex. Jan. 26, 2006) (finding adjudication of personal injury claims sufficient to establish cause for granting relief from the automatic stay).

While the automatic stay currently prevents Mr. Fontenot from adjudicating his state court claims against Debtor, neither the Bankruptcy Code nor the automatic stay are intended to indefinitely enjoin such claims. See *In re Bock Laundry Machine Co.*, 37 B.R. at 567 ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages"). Instead, "[c]ourts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation." *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017).

Mr. Fontenot's claims arise under the Jones Act and general maritime law and are already pending in the appropriate forum. Allowing the state court case to proceed will not prejudice the Debtor or the estate, particularly where Mr. Fontenot seeks to liquidate his claims and collection against applicable insurance proceeds. Any collection against Debtor would be addressed solely through any claims-administration process in the Bankruptcy Case.

Section 362(d) allows creditors such as Mr. Fontenot to seek relief from the automatic stay "for cause, including lack of adequate protection of an interest in property of such party in interest." *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982), quoting 11 U.S.C. § 362(d). Cause may also be the lack of any connection with or interference with the pending bankruptcy case. *Elliot v. Hardison*, 25 B.R. 305, 308 (E.D. Va. 1982). Where no great prejudice to the bankruptcy estate or debtor will occur and the hardship to the plaintiff/party in interest outweighs the hardship that might be caused to the debtor by lifting the stay, the stay should be lifted. *In re McGraw*, 18 B.R. 140, 142 (Bankr. N.D. Wis. 1982). Where the pending civil action is not connected with and does not

interfere with the bankruptcy proceeding, the automatic stay does not further the purposes of the bankruptcy code. *Holtkamp* at 508.

"Where the claim is one covered by insurance or indemnity, continuation of the (civil) action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *McGraw* at 142, citing 2 Collier on Bankruptcy 362.07(3). Even where insurance does not pay for the costs of defense of a civil action, the equities may still weigh in favor of lifting the stay. *McGraw* at 142. "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as predicate for a recovery against insurers, sureties, or guarantors." *In re Fernstorm Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). The presence of insurance allows the Bankruptcy Court to find that permitting the civil action to go forward would not jeopardize the bankruptcy estate because financial responsibility for the defense of the litigation would be borne by the insurance company. *Holtkamp* at 508-509. Another factor that the courts have considered in determining that the balance of hardships favors allowing the civil action to proceed is that this would allow the amount of the claim to be determined and liquidated. *In re Best Repair Co., Inc.*, 34 B.R. 664 (Bankr. E.D. Va. 1983); *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D. Va. 1982).

In *Holtkamp*, the Seventh Circuit cited legislative history stating that "it will often be more appropriate to permit proceedings to continue in their place or origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *Holtkamp*, 699 F.2d at 508, quoting *In re Honosky*, 6 B.R. 667, 669 (S.D.W.Va. 1980) quoting S.Rep.No. 989, 95th Cong., 2d Sess. 50.

The *McGraw* Court held that great prejudice does not result where plaintiffs stipulate that they will not attempt to collect any judgment against the debtor proper. *McGraw,* 15 B.R. at 142. Accordingly, movant stipulates that any judgment obtained in the action filed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana will not be enforced against the debtor or the debtors' estate outside of this bankruptcy proceeding, except for collection from the debtor's insurance carrier, if any. Modification of the stay to permit the action filed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana to go forward would therefore have no effect on the bankruptcy estate or the debtor and no great prejudice would result. In the alternative, movant prays that this Court terminate the stay for the purpose of conducting limited discovery to determine the existence of applicable liability insurance, without prejudice to the granting of further relief by the bankruptcy court.

In the present case, the only purpose served by refusing to lift the automatic stay would be to protect the debtor's insurance carrier. The Bankruptcy Code was not intended to bestow such a benefit upon insurance companies. *In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D.W. Va. 1980).

The balance of hardships described in *Holtkamp* favors lifting the automatic stay in the present case. Allowing the claim to go forward would liquidate the claim in a forum better suited and with more expertise in determining the value of the claim, and, with the stipulation filed herein that Mr. Fontenot will enforce any resulting judgment against the insurer only (except for amounts for possible deductibles that might be sought in this bankruptcy proceeding), would not affect the debtor or its estate.

Moreover, this Court has previously granted relief from the stay under similar circumstances to Joseph Garza, another Jones Act Seaman with a tort claim pending in State Court. (Dkt. 484 (Motion) & 617 (Order)). In Garza, although the Debtor initially opposed the relief sought, the Parties later entered into an agreement to lift the stay (Dkt. 589). Mr. Fontenot suggests that the same circumstances that allowed the parties to agree to lift the stay therein exist in the present case.

**III.     Conclusion**

Movant prays that this Court enter an Order lifting the automatic stay to allow Movant Fontenot's civil action pending in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana against Debtor to continue to conclusion on the condition that no judgment that may result may be enforced against the debtor or the debtor's estate except for any liability insurance policy applicable to the claim and in this bankruptcy proceeding.

**IV.     Certificate of Conference**

I, Charles C. Bourque, Jr. hereby certify that on July 1-2, 2026, I conferred via telephone and e-mail with Debtors' counsel regarding the relief requested in Dylan Fontenot's Motion to Lift Stay of Proceedings Pursuant to 11 U.S.C. 362(d). Debtors' counsel stated that Debtor is opposed to the relief requested in the Motion.[4]

 ** *Signature on next page*

---

[4] See Exhibit B – email exchange with counsel for debtor.

Respectfully submitted,


 */s/ Charles C. Bourque, Jr.*
**CHARLES C. BOURQUE, JR. (#20118)**
**cbourque@stmblaw.com**
**ST. MARTIN & BOURQUE**
315 Barrow St.
Houma, LA 70360
Telephone:  (985) 876-3891
Fax: (985) 851-2219

Attorneys for Movant, Dylan Fontenot

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on July 29, 2026.

**DEBTOR:**
Crosby Dredging, LLC
c/o Kurt Crosby
P.O. Box 1226
Galliano, LA 70354

**DEBTOR'S ATTORNEY:**
Avery Autin
Greta M. Brouphy
Katherine Elizabeth Clark
Michael E. Landis
Samuel Riccardi
Benjamin Kadden
Coleman Torrans
Lugenbuhl, Wheaton, Peck, Rankin
601 Poydras St
Suite 2775
New Orleans, LA 70130

Michael D. Rubenstein
Liskow & Lewis
First City Tower
1001 Fannin St., Suite 1800
Houston, TX 77002

**U.S. TRUSTEE:**
Office of the U.S. Trustee
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

**COUNSEL FOR THE U.S. TRUSTEE:**
Amanda Burnette George
DOJ-Ust
600 S. Maestri Place
Suite 840-T
New Orleans, LA 70130

 */s/ Charles C. Bourque, Jr.*
Charles C. Bourque, Jr.