**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors.**[1] | § | |
| | § | **SECTION: A** |

**STIPULATION BY DEBTORS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") hereby enter into the following stipulation:

**WHEREAS:**

A. A motion was filed on behalf of the Debtors on June 30, 2026 [ECF Doc. 571] ("***Sale Motion***"), pursuant to which the Debtors sought, among other things, entry of an order authorizing the sale of substantially all of the Debtors' assets free and clear of all encumbrances.

---

1 The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], on March 24, 2026. [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4; No. 26-10681, ECF Doc. 4]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Inshore Marine Service, L.L.C. [No. 26-11734], (ii) Crosby Marine Repairs, L.L.C. [No. 26-11735], (iii) Crosby Offshore Marine Service, L.L.C. [No. 26-11736], (iv) Kurt Crosby, L.L.C. [No. 26-11737], (v) Tala Marine, L.L.C. [No. 26- 11738], (vi) Webb Crosby, L.L.C. [No. 26-11739], (vii) Crosby Inland Marine, LLC [No. 26-11740], (viii) Crosby Real Estate, LLC [No. 26-11741], (ix) Tala Real Estate, LLC [No. 26-11742], and (x) Crosby Enterprises, L.L.C. [No. 26-11743], on July 21, 2026. [No. 26-10678, ECF Doc. 663; No. 26-11734, ECF Doc. 10; No. 26-11735, ECF Doc. 9; No. 26-11736, ECF Doc. 9; No. 26-11737, ECF Doc. 9; No. 26-11738, ECF Doc. 9; No. 26-11739, ECF Doc. 9; No. 26-11740, ECF Doc. 9; No. 26-11741, ECF Doc. 9; No. 26-11742, ECF Doc. 9; No. 26-11743, ECF Doc. 9]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Susan Marie, LLC [No. 26-11960], (ii) Vinton Crosby, L.L.C [No. 26-11962], (iii) Tara Crosby, L.L.C [No. 26-11963]; and (iv) Crosby & Son Towing, L.L.C [No. 26-11964], on August 7, 2026. [ECF Doc. 26-10678, ECF Doc. 780; No. 26-11960, ECF Doc. 11; No. 26-11962, ECF Doc. 11; No. 26-11963, ECF Doc. 11; 26-11964, ECF Doc. 11].

B. Paddy Crosby, the Lauren M. Guidry Trust, the Aaron J. Guidry Trust, Lauren Guidry Leyrer, and Aaron J. Guidry ("***Guidry Objectors***") filed an objection to the Sale Motion with respect to the proposed sale of Bertucci Contracting Company, L.L.C.'s 49.99% interest in Luhr Crosby, LLC ("***Membership Interest***") to Luhr Bros., Inc., at ECF Doc. 855, which the Guidry Objectors amended at ECF Doc. 898 (as amended, the "***Luhr Sale Objection***"), in which the Guidry Objectors made the following reservation of rights and/or objection:

> Finally, the Guidry interest request that the Court specifically reserve (1) the allocation of the funds received in the Bertucci estate from the other estates against the Debtor in Possession financing with JMB Capital Partners Lending, LLC and (2) the determination of the pre-petition and post-petition due to and due from claims between and among the Bertucci estate and the remaining estates.

C. The Guidry Objectors filed an objection to the Sale Motion with respect to the proposed sale of "all the assets of the Crosby Entities as being a *sub rosa* plan of reorganization" at ECF Doc. 897, which amended the Guidry Objectors prior objection at ECF Doc. 857 (as amended, the "***Breakwater Sale Objection***").

D. After a two-day contested evidentiary hearing, the Court entered an order [ECF Doc. 918] ("***Luhr Sale Order***"), among other things, granting the Sale Motion and authorizing the sale of the Membership Interest to Luhr Bros., Inc.

E. The Court subsequently entered an order [ECF Doc. 930] ("***Breakwater Sale Order***"), among other things, granting the Sale Motion and authorizing the sale of substantially all of the Debtors' assets, other than specifically exempted assets—including the Membership Interest, to Breakwater Buyer, LLC.

F. The Breakwater Sale Order provides in paragraph 54:

> Pursuant to paragraph 8(b) of the *Final Order (A) Authorizing Debtors to (I) Obtain Postpetition Financing and (II) Use Cash Collateral, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection, (D) Modifying Automatic Stay, and (E) Granting Related Relief* [Docket No. 284], all DIP Obligations (as defined therein) shall be Paid in

Full (as defined therein) in cash upon the Closing to the DIP Lender (as defined therein).

**THE DEBTORS HEREBY STIPULATE AS FOLLOWS:**

1. The Breakwater Sale Order and the Luhr Sale Order do not address or resolve the allocation of post-petition administrative expenses between the following jointly-administered bankruptcy cases and estates: 26-10678, Crosby Marine Transportation, LLC; 26-10679, Crosby Tugs, L.L.C.; 26-10680, Crosby Dredging, LLC; 26-10681, Bertucci Contracting Company, L.L.C.; 26-11734, Crosby Inshore Marine Service, L.L.C; 26-11735, Crosby Marine Repairs, L.L.C.; 26-11736, Crosby Offshore Marine Service, L.L.C.; 26-11737, Kurt Crosby, L.L.C.; 26-11738, Tala Marine, LLC; 26-11739, Webb Crosby, L.L.C.; 26-11740, Crosby Inland Marine, LLC; 26-11741, Crosby Real Estate, LLC; 26-11742, Tala Real Estate, LLC; 26-11743, Crosby Enterprises, L.L.C.; 26-11960, Susan Marie, L.L.C.; 26-11962, Vinton Crosby, L.L.C.; 26-11963, Tara Crosby, L.L.C.; 26-11964, Crosby & Son Towing, L.L.C.

2. The Breakwater Sale Order and the Luhr Sale Order do not adjudicate any claims as between the Debtors for payment of administrative expenses, including any claim by a Debtor against another Debtor for reimbursement for a Debtor's allocable share of payments made by a bankruptcy estate to the Debtors' DIP lender, JMB Capital Partners Lending, LLC ("***JMB***") in connection with any DIP credit financing agreement.

3. For the avoidance of doubt, nothing contained herein shall affect the effectiveness, validity, force, or binding nature of the Luhr Sale Order or the Breakwater Sale Order.

4. For the avoidance of doubt, nothing contained herein shall preclude, limit, or otherwise restrict any Debtor from making payment to JMB in accordance with any agreement entered between a Debtor and JMB and/or any order by the U.S. Bankruptcy Court for the Eastern District of Louisiana.

5. For the avoidance of doubt, this stipulation shall not have any force and effect with respect to any party other than the Debtors.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Coleman L. Torrans*

Benjamin W. Kadden, La. Bar No. 29927
bkadden@lawla.com
Stewart F. Peck, La. Bar No. 10403
speck@lawla.com
Douglas S. Draper, La. Bar No. 5073
ddraper@lawla.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@lawla.com
Coleman L. Torrans, La. Bar No. 38917
ctorrans@lawla.com
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard (A Law Corporation)**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Fax: (504) 310-9195

***Counsel for Debtors and Debtors in Possession***