**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | | |
| | § | CASE NO. 26-10678 |
| CROSBY MARINE TRANSPORTATION, | § | (JOINTLY ADMINISTERED) |
| LLC, *et al.*,[1] | § | |
| | § | CHAPTER 11 |
| Debtors. | § | COMPLEX CASE |
| | § | |
| | § | SECTION: A |

**EX PARTE MOTION FOR EXPEDITED HEARING OF**
**<u>M C BANK & TRUST COMPANY'S MOTION TO CONVERT CASES TO CHAPTER 7</u>**

M C Bank & Trust Company ("***M C Bank***"), a secured creditor and party in interest in the above-captioned, jointly administered chapter 11 cases (collectively, the "***Cases***") of Crosby Marine Transportation, LLC and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), files this request for on its Motion to Convert the Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) [ECF Doc. 1014] (the "***Motion to Convert***"), filed contemporaneously herewith, and respectfully demonstrates good cause and the need for expedited consideration as follows:

[1] The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], on March 24, 2026. [No. 26-10678, ECF Doc. 9; No. 26-10679, ECF Doc. 4; No. 26 10680, ECF Doc. 4; No. 26-10681, ECF Doc. 4]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Inshore Marine Service, L.L.C. [No. 26-11734], (ii) Crosby Marine Repairs, L.L.C. [No. 26-11735], (iii) Crosby Offshore Marine Service, L.L.C. [No. 26-11736], (iv) Kurt Crosby, L.L.C. [No. 26-11737], (v) Tala Marine, L.L.C. [No. 26- 11738], (vi) Webb Crosby, L.L.C. [No. 26-11739], (vii) Crosby Inland Marine, LLC [No. 26-11740], (viii) Crosby Real Estate, LLC [No. 26-11741], (ix) Tala Real Estate, LLC [No. 26-11742], and (x) Crosby Enterprises, L.L.C. [No. 26-11743], on July 21, 2026. [No. 26-10678, ECF Doc. 663; No. 26-11734, ECF Doc. 10; No. 26-11735, ECF Doc. 9; No. 26-11736, ECF Doc. 9; No. 26-11737, ECF Doc. 9; No. 26-11738, ECF Doc. 9; No. 26-11739, ECF Doc. 9; No. 26-11740, ECF Doc. 9; No. 26-11741, ECF Doc. 9; No. 26-11742, ECF Doc. 9; No. 26-11743, ECF Doc. 9]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Susan Marie, LLC [No. 26-11960], (ii) Vinton Crosby, L.L.C [No. 26-11962], (iii) Tara Crosby, L.L.C [No. 26-11963]; and (iv) Crosby & Son Towing, L.L.C [No. 26-11964], on August 7, 2026. [ECF Doc. 26-10678, ECF Doc. 780; No. 26-11960, ECF Doc. 11; No. 26-11962, ECF Doc. 11; No. 26-11963, ECF Doc. 11; 26-11964, ECF Doc. 11].

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## REQUEST FOR EXPEDITED HEARING

2. Contemporaneously herewith, M C Bank has filed the Motion to Convert, seeking entry of an order, pursuant to 11 U.S.C. § 1112(b), converting the Cases to cases under chapter 7 of the Bankruptcy Code for the reasons set forth therein, including the absence of any reasonable likelihood of rehabilitation, the Debtors' failure to comply with the Court's Final CCO, and the efficiency and cost savings that conversion and the appointment of an independent trustee would provide.

3. Good cause exists for expedited consideration of the Motion to Convert. This Court has scheduled an evidentiary hearing for September 24, 2026, on the Debtors' *Expedited Motion to Approve Allocation of Cash Proceeds* [ECF Doc. 935], pursuant to the Court's Scheduling Order [ECF Doc. 939] (the "***Allocation Hearing***"). The Allocation Hearing will determine how the cash proceeds of the Breakwater Sale, the principal remaining asset Debtors' respective estates, are allocated among competing creditors, including M C Bank.

4. As set forth more fully in the Motion to Convert, the Debtors have not filed a Monthly Operating Report for any period beyond June 2026, and, upon information and belief, caused the Debtors' post-petition DIP lender to be paid in full in cash at Closing while M C Bank and the Debtors' other pre-petition secured lenders remain unpaid under the Final CCO. These circumstances leave M C Bank and other creditors without meaningful visibility into the administration of estates that will shortly be the subject of a contested allocation determination.

5. It is essential that the Court determine whether an independent chapter 7 trustee, rather than the Debtors and their professionals, should administer the Cases before the Allocation Hearing proceeds. Absent expedited consideration, the Allocation Hearing will be conducted, and the estates' remaining assets allocated, under continued debtor-in-possession administration notwithstanding the deficiencies described in the Motion to Convert, substantially diminishing the protective effect that conversion and the appointment of an independent trustee would otherwise provide.

6. M C Bank specifically requests that this Court set an expedited hearing on the Motion to Convert on or before September 24, 2026, or such other time as the Court may hear the Motion to Convert on an expedited basis, so that it may be heard and determined in advance of or concurrently with the Allocation Hearing. **M C Bank has advised counsel for the Debtors of this request and the Debtors indicate that they object to the request.**

WHEREFORE, M C Bank & Trust Company respectfully requests that the Court enter an order granting an expedited hearing on the Motion to Convert, substantially in the form of the order submitted herewith, and grant such other and further relief as the Court deems just and proper.

Dated: September 18, 2026

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

/s/ Trevor C. Mosby
Edward H. Arnold, III (LA Bar No. 18767)
Trevor C. Mosby (LA Bar No. 38618)
201 St. Charles Avenue Suite 3600
New Orleans, Louisiana 70170
Telephone (504) 566-5200
harnold@bakerdonelson.com
tmosby@bakerdonelson.com

*Attorneys for M C Bank & Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, the foregoing Ex Parte Motion was served electronically on all parties registered to receive notice through the Court's CM/ECF system in the above-captioned Cases, and by first-class U.S. Mail on all other parties entitled to notice.

*/s/ Trevor C. Mosby*