**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

<table>
<tr>
<td>

**IN Re:**

**CROSBY MARINE TRANSPORTATION, LLC,**

**Debtors,[1]**

**MC BANK AND TRUST CO., ELGA ONE LLC SERIES III, J.J. ASTOR & CO., AND SOUTH LAFOURCHE BANK & TRUST CO.**

**Appellants,**

**v.**

**CROSBY MARINE TRANSPORTATION, LLC, ET AL.**

**Appellees**

</td>
<td>

**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**

**USDC Case No: 26-1042**

**District Judge William J. Crain**

**Bankr. Case No. 26-10678**

**Chapter 11**

**APPEAL**

</td>
</tr>
</table>

**APPELLANT'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO PARTIALLY STAY SALE ORDER,**
**<u>SUBJECT TO TERMS OF THE POST-SALE LETTER AGREEMENT</u>**

---

[1] An Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 25-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Tugs, L.L.C. [No. 26-10679], (ii) Crosby Dredging, LLC [No. 26-10680], and (iii) Bertucci Contracting Company, L.L.C. [No. 26-10681], was entered on March 24, 2026, [No. 26-10678, ECF Doc. 9; No. 26- 10679, ECF Doc. 4; No. 26-10680, ECF Doc. 4, No. 26-10681, ECF Doc. 4]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Crosby Inshore Marine Service, L.L.C. [No. 26-11734], (ii) Crosby Marine Repairs, L.L.C. [No. 26-11735], (iii) Crosby Offshore Marine Service, L.L.C. [No. 26-11736], (iv) Kurt Crosby, L.L.C. [No. 26-11737], (v) Tala Marine, L.L.C. [No. 26- 11738], (vi) Webb Crosby, L.L.C. [No. 26-11739], (vii) Crosby Inland Marine, LLC [No. 26-11740], (viii) Crosby Real Estate, LLC [No. 26-11741], (ix) Tala Real Estate, LLC [No. 26-11742], and (x) Crosby Enterprises, L.L.C. [No. 26-11743], on July 21, 2026. [No. 26-10678, ECF Doc. 663; No. 26-11734, ECF Doc. 10; No. 26-11735, ECF Doc. 9; No. 26-11736, ECF Doc. 9; No. 26-11737, ECF Doc. 9; No. 26-11738, ECF Doc. 9; No. 26-11739, ECF Doc. 9; No. 26-11740, ECF Doc. 9; No. 26-11741, ECF Doc. 9; No. 26-11742, ECF Doc. 9; No. 26-11743, ECF Doc. 9]. The Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of Crosby Marine Transportation, LLC [No. 26-10678], as lead case, with the Chapter 11 bankruptcy cases of (i) Susan Marie, LLC [No. 26-11960], (ii) Vinton Crosby, L.L.C [No. 26-11962], (iii) Tara Crosby, L.L.C [No. 26-11963]; and (iv) Crosby & Son Towing, L.L.C [No. 26-11964], on August 7, 2026. [ECF Doc. 26-10678, ECF Doc. 780; No. 26-11960, ECF Doc. 11; No. 26-11962, ECF Doc. 11; No. 26-11963, ECF Doc. 11; 26-11964, ECF Doc. 11]. The Debtors in these cases are hereafter referred to as the "**Debtors**."

Appellant ELGA One LLC Series III, ("**Appellant**" or "**ELGA**"), as debtor and debtor in possession in the U.S. Bankruptcy Court for the Northern District of Illinois, moves this District Court for a stay of the U.S. Bankruptcy Court for the Eastern District of Louisiana's September 3, 2026 order (the "**Sale Order**") which is the subject of this appeal.

The circumstances have significantly changed since the Bankruptcy Court below denied the Appellants' request for stay of the Sale Order. The Sale Order is now partially stayed by operation of the automatic stay issued by the U.S. Bankruptcy Court for the Northern District of Illinois, and, as a result, the Debtors have halted the sale as to ELGA's vessels by a certain letter agreement executed on September 15, 2026 (the "**Letter Agreement**"). By the Letter Agreement, the parties escrowed approximately $1.9 Million to protect the status quo. Therefore, Appellant seeks a stay from this Court, consistent with the Letter Agreement and the automatic stay, and all parties' interests can be protected pending appeal by virtue of the terms of the Letter Agreement.

The appellate stay ELGA seeks herein is to be cumulative with, and would not waive, replace or call into question, the automatic stay already issued by the U.S. Bankruptcy Court for the Northern District of Illinois.

## INTRODUCTION

1. The facts before this Court now are substantially different from those presented to Judge Grabill, when the Bankruptcy Court denied the stay in the proceedings below on September 11, 2026. Then, the Debtors insisted that the stay must be denied and the sale had to close immediately, or else risk that the global $125 Million sale would fall apart. Now, by contrast, that global sale has closed. The Debtors have received the entire purchase price. Only ELGA's collateral remains unsold. The Debtors halted the sale as to the four ELGA vessels: Crosby Knight, Crosby Hope, Crosby Viking and Crosby Voyager. The buyer, Breakwater Buyer, bargained for an

interim agreement to maintain the status quo, retaining the unilateral right to walk away from the four ELGA vessels and recover $1,868,361 of the purchase price. A stay from this Court, maintaining the status quo, and allowing for appellate review is therefore much easier to accomplish now.

2. This motion is brought pursuant to Local District Court Rule 83.4.3 and Fed. R. Bank. P. 8007(b), which permits an appellant to seek a stay of a bankruptcy order pending appeal. Pursuant to Fed. R. Bank. P. 8007(a), Appellants first moved for a stay in the Bankruptcy Court, which was denied in open court on September 11, 2026. Appellants now move the District Court for a stay pursuant to Fed. R. Bank. P. 8007(b)(2)(B).

3. A stay is both necessary and warranted because the Sale Order strips Appellants—secured creditors—of their liens and forces them to accept substantially less than they are owed, a result not permitted by law. The Bankruptcy Court concluded that Debtors can sell Appellants' collateral free and clear of all liens under 11 U.S.C. § 363(f)(5), a statute that *only* applies when a debtor shows that there is a "legal or equitable proceeding" in which its secured creditors could be compelled to "accept a money satisfaction of their interest." The Bankruptcy Court held that a "cramdown" under 11 U.S.C. § 1129(b)(2)(A) qualifies as such a proceeding, a conclusion that other courts have rejected. Most notably, in *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 46 (9th Cir. BAP 2008), the Bankruptcy Appellate Panel for the Ninth Circuit held that an 1129(b)(2)(A) cramdown does not satisfy § 363(f)(5) because it is a procedure only available in the context of plan confirmation, which includes substantive and procedural protections that are otherwise unavailable.

4. Moreover, even if the Bankruptcy Court correctly concluded that a cramdown qualifies (which is denied), a cramdown is not possible here because Appellants were effectively

denied their statutory credit bid rights, which is prohibited. *See, generally, RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012). At minimum, because there is no Circuit Court authority supporting the Sale Order, there is a "substantial possibility" that Appellants will succeed on appeal, which is all that is necessary for a stay. *See, e.g., In re Jones*, 2023 Bankr. LEXIS 1481, at *6-7 (Bankr. S.D.N.Y. June 6, 2023). Thus, because all of the stay factors are met, a stay should be granted before Appellants are irreparably harmed by the permanent loss of their collateral. *See, e.g., Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. v. CH Bus Sales, LLC*, 2018 WL 4179456 at (D. Del. Aug. 31, 2018) (a "sufficient threat" to a creditor's security interest constitutes irreparable harm).

5. The stay is warranted not only due to the four-part test discussed below, but also due to the fact that the Debtors have already agreed to partially stay execution of the sale, by virtue of the Letter Agreement executed on September 15, 2026. The Letter Agreement preserved the status quo by 1) placing approximately $1.9 Million of the purchase price in escrow; 2) agreeing that the four vessels that are ELGA's collateral would *not* be sold pending certain uncertain future conditions; and 3) agreeing that the buyer would receive the return of the $1.9 Million escrow in the event that ELGA's collateral is not ultimately delivered.

6. The Letter Agreement is an appropriate device to protect the interests of all parties pending the outcome of this appeal. Appellant respectfully requests that the Court grant an immediate stay of the Sale Order pending the appeal, as to the proposed sale of ELGA's collateral, and subject to the terms of the Letter Agreement.

**INTERESTED PARTIES**

7. MC Bank and Trust Company – Edward H. Arnold, III, Joseph P. Briggett, Trevor C. Mosby, Baker Donelson Bearman Caldwell Berkowit, 201 St. Charles Ave., Suite 3600, New

Orleans, LA 70170 and Heather LaSalle Alexis, Hinshaw & Culbertson LLP, 400 Poydras Building, 400 Poydras Street, Suite 3150, New Orleans, LA 70130.

8. ELGA One LLC Series III – Edward H. Arnold, III, Joseph P. Briggett, Trevor C. Mosby, Baker Donelson Bearman Caldwell Berkowit, 201 St. Charles Ave., Suite 3600, New Orleans, LA 70170 and Heather LaSalle Alexis, Hinshaw & Culbertson LLP, 400 Poydras Building, 400 Poydras Street, Suite 3150, New Orleans, LA 70130

9. J.J. Astor & Co. Heather LaSalle Alexis, Hinshaw & Culbertson LLP, 400 Poydras Building, 400 Poydras Street, Suite 3150, New Orleans, LA 70130, Fernand L. Laudumiey, IV, and David J. Messina, Chaffe McCall, LLP, 2300 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163.

10. South Lafourche Bank & Trust Company - Heather LaSalle Alexis, Hinshaw & Culbertson LLP, 400 Poydras Building, 400 Poydras Street, Suite 3150, New Orleans, LA 70130.

11. Captioned Debtors – Avery Autin, Greta M. Brouphy, Katherine E. Clark, Benjamin Kadden, Michael E. Landis, Samuel Riccardi, and Coleman Torrans, Lugenbuhl Wheaton Peck Rankin & Hubbard 601 Poydras St., Ste 27th Floor, New Orleans, LA 70130 and Joseph P. Hebert, Michael D. Rubenstein, Liskow & Lewis, First City Tower, 1011 Fannin Street, Suite 1800, Houston TX 77002.

12. Official Committee of Unsecured Creditors of Crosby Tugs, LLC and Crosby Dredging, LLC – Joseph A. Caneco, Tristan E. Manthey, and Cherie D. Nobles, Fishman Haygood, L.L.P., 201 St. Charles Avenue, 46th Floor, New Orleans, LA 70170 and Robert Gayda, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004.

13. Breakwater Buyer, LLC – A. Brooke Watford Altazan, Stewart Robbins & Altazan, LLC, 301 Main St., Suite 1640, Baton Rouge LA 70801 and Adam J. Goldberg, Latham & Watkins, 1271 Avenue of Americas, New York, NY 10020.

14. JMB Capital Partners Lending, LLC – Mark Mintz, Jones Walker, 201 St. Charles Street, 49th Floor, New Orleans, LA 70170

## BACKGROUND

15. On March 23, 2026, the Debtors filed a chapter 11 bankruptcy petition with this Court. Doc. No. 1.

16. On June 30, 2026, the Debtors filed a Motion for Sale of Property Free and Clear of Liens under 11 U.S.C. § 363(f) (the "**Sale Motion**"). Doc. No. 571. That same day, the Debtors also filed a Motion to Expedite Hearing on the Sale Motion. Doc. No. 572.

17. On July 1, 2026, the Bankruptcy Court entered an order granting the Motion to Expedite and setting a Notice of Hearing on Motion for Sale of Property Free and Clear of Liens under 11 U.S.C. § 363(f). Doc. Nos. 573 and 574.

18. After extensive motion practice, the Bankruptcy Court held a trial on the Sale Motion on August 31, 2026, and September 1, 2026.

19. On September 1, 2026, the Bankruptcy Court issued its oral ruling on the Sale Motion. The Bankruptcy Court determined that the Debtors satisfied Section 363(f)(5), entitling the sale of assets free and clear of all liens.

20. On September 3, 2026, the Bankruptcy Court entered its *Order (I) Approving the Sale of Substantially All of the Assets of Specified Debtors Free and Clear of Claims, Liens, and Encumbrances, (II) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "**Sale Order**"). Doc. No. 930.

21. Appellants filed an expedited motion for a stay of the Sale Order pending appeal in the Bankruptcy Court, which was denied in open court and through entry of an order denying a stay, which is attached hereto as Exhibit 1. Appellants now move this Court for a stay so that they are not irreparably harmed by the loss of their collateral and to ensure that their appellate rights are not rendered moot by Debtors' proposed sale.

22. Subsequent to the entry of the Sale Order, on September 14, 2026, ELGA commenced a separate bankruptcy proceeding under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois. The commencement of that action automatically stayed the execution of the Sale Order.

23. The Debtors and Breakwater recognized the potential effect of the automatic stay of the separate ELGA bankruptcy proceeding, and, as a result, entered into the Letter Agreement, which is attached hereto as Exhibit 2. The Letter Agreement required that $1,868,361 of the total purchase price be placed in escrow with the Debtors' counsel, in respect of the non-delivery of the ELGA vessels. They further agreed that the four vessels that are ELGA's collateral would not be sold pending certain uncertain future conditions as more particularly set out in the Letter Agreement. The Debtors and Breakwater further agreed that Breakwater may elect to exclude the ELGA vessel collateral from the sale, in which case the Debtors' counsel would be required to return the $1,868,361 held in escrow to Breakwater. Breakwater itself bargained for the unilateral right to walk away from the four ELGA vessels and recover the $1,868,361.

24. ELGA was not consulted regarding the terms of the Letter Agreement. Nevertheless, the Letter Agreement is evidence that the status quo can be maintained pending this appeal.

## **THE MOTION TO STAY SHOULD BE GRANTED**

25. Courts in this circuit apply a four-part test to motions for stay pending appeal. *Mounce v. Wells Fargo Home Mortgage*, Adv. No. 04-5182, 2008 WL 2714423, *1 (W.D. Tex. July 10, 2008) (citing *Arnold v. Garlock, Inc.,* 278 F .3d 426, 438-39 (5th Cir. 2001)). In particular, courts consider whether the movant has demonstrated the following four elements: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re Royal Street Bistro, LLC*, 2022 WL 326636, *2-3 (E.D. La. Feb. 3, 2022) (citing *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)). Notably, "[t]he movant need not prevail on all four factors." *In re TMT Procurement Corp.*, No. 13-33741, 2014 WL 1577475, at *2 (Bankr. S.D. Tex. Apr. 16, 2014).

26. Moreover, "the Fifth Circuit has cautioned that courts should not deny applications for a stay pending appeal simply because the movant has failed to demonstrate its likelihood of success on the merits." *Mounce*, 2008 WL 2714423, at *2. Rather:

> the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.

*First S. Sav. Ass'n*, 820 F.2d at 701 (*quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

In *Ruiz*, the Fifth Circuit explained:

> If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue. The stay procedure … affords interim relief where relative harm and the uncertainty of final disposition justify it.

*Ruiz*, 650 F.2d at 565.

27. Additionally, courts have recognized that the four-factor test applies more flexibly in bankruptcy cases than in other types of proceedings. *See In re Gleasman*, 111 B.R. 595, 599-600 (Bankr. W.D. Tex. 1990)(eschewing "[s]lavish adherence" to the test because Bankruptcy Rule 8007 "is by its design a flexible tool which permits a bankruptcy court to uniquely tailor relief to the circumstances of the case, so that the appellate process will neither undo nor overwhelm the administration of the bankruptcy case"). *See also In re Continental Coin Corp.*, Nos. CV 08-0093(PA), CV 08-1478(PA), CV 08-2504(PA), 2009 WL 2589635, *10 (C.D. Cal. Aug. 21, 2009) ( "the four factor test for a stay may not be appropriate in all circumstances, and need not be applied rigidly" in a bankruptcy context).

28. Here, the four-factor test is met, a serious legal question is presented, and the balance of equities weighs heavily in favor of granting the stay.

29. **Appellants Have a Substantial Possibility of Success on the Merits.** To satisfy the likelihood of success on the merits factor, "… the Fifth Circuit has held that a movant must…present a prima facie case but need not show that he is certain to win…." *In re Dernick*, No. 18-32417, 2019 WL 236999, at *2 (Bankr. S.D. Tex. Jan. 16, 2019). The "substantial possibility of success" test is an intermediate level between "possible" and "probability" with an intent to eliminate frivolous appeals. *In re Jones*, 2023 Bankr. LEXIS 1481, at *6-7 (Bankr. S.D.N.Y. June 6, 2023) (citing *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 683-84 (Bankr. S.D.N.Y. 2016)). There is a substantial possibility of success here, and Appellants' appeal certainly is not frivolous.

30. The Bankruptcy Court premised its decision to grant Debtors' Sale Motion on 11 U.S.C. § 363(f)(5), a provision that Debtors did not rely upon in the Sale Motion and that was

referenced for the first time in Debtors' reply brief.[2] Section 363(f)(5) permits a sale "free and clear" of a creditor's liens only if that creditor "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of" its interest in the secured property. Specifically, the Bankruptcy Court determined that, if the Debtors were to seek confirmation of a plan that includes the proposed sale, creditors could be compelled to accept less than their full claim amount through cramdown under 11 U.S.C. § 1129(b)(2)(A). Thus, the hypothetical cramdown was deemed sufficient to satisfy § 363(f)(5)'s "legal or equitable proceeding" requirement.

31. To the best of Appellants' knowledge, no Circuit Court of Appeals has agreed that a cramdown under § 1129(b)(2)(A) is a qualifying legal or equitable proceeding. The Debtors have not cited any such authority in support of the Sale Order.

32. Notably, the Bankruptcy Appellate Panel for the Ninth Circuit has expressly rejected the Bankruptcy Court's conclusion. In *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 46 (9th Cir. BAP 2008), the court explained that "use of the cramdown mechanism to allow a sale free and clear under § 363(f)(5) uses circular reasoning—it sanctions the effect of cramdown without requiring any of § 1129(b)'s substantive and procedural protections. 3 COLLIER ON BANKRUPTCY, supra, at ¶ 363.06[6]. If the proceeding authorizing the satisfaction was found elsewhere in the Bankruptcy Code, then an estate would not need § 363(f)(5) at all; it could simply use the other Code provision."

33. The *Clear Channel* court emphasized that while § 1129(b)(2) permits a cramdown of a lien to the value of the collateral, "it does so only in the context of plan confirmation. To isolate and separate the cramdown from the checks and balances inherent in the plan process

[2] Because Debtors did not initially rely on § 363(f)(5) or articulate their theory that a cramdown is a qualifying legal or equitable proceeding, Appellants were prevented from addressing these issues in advance of the hearing.

undermines the entire confirmation process…." *Id*. Thus, the court concluded, "Congress did not intend under § 363(f)(5) that nonconsensual confirmation be a type of legal or equitable proceeding to which that paragraph refers." *Id*. The availability of cramdown is therefore insufficient to satisfy § 363(f)(5).

34. The Bankruptcy Court cited *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 497 (Bank. N.D. Ala. 2002), during the hearing on the Sale Motion. But *Gulf States* predated *Clear Channel*, is not controlling, and is distinguishable from this case. Most importantly, the first priority lienholder in *Gulf States* consented to the proposed sale, satisfying § 363(f)(2). *Id*. at 506. The court's application of § 363(f)(5) was thus grounded in the fact that only inferior lienholders would be adversely affected. As the court explained, because the senior lienholder had priority over the claims, liens, and interests of the objecting creditors, those other creditors "would be compelled as a matter of law to release the same in a judicial or non-judicial foreclosure of the senior liens." *Id*. at 508-09.

35. The Bankruptcy Court's application of § 363(f)(5) goes much further, stripping *senior* lienholders of their lien rights, a precedent that will chill vessel lending and undermine the protections Congress granted lenders through the Commercial Instruments and Maritime Liens Act ("CIMLA," 46 U.S.C. §§31301 *et seq*.), which is the successor statute to the Federal Maritime Lien Act ("FMLA," previously codified at 46 U.S.C. §§971–975) and the foundational basis for maritime liens under the general maritime law of the United States. *See, e.g., Maritrend, Inc. v. Serac & Co. (Shipping) Ltd.*, 348 F.3d 469, 470-71 (5th Cir. 2003).[3] CIMLA was intended to protect lenders by giving them a secured lien, preferred status, and an exclusive lien-enforcement

[3] As the Fifth Circuit recognized in *Maritrend*, CIMLA did not make any substantive changes to the law, and the majority of FMLA jurisprudence regarding maritime liens, and particularly liens for "necessaries," remains "persuasive, if not controlling." 348 F.3d at 471, n. 7.

mechanism in federal district court that permits recovery of the value of the particular vessel securing each loan. While courts have tentatively recognized that bankruptcy courts may have concurrent jurisdiction to execute sale processes as to documented vessels, no court has approved the indiscriminate pooling and infringement upon preferred ship mortgages that the Bankruptcy Court has approved here. Absent reversal, the Sale Order will have a dramatic effect on the maritime lending industry, sharply reducing the credit available to ship purchasers.

36. Furthermore, the conclusion that a cramdown under § 1129(b)(2)(A) is a qualifying legal or equitable proceeding under § 363(f)(5) renders § 363(f)(1)-(f)(4) meaningless because a cramdown is *always* theoretically available to the debtor. Courts caution against statutory interpretation that has this result. In *Clear Channel*, for example, the court explained that an "interpretation of paragraph (5) must satisfy the requirement that the various paragraphs of subsection (f) work harmoniously and with little overlap." 391 B.R. at 44. The *Gulf States* interpretation, adopted by the Bankruptcy Court in this case, fails to do so.

37. Even if the *Gulf States* cramdown approach had merit, § 363(f)(5) is not satisfied unless the debtor demonstrates that the theoretical cramdown *could*, in fact, happen. *See, e.g., In re Ferris Properties, Inc.*, 2015 WL 4600248 (D. Del. July 30, 2015) ("Even if section 1129(b)(2) were a legal proceeding within the meaning of section 363(f)(5), the Debtors and One-Pie have no demonstrated that they could cram down Wells Fargo under that section."); *see also In re Terrace Chalet Apartments, Ltd.*, 159 B.R. 821, 827 (N.D.Ill.1993) (requiring debtor to demonstrate how a creditor could be compelled to accept satisfaction of its interest by § 1129(b) "cramdown"). Here, a cramdown is not possible.

38. A cramdown is not available under § 1129(b)(2)(A)(i) because the affected senior lienholders will not receive deferred cash payments totaling the value of their respective interests

in the secured property. Nor can cramdown occur under § 1129(b)(2)(A)(iii) because the senior lienholders will not realize the "indubitable equivalent" of their claims.

39. Section 1129(b)(2)(A)(ii), the presumed basis for the theoretical cramdown approved by the Bankruptcy Court, likewise does not apply. It expressly requires that the plan to be crammed down provide for a sale that is "subject to section 363(k) of this title," *i.e.*, a sale that is subject to the right of each lienholder to credit bid. This requirement cannot be avoided or relaxed. As the Supreme Court held in *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012), "debtors may not sell their property free of liens under § 1129(b)(2)(A) without allowing lienholders to credit-bid, as required by clause (ii)." The Supreme Court recognized that credit bidding is a critical statutory protection designed to preserve the benefit of a secured creditor's bargain when collateral is sold in bankruptcy.

40. Here, Appellants were denied a meaningful right to credit bid. Appellant MC Bank and Trust Company, for example, complied with the stated bid procedures when it submitted a qualified overbid *exceeding* the value that the Debtors allocated to its collateral. Nevertheless, the Debtors awarded MC Bank's collateral to another bidder through a larger enterprise transaction. This confirms that MC Bank's alleged right to credit bid was illusory; no matter the bid submitted by MC Bank, there was no possibility that the bid would succeed.

41. The Fifth Circuit has already recognized the danger presented by sale structures like the one Debtors used here. In *Baker Hughes Oilfield Operations, Inc. v. Morton (In re R.L. Adkins Corp.)*, Judge Jones warned that the mere existence of a theoretical right to credit bid does not necessarily protect a secured creditor's rights where a debtor proposes a bundled sale involving multiple assets and multiple secured creditors. The concurrence noted that a debtor could structure a transaction so that "no single secured creditor could protect its lien with a credit bid against the

total package," thereby effectively depriving the secured creditor of the protections that sections 363(k), 1111(b), and 1129(b)(2)(A) were designed to provide. 784 F.3d 978, 982-83 (5th Cir. 2015) (Jones, J., specially concurring).

42. Judge Jones emphasized that bankruptcy courts must examine whether a proposed transaction actually affords a secured creditor a meaningful opportunity to credit bid rather than merely reciting statutory labels. Judge Jones specifically cautioned that a debtor could structure a transaction so that: "no single secured creditor could protect its lien with a credit bid against the total package." *Id*. at 982. As discussed above, that is precisely what occurred here.

43. Because there is no Circuit Court authority that directly addresses the use of a cramdown to satisfy § 363(f)(5), and in light of the well-reasoned holdings in *Clear Channel* and *RadLAX*, Appellants' argument has a substantial possibility of success on appeal. Accordingly, the "substantial possibility" factor of the stay test is satisfied.

44. **Irreparable injury.** Appellants will suffer irreparable injury if the Sale Order is not stayed. Indeed, 11 U.S.C. § 363(m) expressly prevents the reversal on appeal of "an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *In re Energytec, Inc.*, 739 F.3d 215, 218 (5th Cir. 2013) (citations omitted). If the four vessels are transferred before appellate review, §363(m) may severely restrict the Court's ability to grant effective appellate relief. Preserving these presently untransferred assets avoids that risk.

45. Additionally, the prospective loss of a creditor's security interest in collateral constitutes irreparable harm. In *GE Commercial Distribution Finance Corp. v. Speedboats of Texas, LP,* 2010 WL 11534610 at *3 (N.D. Tex. May 10, 2010), for example, the court held that sales of collateral held in trust caused a secured creditor to suffer irreparable harm—loss of its security interest in the property sold—warranting preliminary injunctive relief. And in *WM*

*Capital Partners I, LLC v. BBJ Mortg. Services, Inc.*, 2010 WL 5903262 at *3 (E.D. Mich. Aug. 17, 2010), the court similarly concluded that there is irreparable harm sufficient to warrant injunctive relief where a creditor shows that its collateral "will be impaired or depleted." *See also Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. v. CH Bus Sales, LLC*, 2018 WL 4179456 at (D. Del. Aug. 31, 2018) (a "sufficient threat" to a creditor's security interest constitutes irreparable harm); *FCS Advisors, LLC v. Theia Group, Inc*., 2021 WL 5042719 at *3 (S.D.N.Y. Oct. 28, 2021) (appointing receiver where mover showed, *inter alia*, that the appointment was "necessary to prevent irreparable injury, *i.e.,* dissipation and impairment of its collateral"). Here, of course, the express purpose and result of the Sale Order is to strip Appellants of their liens entirely, satisfying the irreparable harm factor of the stay analysis.

46. **Others will not suffer substantial injury in the event of a stay**. Any claim by Debtors that a stay will cause them substantial injury should be rejected. Debtors and Breakwater have entered into an agreement that protects the status quo pending appeal. The Letter Agreement required that $1,868,361 of the total purchase price be placed in escrow with the Debtors, in respect of the non-delivery of the ELGA vessels. Those funds being maintained in escrow will protect the rights of all parties pending appeal. In the event ELGA is successful in this appeal, the Debtors will simply be required to return of the $1,868,361 held in escrow to Breakwater. The Debtors have further advised that they have obtained a new insurance policy to protect the ELGA vessels. While ELGA was not consulted regarding the Letter Agreement, it agrees that the Letter Agreement is sufficient to protect the status quo pending this appeal.

47. For these reasons, no other party or third parties will suffer irreparable injury if a stay is granted.

48. **The Public Interest Favors a Stay**. Courts recognize that the public interest favors the efficient administration of bankruptcy estates. *Crane Enters., LLC v. Crane (In re Crane Enters., LLC)*, 2025 Bankr. LEXIS 1997, at *23 (Bankr. S.D.N.Y. Aug. 20, 2025). Moreover, "[t]he public has an interest in the enforcement of security agreements." *WM Capital*, 2010 WL 5903262 at *4. Indeed, as the court explained in *Plainfield Specialty Holdings II Inc. v. Children's Legal Servs. LLC*, 634 F.Supp.2d 833, 848 (E.D. Mich. 2009), upholding the rights of secured parties "is in the best interest of our credit-based economy" because "security agreements [ ] make[] our economic system possible." Here, for example, Debtors would not have been able to successfully operate for decades without the credit they were advanced by Appellants and other lenders, credit that may be unavailable to future maritime operators if lenders can no longer rely on the availability of collateral to protect their interest.

49. **Bond or Security Pending Appeal.** Federal Rule of Bankruptcy Procedure 8007(c) provides "[t]he district court, BAP, or court of appeals may condition relief on filing a bond or other security with the bankruptcy court." To the extent security is required to protect the interests of parties pending this appeal, the $1,868,361 escrow constitutes adequate "other security."

50. As shown herein, the four factors needed to establish a basis for this Court to enter a stay pending appeal of the Sale Order are met, and this motion should be granted.

51. Pursuant to Local Rule 83.4.3(A)(3)(b), Appellant designates the portions of the record identified in the Designations attached hereto as Exhibit 3, and further designates the following additional record documents:

- Document Number: 1117 - Notice of Binding of Vessel Insurance Filed by Crosby Marine Transportation, LLC

- Document Number: 1107 - Notice of Consummation of Breakwater Sale Filed by Crosby Marine Transportation, LLC

WHEREFORE, Appellant respectfully requests that the District Court enter relief as follows:

(i) an immediate administrative stay pending resolution of this Motion, solely to the extent the Sale Order authorizes transfer of the Crosby Knight, Crosby Hope, Crosby Viking and Crosby Voyager or release, discharge, satisfaction or removal of ELGA's Preferred Ship Mortgages against those vessels;

(ii) following hearing, a stay of those portions of the Sale Order pending disposition of the appeal;

(iii) a determination that the existing $1,868,361 escrow constitutes sufficient “other security” under Rule 8007(c); and

(iv) confirmation that the relief is cumulative with and does not waive, modify, supersede, adjudicate, or otherwise affect the automatic stay issued by the U.S. Bankruptcy Court for the Northern District of Illinois Chapter.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**

*/s/ Joseph P. Briggett*
Joseph P. Briggett (LA Bar No. 33029)
Trevor C. Mosby (LA Bar No. 38618)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Emails: jbriggett@bakerdonelson.com
tmosby@bakerdonelson.com

*Attorneys for ELGA One LLC – Series III, as debtor in possession (pending approval by the U.S. Bankruptcy Court for the Northern District of Illinois)*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on September 30, 2026, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system, which sends notification to all parties in interest participating in this case through the CM/ECF system.

*/s/ Joseph P. Briggett*

Richard A. Aguilar on behalf of Creditor City National Bank of Florida
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor Ecoserv Environmental Services, LLC
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor Ecoserv, LLC
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor Harvey Gulf International Marine, LLC
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor Harvey Seas, LLC
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor PNC Bank, National Assocation
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Richard A. Aguilar on behalf of Creditor Regions Commercial Equipment Finance, LLC
richard.aguilar@arlaw.com, annie.parish@arlaw.com

Heather LaSalle Alexis on behalf of Creditor ELGA One, LLC-Series III
halexis@hinshawlaw.com, lgraff@mcglinchey.com

Heather LaSalle Alexis on behalf of Creditor J.J. Astor & Co.
halexis@hinshawlaw.com, lgraff@mcglinchey.com

Heather LaSalle Alexis on behalf of Creditor MC Bank & Trust Company
halexis@hinshawlaw.com, lgraff@mcglinchey.com

Heather LaSalle Alexis on behalf of Creditor South Lafourche Bank & Trust Company
halexis@hinshawlaw.com, lgraff@mcglinchey.com

A. Brooke Watford Altazan on behalf of Creditor Michael Warner
baltazan@stewartrobbins.com,
baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com

A. Brooke Watford Altazan on behalf of Interested Party Breakwater Buyer, LLC
baltazan@stewartrobbins.com,
baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com

Edward H. Arnold, III on behalf of Creditor ELGA One, LLC-Series III
harnold@bakerdonelson.com, stannehill@bakerdonelson.com

Edward H. Arnold, III on behalf of Creditor Equipment Leasing Group of America, LLC
harnold@bakerdonelson.com, stannehill@bakerdonelson.com

Edward H. Arnold, III on behalf of Creditor MC Bank & Trust Company
harnold@bakerdonelson.com, stannehill@bakerdonelson.com

Avery Autin on behalf of Debtor Crosby Marine Transportation, LLC
aautin@lawla.com

Avery Autin on behalf of Plaintiff Crosby Marine Transportation, LLC
aautin@lawla.com

Bryce Autin on behalf of Creditor Greater Lafourche Port Commission
brycea@portfourchon.com

Meredith Blanque on behalf of Interested Party Modern American Railroad Services, L.L.C.
meredith.blanque@pjgglaw.com

Meredith Blanque on behalf of Interested Party Shore Offshore Services, LLC
meredith.blanque@pjgglaw.com

Phillip Jason Block on behalf of Creditor Citizens Asset Finance, a division of Citizens Bank, N.A.
pblock@riemerlaw.com

Alexandra D. Blye on behalf of Creditor City National Bank of Florida
ablye@carltonfields.com

Florence Bonaccorso-Saenz on behalf of Creditor Louisiana Department of Revenue
FBS-ECFNotices@la.gov

Charles Bourque on behalf of Creditor Dylan Fontenot
cbourque@stmblaw.com

Craig W. Brewer on behalf of Interested Party MARMAC LLC
cbrewer@mcdonoughmarine.com, aimee@staines-eppling.com;kleblanc@staines-eppling.com

Joseph Patrick Briggett on behalf of Creditor ELGA One, LLC-Series III
jbriggett@bakerdonelson.com,
jbowers@bakerdonelson.com;kdixon@bakerdonelson.com

Joseph Patrick Briggett on behalf of Creditor Equipment Leasing Group of America, LLC
jbriggett@bakerdonelson.com,
jbowers@bakerdonelson.com;kdixon@bakerdonelson.com

Joseph Patrick Briggett on behalf of Creditor MC Bank & Trust Company
jbriggett@bakerdonelson.com,
jbowers@bakerdonelson.com;kdixon@bakerdonelson.com

Greta M. Brouphy on behalf of Debtor Crosby Marine Transportation, LLC
gbrouphy@lawla.com

Joseph A. Caneco on behalf of Creditor Committee Official Committee of Unsecured Creditors of Crosby Tugs, LLC and Crosby Dredging, LLC
jcaneco@fishmanhaygood.com,
kfritscher@fishmanhaygood.com;rmichel@fishmanhaygood.com

John A. Cangelosi on behalf of Creditor Arba Credit Investors III, L.P.
jcangelosi@kingjurgens.com

Christopher T. Caplinger on behalf of Creditor Thoma-Sea Marine Constructors, L.L.C.
chris.caplinger@keanmiller.com, mlopez@lawla.com

Christopher T. Caplinger on behalf of Defendant Thom-Sea Boat Builders
chris.caplinger@keanmiller.com, mlopez@lawla.com

Christopher T. Caplinger on behalf of Defendant Thoma-Sea Marine Constructors, L.L.C.
chris.caplinger@keanmiller.com, mlopez@lawla.com

Christopher T. Caplinger on behalf of Defendant Thomassie Properties, L.L.C.
chris.caplinger@keanmiller.com, mlopez@lawla.com

Jason M. Cerise on behalf of Creditor Kirby Inland Marine LP

jason.cerise@troutman.com

Jason M. Cerise on behalf of Creditor Masse Contracting Inc.
jason.cerise@troutman.com

Jason M. Cerise on behalf of Creditor Retif Oil & Fuel LLC
jason.cerise@troutman.com

Mark J. Chaney, III on behalf of Creditor PNC Bank, National Assocation
mark.chaney@arlaw.com, annie.parish@arlaw.com

Mark J. Chaney, III on behalf of Defendant PNC Bank, National Association.
mark.chaney@arlaw.com, annie.parish@arlaw.com

J. Jacob Chapman on behalf of Defendant ClearFund Solutions, LLC
jacob@snw.law

Ryan E Chapple on behalf of Creditor Brian Cloyd
rchapple@cstrial.com

Ryan E Chapple on behalf of Creditor Joseph Garza
rchapple@cstrial.com

Ryan E Chapple on behalf of Creditor Lewis Andrews
rchapple@cstrial.com

Ryan E Chapple on behalf of Creditor Patrick Burnett
rchapple@cstrial.com

Ryan E Chapple on behalf of Creditor Skylar Taylor
rchapple@cstrial.com

Ryan E Chapple on behalf of Creditor Wallace McCray
rchapple@cstrial.com

William G. Cherbonnier, Jr. on behalf of Creditor Pedro Colon Solorvano
wgc@billcherbonnier.com, caludagroupllc@jubileebk.net

Katherine Elizabeth Clark on behalf of Debtor Crosby Marine Transportation, LLC
kclark@lawla.com

Katherine Elizabeth Clark on behalf of Plaintiff Crosby Marine Transportation, LLC
kclark@lawla.com

Chazz Christian Coleman on behalf of Interested Party Arena Offshore LP
ccoleman@hunton.com

Chazz Christian Coleman on behalf of Interested Party White Fleet Abandonment, LLC
ccoleman@hunton.com

Chazz Christian Coleman on behalf of Interested Party White Fleet Drilling
ccoleman@hunton.com

Leo D. Congeni on behalf of Interested Party Kurt Crosby
lcongeni@brooksgelpi.com, mmoffatt@brooksgelpi.com

Yvette A D'Aunoy on behalf of Interested Party Aaron J. Guidry Trust
ydaunoy@midrid.com

Yvette A D'Aunoy on behalf of Interested Party Lauren M. Guidry Trust
ydaunoy@midrid.com

Yvette A D'Aunoy on behalf of Interested Party Aaron J. Guidry
ydaunoy@midrid.com

Yvette A D'Aunoy on behalf of Interested Party Lauren Guidry Leyrer
ydaunoy@midrid.com

Yvette A D'Aunoy on behalf of Interested Party Paddy Crosby
ydaunoy@midrid.com

Timothy A. Davidson, II on behalf of Interested Party Arena Offshore LP
taddavidson@huntonak.com

Timothy A. Davidson, II on behalf of Interested Party White Fleet Abandonment, LLC
taddavidson@huntonak.com

Timothy A. Davidson, II on behalf of Interested Party White Fleet Drilling
taddavidson@huntonak.com

Jonathan R. DeTrinis on behalf of Creditor Extreme Welding Services, LLC
JON@DETLAWFIRM.COM,
detlawecfmail@gmail.com;detrinisjr67328@notify.bestcase.com

Albert J. Derbes, IV on behalf of Interested Party Aaron J. Guidry Trust
ajdiv@derbeslaw.com,
derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com

Albert J. Derbes, IV on behalf of Interested Party Lauren M. Guidry Trust
ajdiv@derbeslaw.com,
derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com

Albert J. Derbes, IV on behalf of Interested Party Aaron J. Guidry
ajdiv@derbeslaw.com,
derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com

Albert J. Derbes, IV on behalf of Interested Party Lauren Guidry Leyrer
ajdiv@derbeslaw.com,
derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com

Albert J. Derbes, IV on behalf of Interested Party Paddy Crosby
ajdiv@derbeslaw.com,
derbespacer@gmail.com;23698@notices.nextchapterbk.com;Derbes..AlbertJ.B150683@notify.bestcase.com

Eric J Derbes on behalf of Interested Party Aaron J. Guidry Trust
ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com

Eric J Derbes on behalf of Interested Party Lauren M. Guidry Trust
ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com

Eric J Derbes on behalf of Interested Party Aaron J. Guidry
ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com

Eric J Derbes on behalf of Interested Party Lauren Guidry Leyrer
ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com

Eric J Derbes on behalf of Interested Party Paddy Crosby
ederbes@derbeslaw.com, DerbesER72443@notify.bestcase.com

Scott G. Discon on behalf of Creditor Jimmie Lodrigue
tdiscon@disconlawfirm.com, smistric@disconlawfirm.com

Thomas Discon on behalf of Creditor Jimmie Lodrigue
tdiscon@disconlawfirm.com,
dlasalle@disconlawfirm.com;smistric@disconlawfirm.com;sdiscon@disconlawfirm.com;cmitchell@disconlawfirm.com

Bradley L. Drell on behalf of Creditor Associated Wholesale Grocers, Inc.
bdrell@goldweems.com,
gfarmer@goldweems.com;GoldWeemsBruserSuesRundellAPLC@jubileebk.net;khess@goldweems.com

John M. Duck on behalf of Creditor Regions Bank
john.duck@arlaw.com, laurie.anders@arlaw.com;Vicki.owens@arlaw.com

John M. Duck on behalf of Creditor Regions Commercial Equipment Finance, LLC
john.duck@arlaw.com, laurie.anders@arlaw.com;Vicki.owens@arlaw.com

Stanwood Robert Duval on behalf of Creditor Delta Coast Consultants LLC
stan@duvallawfirm.com

Eduardo Espinosa on behalf of Creditor Banc of America Leasing & Capital, LLC
eduardo.espinosa@akerman.com

Robert Gayda on behalf of Creditor Committee Official Committee of Unsecured Creditors of Crosby Tugs, LLC and Crosby Dredging, LLC
gayda@sewkis.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee
Amanda.B.George@usdoj.gov

George R. Gibson on behalf of Interested Party SOUTHWEST SHIPYARD, L.P.
ggibson@nathansommers.com

Adam J Goldberg on behalf of Interested Party Breakwater Buyer, LLC
adam.goldberg@lw.com

Paul J. Goodwine on behalf of Interested Party Helix Energy Solutions Group, Inc.
pgoodwine@loopergoodwine.com

Paul J. Goodwine on behalf of Interested Party Triton Diving Services, LLC
pgoodwine@loopergoodwine.com

Sierra Elizabeth Grass on behalf of Creditor Choice Financial Group
sgrass@newmanmathis.com

Aaron Benjamin Greenbaum on behalf of Creditor Kompass Kapital Funding, LLC
Aaron.Greenbaum@pjgglaw.com,
cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com

Aaron Benjamin Greenbaum on behalf of Defendant Kompass Kapital Funding, LLC
Aaron.Greenbaum@pjgglaw.com,
cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com

Aaron Benjamin Greenbaum on behalf of Interested Party Modern American Railroad Services, L.L.C.
Aaron.Greenbaum@pjgglaw.com,
cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com

Aaron Benjamin Greenbaum on behalf of Interested Party Shore Offshore Services, LLC
Aaron.Greenbaum@pjgglaw.com,
cynthia.dugas@pjgglaw.com;tricia.borne@pjgglaw.com;ashley.colar@pjgglaw.com;anna.carey@pjgglaw.com

Katherine Wells Gressett on behalf of Defendant Cedar Advance LLC
katherine@snw.law

Katherine Wells Gressett on behalf of Defendant ClearFund Solutions, LLC
katherine@snw.law

Katherine Wells Gressett on behalf of Defendant Forever Funding LLC
katherine@snw.law

Katherine Wells Gressett on behalf of Defendant Insight Capital LLC
katherine@snw.law

Katherine Wells Gressett on behalf of Defendant SQ Advance
katherine@snw.law

Katherine Wells Gressett on behalf of Defendant Wynwood Capital Group, LLC
katherine@snw.law

Tara L. Grundemeier on behalf of Creditor Harris County
houston_bankruptcy@lgbs.com

Hansel M. Harlan on behalf of Creditor Nolan Simoneaux
hansel@harlanlegal.com

Joseph P. Hebert on behalf of Creditor D&T Tug and Barge Shipping Salvage Agency, Ltd.
jphebert@liskow.com, cguidry@liskow.com;dburke@liskow.com

Joseph P. Hebert on behalf of Debtor Crosby Marine Transportation, LLC

jphebert@liskow.com, cguidry@liskow.com;dburke@liskow.com

Joseph P. Hebert on behalf of Interested Party Bertucci Contracting Company, L.L.C.
jphebert@liskow.com, cguidry@liskow.com;dburke@liskow.com

Joseph P. Hebert on behalf of Interested Party Crosby Dredging, LLC
jphebert@liskow.com, cguidry@liskow.com;dburke@liskow.com

Joseph P. Hebert on behalf of Interested Party Crosby Tugs, LLC
jphebert@liskow.com, cguidry@liskow.com;dburke@liskow.com

Lisa Merz Hedrick on behalf of Creditor Regions Bank
lisa.hedrick@arlaw.com, vicki.owens@arlaw.com

Lisa Merz Hedrick on behalf of Creditor Regions Commercial Equipment Finance, LLC
lisa.hedrick@arlaw.com, vicki.owens@arlaw.com

Katilyn Michelle Hollowell on behalf of Creditor Jarred Cheramie
katie.hollowell@keanmiller.com, stephanie.gray@keanmiller.com

James H. Hunter on behalf of Creditor Dix Agency Brownsville LP
jim.hunter@roystonlaw.com

Lindsey M Johnson on behalf of Interested Party Helix Energy Solutions Group, Inc.
ljohnson@loopergoodwine.com

Lindsey M Johnson on behalf of Interested Party Triton Diving Services, LLC
ljohnson@loopergoodwine.com

Philip Kirkpatrick Jones, Jr. on behalf of Creditor D&T Tug and Barge Shipping Salvage Agency, Ltd.
pkjones@liskow.com, efisher@liskow.com;erandazzo@liskow.com

Terry Josh Judd on behalf of Interested Party Chevron U.S.A. Inc.
jjudd@andrewsmyers.com

Benjamin Kadden on behalf of Debtor Bertucci Contracting Company, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby & Son Towing, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Dredging, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Enterprises, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Inland Marine, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Inshore Marine Service, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Marine Repairs, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Marine Transportation, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Offshore Marine Service, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Real Estate, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Crosby Tugs, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Kurt Crosby, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Susan Marie, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Tala Marine, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Tala Real Estate, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Tara Crosby, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Vinton Crosby, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Debtor Webb Crosby, L.L.C.

bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Bertucci Contracting Company, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Dredging, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Enterprises, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Inland Marine, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Inshore Marine Service, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Marine Repairs, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Offshore Marine Service, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Real Estate, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Crosby Tugs, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Kurt Crosby, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Tala Marine, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Tala Real Estate, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Interested Party Webb Crosby, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Plaintiff Bertucci Contracting Company, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Plaintiff Crosby Dredging, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Plaintiff Crosby Marine Transportation, LLC
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Benjamin Kadden on behalf of Plaintiff Crosby Tugs, L.L.C.
bkadden@lawla.com, mnguyen@lawla.com;szito@lawla.com

Shanna M. Kaminski on behalf of Defendant EN OD Capital
skaminski@kaminskilawpllc.com

Shanna M. Kaminski on behalf of Defendant Mynt Gold, LLC a/k/a Mynt Advance
skaminski@kaminskilawpllc.com

Shanna M. Kaminski on behalf of Defendant Pinnacle Business Funding LLC
skaminski@kaminskilawpllc.com

Shanna M. Kaminski on behalf of Defendant Rocket Capital NY, LLC
skaminski@kaminskilawpllc.com

Iain L. C. Kennedy on behalf of Interested Party SOUTHWEST SHIPYARD, L.P.
ikennedy@nathansommers.com

Brian A. Kilmer on behalf of Defendant Celtic Advance
bkilmer@qmklaw.com, bkilmer@ecf.courtdrive.com

Brian A. Kilmer on behalf of Defendant Libertas Funding, LLC
bkilmer@qmklaw.com, bkilmer@ecf.courtdrive.com

Brian A. Kilmer on behalf of Defendant Moby Capital, LLC d/b/a Moby Cap
bkilmer@qmklaw.com, bkilmer@ecf.courtdrive.com

Brian A. Kilmer on behalf of Defendant Parkview Advance
bkilmer@qmklaw.com, bkilmer@ecf.courtdrive.com

Brian A. Kilmer on behalf of Defendant Web Bank c/o Libertas Funding, LLC
bkilmer@qmklaw.com, bkilmer@ecf.courtdrive.com

Henry A. King on behalf of Creditor Arba Credit Investors III, L.P.
hking@kingjurgens.com

Donald R Kirk on behalf of Creditor City National Bank of Florida
dkirk@carltonfields.com

Omer F. Kuebel, III on behalf of Creditor Kirby Inland Marine LP
rick.kuebel@troutman.com

Omer F. Kuebel, III on behalf of Creditor Masse Contracting Inc.
rick.kuebel@troutman.com

Omer F. Kuebel, III on behalf of Creditor Retif Oil & Fuel LLC
rick.kuebel@troutman.com

Michael E. Landis on behalf of Debtor Crosby Inshore Marine Service, L.L.C.
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Debtor Crosby Marine Transportation, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Debtor Crosby Tugs, L.L.C.
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Bertucci Contracting Company, L.L.C.
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Dredging, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Enterprises, L.L.C.
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Inland Marine, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Inshore Marine Service, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Marine Repairs, L.L.C.
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Offshore Marine Service, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Real Estate, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Crosby Tugs, LLC

mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Kurt Crosby, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Tala Marine, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Tala Real Estate, LLC
mlandis@lawla.com, szito@lawla.com

Michael E. Landis on behalf of Interested Party Webb Crosby, LLC
mlandis@lawla.com, szito@lawla.com

Mark C. Landry on behalf of Creditor BankPlus
mlandry@newmanmathis.com

Mark C. Landry on behalf of Defendant BankPlus
mlandry@newmanmathis.com

Robert J Landry on behalf of Creditor Elite Diesel Performance, LLC
robert@landrymagee.com

Robert J Landry on behalf of Creditor Houma Oilfield Pump and Supply Co., LLC
robert@landrymagee.com

Robert J Landry on behalf of Creditor South Coast Diesel, L.L.C.
robert@landrymagee.com

Fernand L. Laudumiey, IV on behalf of Creditor J.J. Astor & Co.
laudumiey@chaffe.com, bankruptcy@chaffe.com;messina@chaffe.com

Theresa Marie Leith on behalf of Interested Party Aaron J. Guidry Trust
tleith@derbeslaw.com

Theresa Marie Leith on behalf of Interested Party Lauren M. Guidry Trust
tleith@derbeslaw.com

Theresa Marie Leith on behalf of Interested Party Aaron J. Guidry
tleith@derbeslaw.com

Theresa Marie Leith on behalf of Interested Party Lauren Guidry Leyrer
tleith@derbeslaw.com

Theresa Marie Leith on behalf of Interested Party Paddy Crosby
tleith@derbeslaw.com

Joshua A. Lesser on behalf of Interested Party Heerema Marine Contractors Nederland, S.E
jlesser@bradley.com

Simon Levitsky on behalf of Creditor AmeriCredit Financial Services, Inc. dba GM Financial
simon.levitsky@wbd-us.com

Francis V Liantonio on behalf of Creditor Ecoserv Environmental Services, LLC
frank.liantonio@arlaw.com, kim.gex@arlaw.com

Francis V Liantonio on behalf of Creditor Ecoserv, LLC
frank.liantonio@arlaw.com, kim.gex@arlaw.com

Armistead M. Long on behalf of Creditor Jonathan Sarradet
along@gamb.com, sroberts@gamb.law

Wayne A. Maiorana, Jr. on behalf of Creditor BankPlus
tmaiorana@newmanmathis.com

Tabitha Mangano on behalf of Creditor Ameris Bank d/b/a Balboa Capital Corporation
tmangano@hinshawlaw.com, NOLDocket@hinshawlaw.com

Tristan E. Manthey on behalf of Attorney Fishman Haygood, LLP
tmanthey@fishmanhaygood.com,
kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com

Tristan E. Manthey on behalf of Creditor Committee Official Committee of Unsecured Creditors of Crosby Tugs, LLC and Crosby Dredging, LLC
tmanthey@fishmanhaygood.com,
kfritscher@fishmanhaygood.com;dbush@fishmanhaygood.com

Elizabeth Belle McIntosh on behalf of Creditor Post Road Equipment Finance SPV, LLC
ebmcintosh@liskow.com

Richard McNelley on behalf of Creditor Atlantic Union Equipment Finance, Inc
richard@gp-law.com

Andrew D. Mendez on behalf of Creditor Dependance Platinum FL, LLC
amendez@stonepigman.com

Andrew D. Mendez on behalf of Creditor Meged Funding Group Corp
amendez@stonepigman.com

Andrew D. Mendez on behalf of Creditor Reliance Financial FL, LLC
amendez@stonepigman.com

Andrew D. Mendez on behalf of Defendant Dependence Platinum
amendez@stonepigman.com

Andrew D. Mendez on behalf of Defendant Meged Funding Group Corp
amendez@stonepigman.com

Andrew D. Mendez on behalf of Defendant Reliance Financial FL, LLC
amendez@stonepigman.com

David J. Messina on behalf of Creditor J.J. Astor & Co.
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Mark Mintz on behalf of Creditor JMB Capital Partners Lending, LLC
mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com

Abigail Wood Mock on behalf of Creditor Michael Warner
amock@stewartrobbins.com

Harry Morse on behalf of Creditor Leonard Anthony Goosby, Jr.
harry@bohmanmorse.com

Harry Morse on behalf of Interested Party MARMAC LLC
harry@bohmanmorse.com

Trevor C. Mosby on behalf of Creditor ELGA One, LLC-Series III
tmosby@bakerdonelson.com, stannehill@bakerdonelson.com

Trevor C. Mosby on behalf of Creditor MC Bank & Trust Company
tmosby@bakerdonelson.com, stannehill@bakerdonelson.com

Cherie D. Nobles on behalf of Creditor Committee Official Committee of Unsecured Creditors of Crosby Tugs, LLC and Crosby Dredging, LLC
cnobles@fishmanhaygood.com,
dbush@fishmanhaygood.com;kfritscher@fishmanhaygood.com

George R. Parrott, II on behalf of Creditor Ecoserv Environmental Services, LLC
robert.parrott@arlaw.com, Vicki.owens@arlaw.com

George R. Parrott, II on behalf of Creditor Ecoserv, LLC
robert.parrott@arlaw.com, Vicki.owens@arlaw.com

George R. Parrott, II on behalf of Creditor Harvey Gulf International Marine, LLC
robert.parrott@arlaw.com, Vicki.owens@arlaw.com

George R. Parrott, II on behalf of Creditor Harvey Seas, LLC
robert.parrott@arlaw.com, Vicki.owens@arlaw.com

George R. Parrott, II on behalf of Interested Party Shore Offshore Services, LLC
robert.parrott@arlaw.com, Vicki.owens@arlaw.com

Maro Petkovich, Jr on behalf of Creditor Ally Bank
ecf.louisiana@gccreditorlaw.com

Matthew Bond Pettaway on behalf of Creditor Marshland Equipment Rentals
matt.pettaway@taylorporter.com

Jennifer Eddington Priebe on behalf of Creditor Skylar Taylor
jennifer@lunsfordbaskin.com

Patrick B. Reagin on behalf of Creditor Meged Funding Group Corp
patrick.reagin@hklaw.com

Samuel Riccardi on behalf of Debtor Crosby Marine Transportation, LLC
sriccardi@lawla.com

Samuel Riccardi on behalf of Plaintiff Crosby Marine Transportation, LLC
sriccardi@lawla.com

Kathryn Richard on behalf of Creditor Southern Crane & Hydraulics, LLC
kathryn@duvallawfirm.com

Ryan James Richmond on behalf of Defendant Cedar Advance LLC
ryan@snw.law

Ryan James Richmond on behalf of Defendant ClearFund Solutions, LLC
ryan@snw.law

Ryan James Richmond on behalf of Defendant Forever Funding LLC
ryan@snw.law

Ryan James Richmond on behalf of Defendant Insight Capital LLC
ryan@snw.law

Ryan James Richmond on behalf of Defendant SQ Advance

ryan@snw.law

Ryan James Richmond on behalf of Defendant Wynwood Capital Group, LLC
ryan@snw.law

Brett Alan Rivkind on behalf of Creditor Pedro Colon Solorvano
Seainjury@rivkindlaw.com

Joseph P. Rovira on behalf of Interested Party Arena Offshore LP
josephrovira@hunton.com

Joseph P. Rovira on behalf of Interested Party White Fleet Abandonment, LLC
josephrovira@hunton.com

Joseph P. Rovira on behalf of Interested Party White Fleet Drilling
josephrovira@hunton.com

Michael D. Rubenstein on behalf of Debtor Crosby Marine Transportation, LLC
mdrubenstein@liskow.com, lschnabel@Liskow.com

David Rubin on behalf of Interested Party Luhr Crosby, LLC
David.Rubin@butlersnow.com

David Rubin on behalf of Interested Party Luhr Bros., Inc. Luhr Bros., Inc.
David.Rubin@butlersnow.com

Neal Settergren on behalf of Creditor Atlantic Union Equipment Finance, Inc
neal@gp-law.com

Patrick M. Shelby on behalf of Creditor Citizens Asset Finance, a division of Citizens Bank, N.A.
rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com

Patrick M. Shelby on behalf of Creditor The Gray Insurance Company
rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com

Patrick M. Shelby on behalf of Defendant Citizens Asset Finance, a division of Citizens Bank, N.A.
rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com

Regina Stango Kelbon on behalf of Creditor PNC Bank, National Assocation
regina.kelbon@blankrome.com

William E. Steffes on behalf of Defendant Luhr Crosby LLC

bsteffes@steffeslaw.com, akujawa@steffeslaw.com;cbiggs@steffeslaw.com

William E. Steffes on behalf of Interested Party Luhr Crosby, LLC
bsteffes@steffeslaw.com, akujawa@steffeslaw.com;cbiggs@steffeslaw.com

Dean Sutherland on behalf of Creditor Atlantic Union Equipment Finance, Inc
deans@jeanrem.com

Riley Svikhart on behalf of Creditor Mynt Gold LLC
rsvikhart@bakerdonelson.com, jbowers@bakerdonelson.com

Riley Svikhart on behalf of Defendant Mynt Gold, LLC a/k/a Mynt Advance
rsvikhart@bakerdonelson.com, jbowers@bakerdonelson.com

Jeffrey Michael Toepfer on behalf of Creditor State Bank & Trust Company
jtoepfer@newmanmathis.com

Coleman Torrans on behalf of Debtor Crosby Marine Transportation, LLC
ctorrans@lawla.com, ijohnson@lawla.com

Coleman Torrans on behalf of Plaintiff Crosby Marine Transportation, LLC
ctorrans@lawla.com, ijohnson@lawla.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

Lindsey M. Valenti on behalf of Creditor Samaritan Fund Program
lvalenti@duplass.com

Jackson Christopher Vicknair on behalf of Creditor Certain Underwriters subscribing to Harvey Seas' Hull & Machinery Policy #GCP 19537
jackson@seklaw.com

Jackson Christopher Vicknair on behalf of Creditor Florida Marine Transporters, LLC
jackson@seklaw.com

Robert P. Vining on behalf of Interested Party T&T Salvage LLC
rvining@sbsblaw.com, bkyle@sbsblaw.com

Robert P. Vining on behalf of Interested Party Xenos Marine
rvining@sbsblaw.com, bkyle@sbsblaw.com

Gregory F. Vizza on behalf of Creditor PNC Bank, National Assocation
vizza@blankrome.com

Raymond Timothy Waid on behalf of Creditor Post Road Equipment Finance SPV, LLC
rwaid@liskow.com

Danielle Wise on behalf of Creditor Regions Commercial Equipment Finance, LLC
daniellewise@mvalaw.com

Bryant Stanier York on behalf of Creditor Dependance Platinum FL, LLC
byork@stonepigman.com, lkapit@stonepigman.com

Bryant Stanier York on behalf of Creditor Meged Funding Group Corp
byork@stonepigman.com, lkapit@stonepigman.com

Bryant Stanier York on behalf of Creditor Reliance Financial FL, LLC
byork@stonepigman.com, lkapit@stonepigman.com

Bryant Stanier York on behalf of Defendant Dependence Platinum
byork@stonepigman.com, lkapit@stonepigman.com

Bryant Stanier York on behalf of Defendant Meged Funding Group Corp
byork@stonepigman.com, lkapit@stonepigman.com

Bryant Stanier York on behalf of Defendant Reliance Financial FL, LLC
byork@stonepigman.com, lkapit@stonepigman.com

J Christopher C Zainey, Jr on behalf of Creditor Leonard Anthony Goosby, Jr.
czainey@lambertzainey.com